# EXHIBIT E

Lenore L. Albert
Email: lenalbert@InteractiveCounsel.com
1968 S Coast Hwy #3960
Laguna Beach, CA 92651
Telephone: 424-365-0741
Plaintiff, pro se

James Ocon
Email: Jim.Ocon@Oconcompany.com
10131 Louise Ave.
Northridge, CA 91325
Telephone: 719-505-2187
Plaintiff, pro se

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE ALBERT, JAMES OCON; RYAN MCMAHON; LARRY TRAN; THERESA MARASCO; CHAD PRATT; AND LESLIE WESTMORELAND;<br><br>     Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.; STATE BAR OF CALIFORNIA; RICK RANKIN; STEVE MAZER; LEAH WILSON, RUBEN DURAN; SHERELL MCFARLANE; KATHERINE KINSEY; BENSON HOM; CINDY CHAN; SUZANNE GRANDT; and DOES 1 through 50, inclusive,<br>     Defendants. | CASE NO. 8:24-cv-01997-WLH (DFMx)<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND ANTICOMPETITIVE CONDUCT**<br><br> **ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**[DEMAND FOR JURY TRIAL]**<br>[Related case: John Roe v State Bar of California 22-cv-00983-DFM] |

Ryan McMahon
Email: Codethree53@gmail.com

1

7533 English Hills Road
Vacaville, CA 95687
Telephone: 707-333-3127
Plaintiff, pro se

Larry Tran
Email: larrylytran@gmail.com
29559 Fitch Ave.
Canyon Country, CA 91351
Telephone: 626-217-7836
Plaintiff, pro se

Theresa Marasco
Email: theresa.marasco@gmail.com
PO Box 1035
Santa Monica, CA 90406
Telephone: 720-226-4051
Plaintiff, pro se

Leslie Westmoreland
Westmorelandlw7@gmail.com
1715 East Alluvial Ave. #214
Fresno, CA 93720
Telephone: 559-727-1604
Plaintiff, pro se

Plaintiffs Lenore Albert, James Ocon, Ryan McMahon, Larry Tran, Theresa Marasco, and Leslie Westmoreland (collectively the "Plaintiffs") amend their complaint as of right and bring this action against Defendants Tyler Technologies, Inc., State Bar of California, Rick Rankin, Steve Mazer, Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt, George Cardona, the Honorable Patricia Rodriguez, and Does 3 through 50, and each of them, so captioned, (collectively the "Defendants") and alleges the following on information and belief, except as to those allegations which pertain to the Plaintiffs and are within their personal knowledge:

2

## JURISDICTION

1.    The federal court has jurisdiction under federal question 28 U.S.C. §§ 1331 and 1337. The federal court has ancillary or supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367.

## PARTIES

2.    Plaintiff Lenore Albert is a former member of the California State Bar and a resident of Orange County, California, 1968 S Coast Hwy #3960, Laguna Beach, CA 92651, and is a member of a protected class based on her age and gender.

3.    Plaintiff James Ocon is the president of Ocon Solutions and a resident of Los Angeles County, California, 10131 Louise Ave, Northridge, CA 91325, and is a member of a protect class based on his age.

4.    Plaintiff Ryan McMahon is a former client of Lenore Albert in the case *McMahon v Whitney,* which was filed in the U.S. District Court for the Eastern District of California. He is currently a resident of Solano County, California, 7533 English Hills Rd, Vacaville, CA 95688, and a member of a protected class based on his age and Hispanic ethnicity.

5.    Plaintiff Larry Tran employed Plaintiff Lenore Albert to represent him in the case of *Tran v Tesla* filed in the Los Angeles Superior Court and currently resides in Los Angeles County, California, 29559 Fitch Ave., Canyon Country, CA 91351, and a member of a protected class based on his ethnicity and disability.

6.    Plaintiff Theresa Marasco employed Plaintiff Lenore Albert to represent her in the case of *Marasco v 1753 9th Street, LLC,* filed in the Los Angeles Superior Court and is currently a Los Angeles County, California resident, P.O. Box 1035, Santa Monica, CA 90406, and is a member of a protected class based on her gender and age.

7.    Chad Pratt voluntarily dismissed himself from this action as a Plaintiff on or about November 4, 2024 in the hopes the State Bar will reinstate his license.

8.    Plaintiff Leslie Westmoreland is a California State Bar member and employed Plaintiff Lenore Albert to assist him under Former Rule 1-311 and resides in Fresno

3

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

County, California, 1715 East Alluvial Ave. #214, Fresno, CA 93720, and is a member of a protected class based on his age and ethnicity.

9.   Defendant Tyler Technologies, Inc. ("Tyler Technologies") is a publicly traded corporation wherein the Vanguard Group owns 10% or more of stock in the corporation. Tyler Technologies does business in California and has its headquarters in Texas.

10. Defendant State Bar of California is a public corporation created by the Legislature passing the State Bar Act in 1927. It has two main offices in (1) San Francisco, California, and (2) Los Angeles, California. Defendant consented to this court's jurisdiction to adjudicate claims relating to the data breach in 2022 in the *John Roe v State Bar of California* case that was temporarily removed (22-cv-00983-DFM).

11. Defendant Rick Rankin, principal of RPR Impact, LLC., is an independent contractor hired to perform the service as interim Director of the Information Technology Department of the State Bar of California and regularly conducts business in California.

12. Defendant Steve Mazer is a California resident employed by the State Bar of California as the Chief Administrative Officer, at all times mentioned in this complaint.

13. Defendant Leah Wilson is a California resident employed by the State Bar of California as the Executive Director, at all times mentioned in this complaint.

14. Defendant Ruben Duran is a California resident and was a member of the Board of Trustees at the State Bar of California, at all times mentioned in this complaint.

15. Defendant Sherell McFarlane is a California resident employed by the State Bar of California in the Office of Chief Trial Counsel at all times mentioned in this complaint.

16. Defendant Katherine Kinsey is a California resident employed by the State Bar of California in the Office of Chief Trial Counsel at all times mentioned in this complaint.

17. Defendant Benson Hom is a California resident employed by the State Bar of California in the Office of Chief Trial Counselor as an Investigator at all times mentioned in this complaint.

18. Defendant Cindy Chan is a California resident employed by the State Bar of California in the Office of Chief Trial Counsel at all times mentioned in this complaint.

4

19. Defendant Suzanne Grandt is a California resident employed by the State Bar of California in the Office of General Counsel at all times mentioned in this complaint.

20. The Defendant sued as Doe 1 is George Cardona who is a California resident employed by the State Bar of California as Chief Trial Counsel which was previously held by Vanessa Holton.

21. Defendant sued as Doe 2 is the Honorable Patricia Rodriguez who is the Chief Justice of the California supreme court and is only sued in her capacity to aid in the court's jurisdiction to afford full injunctive relief.

22. Plaintiff does not know the true names and capacities of Defendants Doe 3 through Doe 50, inclusive, and, as such, names said Defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the Doe Defendant(s) when such information is ascertained.

23. Plaintiffs are informed and believe, and alleges thereon, that each Defendant assisted, adopted, ratified, approved, conspired, or acted in concert therewith with the other Defendant(s).

24. Plaintiffs are informed and believe, and allege thereon, that each Defendant is responsible in some manner for the occurrences alleged in this complaint, and that the Defendants proximately caused Plaintiffs damages at all times mentioned in this complaint.

## FACTS
### GENERAL BACKGROUND FACTS

25. Attorneys with licenses fear the State Bar because attorneys know the State Bar will not hesitate to use its administrative overreach and retaliate against any attorney who complains.

26. Lenore Albert became a member of the California State Bar on December 5, 2000.

27. On December 3, 2014, Plaintiff Lenore Albert had no history of discipline.

28. She filed a civil rights action against the State Bar on December 3, 2014.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

29. The State Bar actively allowed other attorneys and their associates to publicly humiliate, shame, threaten, and harass Plaintiff Lenore Albert with derogatory comments (some of a sexual nature) right in front of them without promptly stopping the unacceptable behavior.

30. In further retaliation on or about December 15, 2015 the State Bar filed disciplinary charges to collect payment of three VOID civil discovery sanction orders.

31. Plaintiff Lenore Albert was put under constant investigation by the State Bar Defendants from that time forward to the present.

32. On February 14, 2018 the State Bar suspended Plaintiff Lenore Albert's license for 30 days.

33. Plaintiff filed an adversary proceeding against the State Bar and the State Bar held onto Plaintiff's license for three years.

34. Plaintiff James Ocon employed Plaintiff Lenore Albert to assist him with a startup venture coined the Oconsortium but had his business disrupted by the nonstop distractions coming from the State Bar Defendants Benson Hom, Cindy Chan and Suzanne Grandt.

35. On May 5, 2021, Plaintiff Lenore Albert's license was reinstated with the strong hand of Judge Scott C. Clarkson.

36. In retaliation, the State Bar started hammering Plaintiff Lenore Albert with more State Bar investigations against Plaintiff by May 11, 2021.

37. On February 24, 2022 the State Bar announced there was a data breach of all confidential State Bar investigations which ended up on the internet.

38. On March 18, 2022, Plaintiff Lenore Albert was employed to file a putative class action against Defendants State Bar of California, Tyler Technologies, Inc. and Rick Rankin for data breach.

39. She filed the case in state court, captioned *John Roe v State Bar of California* on March 18, 2022, Orange County Superior Court, case no. 30-2022-01250695-CV-AT-CXC.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

40. In retaliation, Defendants Suzanne Grandt, Cindy Chan and Benson Hom launched an investigation into Plaintiff Lenore Albert, under the pretext that she committed unauthorized practice of law (UPL) in federal court.

41. They initiated new disciplinary charges against her on April 29, 2022, and quickly processed her case through the disciplinary system, culminating in a hearing held on December 14, 2022.

42. On February 7, 2023 the State Bar paid Plaintiff Lenore Albert $21,627.48 in damages for contempt of court.

43. In retaliation for winning the trial, Defendant Benson Hom sent Plaintiff Lenore Albert a new State Bar investigation letter that same day.

44. On July 21, 2023, Defendants State Bar of California and Tyler Technologies, Inc. told the court that Plaintiff Lenore Albert was facing an eighteen-month suspension and, as such, the class action would be without counsel. "**Should Ms. Albert's license be suspended, she will not be able to continue representing Plaintiffs in this case**."

45. On March 11, 2024, the State Bar Review Department recommended disbarment and ordered Plaintiff Lenore Albert's license suspended in the interim instead of the State Bar turning over its discovery responses in the data breach case as promised.

46. The evidence Ms. Albert sought from the data breach case would have clearly demonstrated that State Bar employees were using the agency to conduct unlawful confidential investigations, including unreasonable warrantless searches involving influential individuals.

47. With only three days' notice of the suspension, the State Bar abruptly and deliberately disrupted the data breach case involving Plaintiff Leslie Westmoreland, and it also severely impacted the cases of Plaintiffs Theresa Marasco, Ryan McMahon, and Larry Tran.

48. The conduct alleged that impacted Plaintiffs, Theresa Marasco, Ryan McMahon, Larry Tran, Leslie Westmoreland, and James Ocon are factual instances of the Defendant's retaliatory conduct towards Plaintiff Lenore Albert as Defendants Suzanne

7

Grandt, Cindy Chan, Benson Hom, and possibly others, targeted all Plaintiffs' business relationships.

49. Plaintiff Theresa Marasco's case was so close to trial that Plaintiff Lenore Albert had an expectation she would soon have at least $125,000.00 in revenue from the case.

50. Neither Plaintiff Lenore Albert nor James Ocon could absorb or quickly pivot from the abrupt reversal in expected income.

51. Plaintiff James Ocon was compelled to file for bankruptcy on or about July 3, 2024, after losing his retirement funds.

52. Plaintiffs allege that Defendant took multiple actions directed solely at them or directed at others who did business with Plaintiffs, solely for the purpose of harming them. Thus, Defendant targeted specific individuals, not the general population.

53. The Plaintiffs in the *John Roe v State Bar of California, et al* data breach case have been unable to find counsel, stalling that case and Plaintiff Leslie Westmoreland lost his license to practice law as well as one fee-based client and one pro bono client.

54. On June 17, 2024, the California Supreme Court refused to review Ms. Albert's petition for review and the disbarment became final on or about July 17, 2024.

55. The recommendation contained factual findings that were never charged and even violations based a statute that did not exist, demonstrating the Defendant Chief Justice Patricia Rodriguez didn't monitor or actively supervise the conduct of the State Bar employees to ensure the employees were complying with the law and constitutional mandates under the Fourteenth Amendment of the United States.

56. Consequently, Plaintiff Lenore Albert is informed and believes and alleges thereon that the State Bar decisively ruled to revoke Plaintiff Lenore Albert's license to practice law on March 11, 2024, to prevent the compelled disclosure of this evidence on March 12, 2024.

57. Had it not been for the retaliatory actions against Plaintiff Lenore Albert, Plaintiff Leslie Westmoreland would not have been disbarred, and Plaintiff James Ocon's business would have remained uninterrupted.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

58. With no remaining options, Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon, and Larry Tran are seeking legal recourse for the significant damages inflicted by the Defendants in this case.

59. Plaintiffs Lenore Albert and Leslie Westmoreland also seek to enjoin collection on the State Bar costs and arbitrary sanctions in the amount of $32,500.00 and $5,362.00, respectively.

60. Plaintiffs Lenore Albert and Leslie Westmoreland also seek either declaratory relief or an injunction enjoining the disbarment of their license to practice law.

61. This is not the first time the State Bar Defendants interfered with Plaintiff Lenore Albert's cases.

62. The State Bar Defendants—Sherell McFarlane, Suzanne Grandt, Benson Hom, and Cindy Chan—deliberately interfered with the cases of Norman Koshak, Irma Escobar, Brooke Noble, Amelia Pasillas, and Paula Gilbert-Bonnaire between 2015 and 2021.

63. This interference was both intentional and detrimental to the pursuit of justice.

64. Plaintiff Lenore Albert is deeply appalled by the corruption and lack of integrity within the State Bar and the individuals who oversee it.

65. She wishes to have no involvement with it and feels sickened by the realization that she spent ten years of her life battling this corruption in an effort to retain her license to practice law there.

66. Plaintiff Lenore Albert wants her day in court and damages because the State Bar of California and Tyler Technologies, Inc. have unlimited funds and resources to destroy Plaintiff, Lenore Albert, and anyone else.

67. Damages are estimated to be over $1 million to Plaintiff Lenore Albert for shutting down her business of 17 years and keeping her in a 10-year boxing match to remain in the State Court Bar market; over $1 million to Plaintiff Leslie Westmoreland for shutting down his business after his career at the California DOJ; approximately $250,000.00 to Plaintiff James Ocon for his business disruption; approximately $1 million to Plaintiff

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Ryan McMahon for his case derailment; $750,000.00 to Plaintiff Theresa Marasco for her case derailment; and at least $125,000.00 to Larry Tran for his case derailment.

## LENORE ALBERT

68. In or about 2015, Defendant Suzanne Grandt was hired by the State Bar of California as an assistant attorney in the Office of General Counsel under the supervision of former OGC Vanessa Holton.

69. In the spring of 2018, Plaintiff Lenore Albert filed an adversary complaint against the State Bar after the State Bar refused to reinstate her license to practice law.

70. On May 5, 2021, the State Bar was forced to reinstate Plaintiff Albert's license after a hearing in front of bankruptcy judge Clarkson who warned Defendant Suzanne Grandt and former co-counsel Marc Shapp that he would issue an order to show cause and hold the State Bar employee in contempt with a sanction of $10,000.00 per day for every day they continued to withhold Plaintiff, Lenore Albert's license to practice law.

71. Ms. Albert's license to practice law was reinstated approximately 3 hours after the hearing concluded.

72. After Plaintiff's license was reinstated, Defendant Suzanne Grandt used her position to investigate into the *Noble v Wells Fargo* matter that was previously on appeal in the Ninth Circuit by contacting the counsel representing Wells Fargo Bank, N.A., attorney Kamran Javendal of Allen Matkins about Plaintiff Lenore Albert's conduct and communications.

73. Under section 6044 of the Bus & Prof Code:

The chief trial counsel, with or without the filing or presentation of any complaint, may initiate and conduct investigations of all matters affecting or relating to: (a)The discipline of the licensees of the State Bar.**(b)** The acts or practices of a person whom the chief trial counsel has reason to believe has violated or is about to violate any provision of Articles 7 (commencing with Section 6125) and 9 (commencing with Section 6150) of this

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

chapter.**(c)** Any other matter within the jurisdiction of the State Bar. Bus. & Prof. Code, § 6044

74. Thus, under the terms of the Bus & Prof Code § 6044, Defendant Suzanne Grandt, sitting in the Office of General Counsel, cannot initiate and conduct investigations of licensees; such matters are limited to the chief trial counsel who has the authority to initiate and conduct investigations of licensees.

75. On March 18, 2022, Plaintiff Albert filed a putative class action against Defendants State Bar of California, Tyler Technologies, Inc. and Rick Rankin for the data breach.

76. After Plaintiff Lenore Albert filed the data breach case, Defendant Suzanne Grandt began a campaign of retaliation against Plaintiffs.

77. Plaintiff is informed and believes and alleges thereon that Defendants Suzanne Grandt, Cindy, and Benson Hom immediately drew up a list of Plaintiffs' cases to selectively target them.

78. On April 17, 2022, Plaintiff Lenore Albert served discovery but before the Defendants responded, Defendant Tyler Technologies, Inc. removed the case to federal court with the consent of the Defendant State Bar of California.

79. Defendant Suzanne Grandt conspired with Defendant Cindy Chan and Defendant Benson Hom to shut down the data breach class action against the State Bar by causing new disciplinary charges against Plaintiff Lenore Albert to be filed to revoke her license to practice law.

80. On April 29, 2022, Defendant Cindy Chan filed charges against Albert without signed authorization on the investigation report and did not identify Eastern District Local Rule 184 as being in violation.

81. The State Bar Court dismissed the charges; Cindy Chan refiled but the amended charges were also dismissed.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

82. Undeterred, on August 12, 2022, Defendant Cindy Chan filed a Second Amended Notice of Disciplinary Charges against Plaintiff Albert identifying Eastern District Local Rule 184 as being in violation.

83. On March 11, 2024, the State Bar Review Department recommended disbarment and ordered Plaintiff's license suspended in the interim effective three days later.

84. On July 17, 2024, Plaintiff Lenore Albert was disbarred.

85. At the time of suspension, Plaintiff Lenore Albert had been employed by Chad Pratt and others in the data breach case, in addition to Plaintiff Theresa Marasco, Plaintiff Larry Tran, and Plaintiff Ryan McMahon on a contingency fee base.

86. As a result, Plaintiff Lenore Albert suffered a loss of contingent fees and other monetary damages due to the abrupt suspension and disbarment in an amount to be proven at trial but not less than $75,000.00.

### LESLIE WESTMORELAND

87. Plaintiff, Leslie Westmoreland, was a private practitioner after he retired from the California Department of Justice where both he and Plaintiff Lenore Albert were first introduced.

88. On July 19, 2019, Plaintiff Leslie Westmoreland employed Plaintiff Lenore Albert under Former State Bar Rule 3-11 to assist him on several cases, two of which were filed in the U.S. District Court for the Eastern District of California while both Plaintiff Lenore Albert and Plaintiff Leslie Westmoreland's membership in that federal court showed as active and in good standing.

89. In retaliation for employing Plaintiff Lenore Albert, on September 9, 2022, Defendant Benson Hom investigated, and Defendant Cindy Chan filed disciplinary charges against Plaintiff Leslie Westmoreland based on the charges Defendant Cindy Chan filed against Plaintiff, Lenore Albert.

90. Prior to the Review Department recommending disbarment of Plaintiff Lenore Albert, Defendant Cindy Chan requested, and the State Bar granted disbarment of Plaintiff Leslie Westmoreland which became effective on September 23, 2023 by order

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

of the California Supreme Court while Plaintiff Lenore Albert's license remained in good standing and active.

91. Plaintiff Leslie Westmoreland had no prior record of discipline.

92. The suspension and disbarment violated his Fourteenth Amendment rights.

93. The violation included but is not limited to the circumstance that culpability based on assisting or aiding/abetting was dependent on first finding Plaintiff Lenore Albert culpable of unauthorized practice of law, something that the California Supreme Court did not do until Plaintiff Lenore Albert was disbarred on July 17, 2024.

94. The California Supreme Court refused to vacate the order of disbarment.

95. Additionally, Plaintiff Leslie Westmoreland was ordered to pay $5,362.00 for State Bar costs on a default hearing.

96. As a result, Plaintiff Leslie Westmoreland suffered a loss of obtaining representation as an attorney putative class member in the data breach case against the State Bar of California, Tyler Technologies, Inc. and Rick Rankin; he faces the risk of losing additional value in his case without counsel and other monetary damages.

97. As further harm, Plaintiff Leslie Westmoreland lost his license to practice law, and was charged $5,362.00 in State Bar costs, reputational damage, and other monetary damages totaling no less than $75,000.00.

98. Neither Defendant George Cardona nor Defendant Sherell McFarlane were ordered to pay State Bar costs or were they disciplined or disbarred for aiding and abetting in the unauthorized practice of law of Alexander Binder, evidencing disparate treatment.

99. Plaintiff, Leslie Westmoreland is a member of a protected class based on his ethnicity and age over 65.

### JAMES OCON

100.    James Ocon, a veteran of the U.S. Navy, owned Ocon Solutions and created the Oconsortium during the Covid pandemic in 2020.

13

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

101.     It was decided to develop a nationwide tour demonstrating state of art next generation broadcast technology to various broadcast stations throughout the United States.

102.     Plaintiff Lenore Albert's license to practice law was suspended at the beginning of this venture and she agreed to do the operations and marketing of the tour from 2020 through 2022.

103.     However, during preparation, launch and execution of the tour, the State Bar Defendants Benson Hom, Cindy Chan, and Suzanne Grandt continually interrupted the Oconsortium Technology tour by drowning Plaintiff Lenore Albert in paper and baseless investigations that were later dismissed.

104.     In January 2022, he notified Defendant Suzanne Grandt, that the State Bar was interfering with his tour because Plaintiff, Lenore Albert was being constantly interrupted and distracted by State Bar employees.

105.     However, the distractions did not stop.

106.     As a result, Plaintiff James Ocon lost his retirement. He invested in the tour plus money from sponsors in an amount to be proven at trial but no less than $100,000.00 and eventually was driven to file bankruptcy.

107.     On November 20, 2022, Plaintiff **James Ocon** submitted a declaration to Defendant Cindy Chan notifying her that Plaintiff Lenore Albert had been working on his tour.

108.     Plaintiff, James Ocon, also testified from the Oconsortium Technology Tour van, in defense of Lenore Albert at the State Bar hearing on December 16, 2022, giving notice to Defendant Cindy Chan that the State Bar was disrupting his business.

109.     The Oconsortium Technology tour was unable to maintain day to day operations and it was shut down in December 2022.

110.     The Defendants' tortious interference, by continually distracting Plaintiff Lenore Albert, was a substantial factor in causing harm to Plaintiff James Ocon.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

111.     Plaintiff James Ocon lost sponsorship investment exceeding $100,000.00 from other companies such as Panasonic, Canon, and Sinclair Broadcasting Group.

112.     Plaintiff James Ocon also suffered reputational harm in his business, shame, ridicule, and emotional distress.

## THE DATA BREACH CASE

113.     On March 18, 2022, Plaintiff Lenore Albert was employed by Roe Plaintiffs to file a putative class action against the Defendant State Bar of California, Defendant Tyler Technologies, Inc. and Defendant Rick Rankin for a data breach of 322,525 confidential State Bar investigations that were posted on the internet identifying the lawyers by name on a public database that anyone with internet access could view.

114.     Chad Pratt was the only named Plaintiff in the data breach putative class action *John Roe v State Bar of California*, case No. 30-2022-01250695 filed on March 18, 2022 and the Defendant State Bar of California knew his identity.

115.     The State Bar of California suspended Chad Pratt on August 2, 2022.

116.     On December 16, 2022, Chad Pratt testified in defense of Plaintiff Lenore Albert at the disciplinary hearing putting Defendant Cindy Chan on notice.

117.     Two months prior to the end of his suspension period, on or about June 22, 2023, the State Bar filed new disciplinary charges against Chad Pratt, continuing, his prior suspension which he is fighting now in State Bar Court.

118.     On May 16, 2024, the California Supreme Court received a request from another lawyer Plaintiff in the data breach case, only identified as NZ, to allow Ms. Albert to continue representing them in the data breach case because the Plaintiffs could not find other counsel out of fear of retaliation.

119.     Plaintiff Lenore Albert petitioned the California supreme court for review.

120.     Defendant Patricia Rodriquez, Chief Justice of the California supreme court, summarily denied review.

121.     The court failed to supervise the State Bar's conduct to ensure their recommendation was in conformity with the terms of Bus & Prof Code § 6001.1.

15

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Protection of the public… **shall be the highest priority** for the State Bar of California and the board of trustees in exercising their… disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public **shall** be paramount. Bus & Prof Code § 6001.1. (bold added).

122.     As a consequence, NZ, Chad Pratt, the other Roe Plaintiffs and entire putative class of nearly 200,000 people, including Plaintiff Leslie Westmoreland were left unprotected.

## THERESA MARASCO

123.     Plaintiff, Theresa Marasco, a former paralegal, and tenant that was having landlord-tenant issues, filed her litigation captioned *Marasco v1753 9th Street LLC*, Case No. 19SMCV00056 in 2019.

124.     It was finally going to trial the first week of April 2024 just before her five-year limitations period expired.

125.     Theresa Marasco is informed and believes and alleges thereon that the State Bar employees had contacted opposing counsel and/or the Defendants in her case, interfering or attempting to interfere in her case after Plaintiff Lenore Albert was hired to represent her.

126.     After Defendant Cindy Chan filed the Second Amended Notice of Disciplinary Charges against Albert, Joel Spann of Severson & Werson subpoenaed Plaintiff Lenore Albert for all communications Plaintiff Lenore Albert had with Plaintiff Theresa Marasco from January 11, 2018 through to the present on August 30, 2022.

127.     The State Bar Defendants knew of Plaintiff Theresa Marasco's litigation because Theresa Marasco testified on Plaintiff Lenore Albert's behalf along with other co-Plaintiffs in the case at Albert's disciplinary hearing and when the abrupt suspension took place.

128.     On September 26, 2022, Plaintiff Theresa Marasco complained to Defendant Cindy Chan and Defendant State Bar of California that their action appeared

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

to be a witch hunt, and they used Joel Spann as part of that witch hunt to drum up charges of UPL, as part of Plaintiff, Lenore Albert's, defense in her upcoming disciplinary hearing.

129.     Plaintiff, Theresa Marasco, warned Defendant Cindy Chan that a suspension or disbarment of Ms. Albert's license would interfere with her case.

130.     On December 16, 2022, Plaintiff Theresa Marasco also testified at the disciplinary hearing, beseeching the Court to keep Plaintiff Lenore Albert's license intact because it would hurt her case if Ms. Albert were suspended or disbarred. Under Bus. & Prof. Code § 6001.1.

131.     Thus, under the terms of Bus & Prof Code § 6001.1, Defendants George Cardona, Cindy Chan and Benson Hom interfered with Theresa Marasco's contract and prospective economic advantage and violated Bus & Prof Code § 6001.1 by leaving Plaintiff Theresa Marasco unprotected by seeking the suspension and disbarment of Plaintiff Lenore Albert.

132.     The State Bar Defendants revoked Marasco's attorney's license just days before the Section 3294 hearing wherein the 1753 9th Street LLC Defendants would be forced to hand over their financials for the punitive damages phase of trial which Plaintiff is informed and believes would have significantly increased the settlement offer and if she was able to get to trial would have received a jury verdict in the range of $750,000.00 upwards.

133.     On March 11, 2024, she was informed that the State Bar was abruptly suspending her counsel of record (Plaintiff Lenore Albert) license to practice law on March 14, 2024.

134.     As a consequence, knowing she could not finish the expert depositions and take the case to trial by herself, she was forced to not have her day in court which she really wanted and entered into a quick settlement along with the three other co-Plaintiffs for a six-figure settlement upon agreement that their counsel would waive the contract of 40% contingency fee.

17

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

135.     Plaintiff is informed and believes and alleges thereon that Plaintiff would have received much more from a jury and that her expenses which she had to pay including experts and multiple depositions would have been paid by the defense, but for the State Bar abruptly revoking her attorney's license to practice law on the eve of her trial.

136.     But for the Defendants wrongful conduct, Plaintiff Theresa Marasco would not have lost nearly five years of time working on the case, exacerbated her mental distress, mental freeze, and still had an effect on her family relations who were co-Plaintiffs in the case.

137.     Plaintiff Theresa wanted her day in court because it had a lot of moving parts and Theresa Marasco wanted to show it to a jury.

138.     Furthermore, Plaintiff, Theresa Marasco filed a complaint against her attorneys she retained before Plaintiff, Lenore Albert with the California State Bar for failure to return approximately $36,000.00 of unearned fees, but the State Bar has not required the State Bar to turn over the unearned fees to Plaintiff, Theresa Marasco.

139.     As a further direct and proximate result, Plaintiff, Theresa Marasco had to file a fee dispute and lost the use of approximately $36,000.00 in her settlement funds that were communicated and directed to her prior counsel.

### LARRY TRAN

140.     On January 23, 2023, Plaintiff Larry Tran employed Plaintiff Lenore Albert to represent him in the case of *Tran v Tesla*, case no. 23STCV02546 in Los Angeles Superior Court.

141.     Plaintiff, Larry Tran warned Defendant State Bar employee, Suzanne Grandt, Defendant Tyler Technologies, Inc. and Defendant Rick Rankin that a suspension or disbarment of Ms. Albert's license would interfere with his case on April 2, 2024.

142.     On April 2, 2024, Plaintiff Larry Tran also notified the Eastern District that he could not find other counsel.

18

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

143.     On April 7, 2024, Plaintiff Larry Tran supplied a similar declaration to the Central District.

144.     Notwithstanding the notice he provided or gave to Defendant Suzanne Grandt and others, he was left unprotected in contravention of Bus & Prof Code § 6001.1.

145.     The plaintiff is informed and believes and alleges that the State Bar employees' conduct barred him from overruling the demurrer on the fraud causes of action in his case.

146.     As a further harm, Plaintiff Larry Tran lost bargaining power because his breach of warranty claim was reduced when he lost his attorney by losing the expected reasonable attorney fee award, thus frustrating an early settlement in the case and other monetary damages in an amount to be proven at trial but at least $75,000.00.

147.     Plaintiff Larry Tran is a law school graduate who works as a nonlawyer in a law office that does not handle lemon law or fraud cases. Having to represent himself abruptly with only a three-day warning cost him other opportunities to learn the law in this area and defend against demurrers.

148.     He drafted and filed declarations served on the court requesting that Lenore Albert be able to proceed in his case after learning of the March 11, 2024, State Bar opinion of disbarment and interim suspension, but the State Bar refused to grant his request. Consequently, the court substituted Larry Tran in his case pro per on or about April 16, 2024.

## RYAN MCMAHON

149.     Ryan McMahon, a former law enforcement officer and victim of the online cancel culture crowd, was harmed by the State Bar Defendants when the Defendants caused his attorney's license to be revoked, leaving him to defend pending motions in federal court.

150.     On or about April 10, 2023, Ryan McMahon employed Plaintiff Lenore Albert to file a civil lawsuit captioned *McMahon v Whitney* in the United States District

19

Court of the Eastern District of California, Case No. 20-cv-01972-KJM-JDP, for civil rights violations against his former employer City of Vallejo.

151.    This case involved the unauthorized release of confidential personnel files by the city of Vallejo, John Whitney, and Jane/John Doe's 1-10.

152.    During this period, the State Bar of California attempted to disbar Plaintiff McMahon's counsel, Lenore Albert. Several motions against the city and Defendants were actively being fought, mitigated, and won in federal Court.

153.    Traction was being made in the case to hold the city and Defendants accountable for their nefarious actions against Plaintiff Ryan McMahon. At the same time, Lenore Albert was being distracted from Plaintiff McMahon's case in her legal battles against the State Bar employees: Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the State Bar board, all John/Jane Does 1-50.

154.    On or about February 7, 2024, his former counsel, Alison Berry-Wilkinson, took confidential investigations that she was made aware of and publicly posted them to the internet in violation of the California Penal Code.

155.    A local blog run by a nonprofit supported by a certain group of attorneys took those confidential investigations and posted them to its blog.

156.    On or about February 20, 2024, the State Bar of California received a complaint Plaintiff Ryan McMahon filed against his former attorney, Alison Berry-Wilkinson, for violating attorney-client confidentiality and the Penal Code, which provides internal investigations of police officers remain confidential, absent certain circumstances which are not relevant to Plaintiff Ryan McMahon.

157.    The State Bar has failed and refused to act on the complaint.

158.    On May 16, 2024, the California supreme court received Plaintiff Ryan McMahon's request to allow Ms. Albert to continue representing him because he could not find other counsel.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

159.     Plaintiff Ryan McMahon also filed declarations with the Eastern District on April 3, 2024, and with the Central District on April 12, 2024, in defense of Plaintiff Lenore Albert's further representation in his case.

160.     Plaintiff Lenore Albert petitioned the California supreme court for review. Defendant Patricia Rodriquez, Chief Justice of the California supreme court, summarily denied review. The court failed to supervise the State Bar's conduct to ensure their recommendation was in conformity with the terms of Bus & Prof Code § 6001.1. This left Ryan McMahon unprotected.

161.     Thereafter, the California supreme court disbarred Ms. Albert effective July 17, 2024, notwithstanding the notice Plaintiff Ryan McMahon gave.

162.     On May 24, 2024, the Eastern District prematurely issued a reciprocal disbarment based on the State Bar recommendation.

163.     A sanctions motion against Alison Berry-Wilkinson was pending based on her filing of confidential information in the records. As a result, Plaintiff Ryan McMahon suffered a loss in obtaining representation in his case against the city of Vallejo and faces the risk of losing his case without counsel and other monetary damages in an amount to be proven at trial estimated at $1.5 million but no less than $75,000.00.

164.     Plaintiff Ryan McMahon requested the Court, State Bar, and its employees allow Lenore Albert to continue as a counsel in his case, as it is convoluted and has several integral parts that a new counsel would have a challenging time catching up to speed.

165.     Plaintiff Ryan McMahon also expressed his concerns to all involved parties that it was hard to find Lenore Albert or any counsel to take his case due to his prior law enforcement experience and a David vs. Goliath scenario in seeking retribution and accountability from all Defendants involved.

166.     Since Lenore Albert's disbarment, Plaintiff Ryan McMahon has been unable to find representation to this date, which he knew was going to be an issue, and he noted it on several previous documents to the Court.

167.     As a result of the above events, Lenore Albert was forced to terminate her legal contract for representation with Plaintiff Ryan McMahon and stop representing him.

168.     But for, the State Bar overstepping its authority in disbarring McMahon's attorney, Lenore Albert, by using a nonexistent statute, in part, for a case that involved no client harm and did not benefit the people of California, Plaintiff Ryan McMahon would not have been harmed.

169.     The Bar's actions have affected Plaintiff Ryan McMahon's mental health, personal and professional reputation, and financial well-being. Its actions have also violated Plaintiff Ryan McMahon's right to due process, as he has been unable to secure new counsel.

170.     The culmination of fraudulent and baseless actions by Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, Ruben Duran, and Leah Wilson, and all Doe Defendants in this case brought before the Court caused irreparable harm to Plaintiff,

171.     The Defendant's conduct was a substantial factor in exacerbating Plaintiff Ryan McMahon's reputational and emotional harm, causing emotional distress for him, his family, and his friends.

### Decade-long History of State Bar Harassment and Retaliation
### Continuing Violation

172.     These detailed allegations are provided based on the threat of sanctions by Defendant State Bar's counsel, who insisted that pleading of the who, what, where, and when he pled contrary to Rule 8 and civil rights violations cases generally in order to avoid a Rule 11 sanctions motion.

173.     Plaintiff Lenore Albert alleges that the harassment and retaliation by the Defendant State Bar employees, as alleged above, was part of a continuing practice culminating in her disbarment on July 17, 2024.

22

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

174.     Plaintiff Lenore Albert's interactions with the State Bar's representative on October 29, 2024, Plaintiff resulted in significant degradation, including being labeled as "dumb" and referred to as a "first-year law student."

175.     This derogatory treatment led Plaintiff Lenore Albert to believe her contributions would not be taken seriously.

176.     The State Bar's male representative dismissive tone and "mansplaining" suggested a continuing and troubling pattern of bad boy behavior, triggering Plaintiff Lenore Albert's PTSD of the extensive ongoing harassment she had to endure previously from State Bar adversaries, raising serious concern about the current representative's potential biases against women.

177.     It was as if he was channeling CI Seal and CI Diamond

178.     The derogatory ad hominem attacks were similar in nature to the harassment she received from CI Seal and CI Diamond from 2015 through 2022.

179.     Defendant George Cardona conducted an ongoing baseless investigation on behalf of CI Seal against Plaintiff Lenore Albert until she was disbarred on July 17, 2024, making a timely complaint under the continuing violation doctrine.

**2014**

180.     On or about November 11, 2014, the State Bar searched Ms. Albert's law office expenses through a third party purporting to work with the State Bar without a warrant or proper authorization and created an appearance that the State Bar had confiscated her client files with the local police.

181.     On December 3, 2014, Plaintiff Lenore Albert filed a civil rights lawsuit against the State Bar and the Huntington Beach police department, *Albert v State Bar of California*, case no. 8:14-cv-01905-DOC-AN.

182.     On or about December 4, 2014, Plaintiff Lenore Albert sent an anti-retaliation letter to the California State Bar after filing the civil rights lawsuit against them.

183.      In retaliation, the State Bar, its employees, and potentially other individuals (referred to as Doe Defendants) subjected Lenore Albert to unjustified and constant confidential State Bar investigations, covert warrantless searches and disciplined Ms. Albert for failing to pay debt to her clients' opposing parties while in the middle of litigation interfering with clients who employed her.

**2015**

184.      Soon after she filed her civil rights case, she received a barrage of harassing emails from her adversaries.

185.      On January 8, 2015, attorney David Seal emailed, "I see sanctions in your future" and "does your dog have mange."

186.      On January 13, 2015, Plaintiff Lenore Albert notified the State Bar about David Seal's conduct, but they did not do anything.

187.      On January 26, 2015, Plaintiff Lenore Albert received an email of a nonsense bird poem from attorney David Seal who started an email string asserting stop harassing me.

188.      Attorney David Seal copied many State Bar employees and his cohorts on the email and told another person that Plaintiff Lenore Albert was the bird.

189.      When attorney David Seal emailed the poem to Plaintiff Lenore Albert, she was not aware that attorney David Seal ("CI Seal") was a confidential informant of the State Bar.

190.      When the harassment did not stop, Plaintiff Lenore Albert told David Seal she was going to file a TRO on January 30, 2015, but the harassment only became worse.

191.      On February 1, 2015, in response, one of David Seal's cohorts replied, calling Plaintiff Lenore Albert a "dumb bitch", a "cunt" and said, "the only way you can have sex is with your dog, Marley." Attorney David Seal replied to Plaintiff, "I like chicken."

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

192.    Many of those emails were sent to the State Bar, which put them on notice, but the State Bar did nothing to stop attorney David Seal's harassment of Plaintiff Lenore Albert.

193.    The Court set the TRO for a hearing. Thereafter, attorney David Seal ran downstairs and filed his own TRO against Plaintiff Lenore Albert, falsely asserting she was having others stalk him and whisper her name in his ear, as well as having a sexual relationship with another man who was incited to murder him and that the State Bar told him to get the TRO.

194.    Attorney David Seal then walked into Plaintiff Lenore Albert's TRO hearing, where the tentative decision was to grant it, and got it denied on the grounds that David Seal received his own TRO downstairs from another judge.

195.    On March 22, 2015, Plaintiff Lenore Albert notified the State Bar that attorney David Seal filed a TRO against Plaintiff, and it said the State Bar told him to, but the State Bar still did nothing.

196.    On March 27, 2015, the court dismissed the State Bar from the civil rights complaint based on immunity.

197.    On April 6, 2015, at the next hearing with David Seal, Plaintiff Lenore Albert's vehicle was illegally towed from the courthouse parking lot, and she was filmed when she went to the lot to see it gone. The State Bar did nothing about that either.

198.    On July 27, 2015, Plaintiff Lenore Albert reported attorney David Seal for taking a meme and putting Ms. Albert's head on it with two others that was captioned "Stooges" and posted it on the internet, but the State Bar continued to do nothing about attorney David Seal's harassment.

199.    In response, Plaintiff Lenore Albert received more investigations to respond to from the State Bar.

200.    On August 24, 2015, Plaintiff Lenore Albert emailed another anti-retaliation notice to the State Bar.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

201.     On November 30, 2015, Plaintiff Lenore Albert filed a tort claim against the conduct of the employees at the State Bar.

202.     On or about December 15, 2015, the State Bar initiated disciplinary proceedings to revoke Ms. Albert's license to practice law, which acted in concert with a campaign to degrade Ms. Albert's reputation to obfuscate the ongoing fraud and corruption occurring in a state agency with the fifth largest economy in the world.

203.     Ms. Albert's protected activity was a substantial motivating reason for the State Bar's decision to discipline her.

204.     Ronald O'Donnell also submitted a paper to the State Bar in 2014 or 2015 showing the State Bar how one of these individuals was marketing an "affidavit" to obtain money from the State Bar through a purported "attorney bond," which was really the CSF fund to persons that lost their home to foreclosure.

205.     Any correspondence sent to the State Bar thereafter that named Ms. Albert instantly turned into a State Bar complaint, opening up a confidential investigation against Ms. Albert, from the correspondence by Ronald O'Donnell in 2014-2015 to a letter by Robert Shaw in 2024.

206.     Ronald O'Donnell was the ex officio for the 23rd District State Senate seat of the democratic party, who originally appointed Plaintiff Lenore Albert as a delegate to the California Democratic Party in 2015.

207.     Plaintiff Lenore Albert received 106 emails from the State Bar from January 1, 2015, to December 31, 2015.

**2016**

208.     Plaintiff Lenore Albert was running for Assembly District 72 in the general election 2016.

209.     On February 4, 2016, Plaintiff Lenore Albert received an email from Ronald O'Donnell informing Plaintiff that Yelp had taken down the positive review he had made about her.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

210.     On February 9, 2016, Plaintiff Lenore Albert received her caucus list from the Democratic State Party for the upcoming endorsement election for AD 72.

211.     Although CI Diamond was not on the voters listvoters list, he traveled to the Northern California endorsement conference and stood outside the caucus voting tent reading off the State Bar notice of disciplinary charges that had been filed against Plaintiff Lenore Albert until security refused to allow him inside.

212.     Undeterred, CI Diamond then rushed into the senate endorsement next door that was only separated from Plaintiff Lenore Albert's caucus by a curtain and began bolting out the charges against Plaintiff Albert again until Plaintiff's companion, whom CI Diamond later mistook for then Commissioner Richard Licerio crossed over into the senate caucus and dared him to continue.

213.     Plaintiff Lenore Albert received her endorsement from the democratic party and won second place in the primary election that June.

214.     On July 21, 2016, the State Bar board of trustees approved a $5.619 million budget to contract with Defendant Tyler Technologies, Inc. for their Odyssey case management system including Odyssey Portal.

215.     Also, on or about July 21, 2016, State Bar Judge Roland concluded the disciplinary hearing against Plaintiff Lenore Albert.

216.     State Bar employee Defendant Sherell McFarlane prosecuted the case and failed to disclose or misrepresent facts to Judge Roland during the disciplinary proceeding against Lenore Albert by omitting documents from the record. McFarlane also failed to disclose Jennifer Needs' actual employment status, and the nonexistence of the 10675 S Orange Park Blvd LLC and fraud committed by the defense firm during the proceeding.

217.     Despite this, the State Bar recommended the suspension of Ms. Albert's license in October 2016, just a few weeks before the general election in which she was the endorsed Democratic candidate for the state Assembly (AD 72).

218.    The recommendation appeared in the Los Angeles Times, giving the impression that Ms. Albert was already suspended, affecting the 72,000 people who had voted for her in the general election.

219.    From December 2015 through 2016, Defendant State Bar employee Sherell McFarlane interfered with Ms. Albert's representation of Mr. and Mrs. Koshak in the case of *Koshak v 10675 S Orange Park Blvd LLC* by investigating and prosecuting Ms. Albert on behalf of 10675 S Orange Park Blvd LLC while Mr. and Mrs. Koshak's wrongful foreclosure appeal was pending. The appeal was not concluded until 2018, and Ms. Albert was suspended for 30 days in the disciplinary matter. The suspension was initially posted as January 5, 2018, but later moved to February 14, 2018.

220.    Plaintiff tried getting answers as to why she had become a target of the State Bar to no avail.

221.    Fed up, on September 1, 2016, Plaintiff Lenore Albert emailed Defendant Sherell McFarlane a nasty gram explaining that the Plaintiff didn't even know what the various case numbers concerned.

222.    On or about September 6, 2016, State Bar employee Sherell McFarlane searched and/or seized Lenore Albert's accounts pre-litigation that would reveal Ms. Albert's financial resources, including but not limited to her personal bank accounts she opened, her signature card, and other information collected by her financial institutions without her knowledge or consent.

223.    On September 7, 2016, Plaintiff Lenore Albert discovered that the State Bar had disbarred attorney David Seal's law partner, Ghassan Bridi, for loan mods work, but they did not discipline David Seal for the same conduct.

224.    On October 13, 2016, Plaintiff Lenore Albert was informed that Defendant Sherell McFarlane searched her IOLTA trust account on September 6, 2016.

225.    On October 14, 2016, Defendant Sherell McFarlane searched Plaintiff Lenore Albert's personal financial accounts, including her signature cards, all deposits,

wire transfers, statements, credits and debits, and the front and back side of all checks without Plaintiff Lenore Albert's knowledge or consent.

226.     Unlike an IOLTA administrative subpoena, plaintiff Lenore Albert only discovered Defendant was seeking information from her personal bank accounts because her bank contacted her and showed her the administrative subpoena that the Defendant was seeking information from her personal bank accounts because her bank contacted her and showed her the administrative subpoena. The plaintiff then attempted to quash the subpoena at the State Bar, showing the State Bar's overreach wherein plaintiff then attempted to quash the subpoena at the State Bar, showing the overreach.

227.     On October 20, 2016 Plaintiff Lenore Albert received a letter from Citibank informing her that Defendant Sherell McFarlane sent them a subpoena to search Plaintiff Lenore Albert's personal financial accounts including her signature cards, all deposits, wire transfers, statements, credits and debits and front and back side of all checks.

228.     The plaintiff is informed and believes and alleges that the State Bar opened confidential investigations, covertly performing warrantless searches of Ms. Albert's personal property and communications, which she had a reasonable expectation of privacy from 2016 to the present.

229.     On October 24, 2016, Attorney Greg Diamond posted an article to the internet captioned "(AD-72) Sorrow for the Lost Lenore: Vern Our Criticisms of Candidate Lenore Albert Sheridan Have Been Vindicated" which announced the State Bar's suspension before the general election.

230.     When attorney Greg Diamond ("CI Diamond) posted the article, Plaintiff Lenore Albert was unaware that attorney Greg Diamond was a confidential informant of the State Bar.

231.     Plaintiff Lenore Albert lost the general election.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

**2017**

232.     Although Plaintiff lost the election, on April 22, 2017, CI Diamond made another post referring to Plaintiff Lenore Albert as "unstable" and a "terrible attorney" with State Bar disciplinary problems.

233.     On or about November 29, 2017, State Bar employee Defendant Benson Hom caused a search and/or seizure or attempted to search and seize all of Lenore Albert's communications with Ocwen Loan Servicing pre-litigation without a warrant, consent, or notice to Lenore Albert.

234.     On December 13, 2017, the California supreme court denied Plaintiff's petition for review and ordered Plaintiff suspended for 30 days.

235.     From January 1, 2017 through December 31, 2017, Plaintiff Lenore Albert received approximately 130 emails from the State Bar.

**2018**

236.      In 2018, the Office of Chief Trial Counsel ("OCTC") launched an online complaint portal, allowing complaining witnesses to file complaints electronically rather than on paper via mail.

237.     In or about January 2018, Plaintiff Lenore Albert pulled papers to run in the local D.A. election.

238.     Defendant Maricruz Farfan then notified Plaintiff Lenore Albert her license was being suspended in January and had the State Bar webpage list Ms. Albert suspended as of January 2018.

239.     However, Plaintiff Lenore Albert demanded that Defendant Maricruz Farfan change the website back to active because the papers Defendant Maricruz Farfan served on Plaintiff were addressed to a Mr. Pancheco.

240.     On February 14, 2018, the State Bar of California suspended Plaintiff Lenore Albert for 30 days for failure to pay VOID discovery sanctions orders to a non-existent company 10675 S Orange Park Blvd, LLC.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

241.     The date of February 14, 2018 was later settled by the bankruptcy court as the date of the 30-day suspension and was not what was reflected at the time.

242.     On February 20, 2018 Plaintiff Lenore Albert filed for bankruptcy protection under Chapter 13.

243.     Neither the suspension nor the bankruptcy filing deterred the State Bar from continuing to harass Plaintiff Lenore Alber by keeping her under constant investigation.

244.     On February 23, 2018, Defendant Benson Hom sent Plaintiff Lenore Albert a new investigation letter to respond to.

245.     On or about March 16, 2018, CI Diamond posted that Plaintiff Lenore Albert was suspended derailing the DA race in Orange County.

246.     On March 20, 2018, Defendant Maricruz Farfan sent Plaintiff Lenore Albert a notice of suspension dated March 20, 2018, which required her to comply with a March 16, 2018 deadline as a term of her probation.

247.     Defendant Maricruz Farfan emphasized that failure to timely comply with all conditions would mean that Plaintiff Lenore Albert has not complied with her terms of probation which could lead to further discipline.

248.     On April 3, 2018, Plaintiff Lenore Albert wrote Defendant Maricruz Farfan demanding reinstatement of her license since the 30-day period had ended.

249.     Defendant Maricruz Farfan refused so Plaintiff Lenore Albert filed an adversary proceeding against Defendant Maricruz Farfan and others at the State Bar in the case of Albert v Farfan (State Bar of California) 18-ap-1065-SC for dischargeability of debt under 11 U.S.C. § 523(a)(7).

250.     The adversary complaint was later amended to include violations of 11 U.S.C. §§ 362, 524, 525 which is on appeal.

251.     CI Diamond was retained to challenge the Plaintiff's ballot due to the suspension and the superior court struck Plaintiff Lenore Albert's ballot designation in the DA race in Orange County.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

252.     On April 5, 2018, CI Diamond served a subpoena on the State Bar and Defendants hurriedly rushed to get him documents about Plaintiff Lenore Albert, without Plaintiffs' knowledge or consent.

253.     On April 20, 2018 Defendant Maricruz Farfan sent Plaintiff Lenore Albert a notice that she was not in compliance with her probation.

254.     Defendants Maricruz Farfan and Suzanne Grandt were on notice that Plaintiff was running for DA in Orange County and that she was in a Chapter 13 where all debts are dischargeable yet refused to reinstate Ms. Albert's license after 30 days in 2018, causing disruption during the primary election and forcing her to remove the word "attorney" next to her name.

255.     CI Diamond, who was an adversary, was allowed to represent the State Bar in the superior court on the ballot challenge, and the State Bar sent or was ready to send private and confidential documents regarding Lenore Albert to Greg Diamond without notifying Ms. Albert.

256.     On June 6, 2018, one day after the primary, CI Diamond trolled the internet telling others that he saw Plaintiff Lenore Albert snuggling and/or cuddling with Dan and Ray, two other married men in local politics at the time and implied she was suspended for ripping off her clients.

257.     In September 2018, Judge Roland held a second disciplinary proceeding against Plaintiff Lenore Albert recommending a six-month suspension.

258.     From January 1, 2018 through January 31, 2018, Plaintiff Lenore Albert received approximately 311 email communications from the California State Bar.

**2019**

259.     On July 11, 2019 the California Supreme Court signed another order suspending Plaintiff Lenore Albert for another six months, but her 30-day suspension still continued on because Plaintiff Lenore Albert could not pay the State Bar costs and the State Bar refused to waive or modify them.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

260.     Also on July 11, 2019, Defendant Steve Mazer approved a $295,740.00 contract payable out of the general fund to Defendant Tyler Technologies, Inc. for enhancements to the Odyssey system.

261.     On July 26, 2019, State Bar employee Katherine Kinsey searched and/or seized Lenore Albert's password-protected online accounts, including but not limited to her password protected Yelp account she opened, her comments, communications, and other information collected by Yelp pre-litigation without a warrant or notice to Lenore Albert.

262.     When Yelp told Ms. Albert what happened, she objected to the search with the State Bar.

263.     In response, the State Bar warned Ms. Albert she would be prosecuted if she responded to any negative reviews online about her.

264.     As a result, Plaintiff Lenore Albert's speech was chilled, and she left the fake negative reviews about her online alone.

265.     Plaintiff Lenore Albert sent a request for all State Bar investigations that had been opened up against the Plaintiff.

266.     On August 12, 2019, the State Bar refused to disclose the number or context of State Bar investigations that have been made against Plaintiff Lenore Albert up to that time on the grounds they were confidential pursuant to Govt. Code § 6254(f) and Bus & Prof Code §6068.1(b).

267.     On August 22, 2019, CI Seal sent an email to Plaintiff Leslie Westmoreland telling him to "choose better friends" referring to Plaintiff Lenore Albert.

268.     On September 3, 2019, CI Seal presented a letter from attorney Steve Glickman's desk concerning Plaintiff Lenore Albert from a decade earlier to Plaintiff without explaining how he got it.

269.     Although Plaintiff was still suspended, from January 1, 2019 through December 31, 2019, Plaintiff Lenore Albert continued to receive approximately 41 emails from the State Bar of California.

33

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

**2020**

270.     Unlike the State Bar's cooperation with CI Diamond and acquiescence in CI Seal's conduct, when Albert subpoenaed the State Bar employees regarding CI Seal, the State Bar refused to cooperate with the Plaintiff Lenore Albert and quashed the subpoena on January 27, 2020.

271.     On January 29, 2020, the State Bar by and through Defendant Cindy Chan filed two Disciplinary Charges against Plaintiff, Lenore Albert, on the pretext that Plaintiff Lenore Albert failed to pay 10675 S Orange Park LLC sanctions and for failure to comply with the terms of probation as referred by Defendant Maricruz Farfan and investigator Defendant Benson Hom.

272.     The State Bar filed further public disciplinary charges against Ms. Albert just prior to her trial against attorney David Seal in order to disrupt and interfere with that trial. The baseless charges were later dismissed.

273.     On June 3, 2020, CI Seal sent Plaintiff Lenore Albert another email string with his cohorts implying she has a total disregard for State Bar ethics or rules of court.

274.     At this point in time, the State Bar continued to refuse to reinstate Plaintiff Lenore Albert's license to practice law and Plaintiff Lenore Albert was battling that issue out in the U.S. Bankruptcy adversary proceeding that was on appeal.

275.     On July 16, 2020, Defendant Steve Mazer approved another contract for $400,000.00 payable from the general fund to Polyrific, LLC for additional enhancements to the Odyssey case management system.

276.     OCTC integrated the online complaint portal with Odyssey, automatically opening confidential State Bar investigations when an online complaint was submitted, eliminating the need for State Bar of California staff to enter data for complaints submitted online manually. However, these confidential investigations were not then encrypted, or the encryption was not working and went untested, as shown by a third party's later posting onto the internet.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

277.     The State Bar continued with its investigations and disciplinary proceedings against Ms. Albert throughout 2020 interfering with her marketing work on the Oconsortium.

278.     From January 1, 2020 through December 31, 2020 Plaintiff Lenore Albert received approximately 140 emails from the State Bar.

### 2021

279.     On April 20, 2021, Plaintiff Lenore Albert paid the State Bar $37,500.00 in State Bar costs to have her license reinstated plus over $20,000.00 to the Client Security Fund ("CSF").

280.     On April 20, 2021, the State Bar refused to reinstate Ms. Albert's license in contempt of court order which interfered with the *Gilbert-Bonnaire v Demerjian trial*, preventing her from amending the pleadings prior to the trial date of May 7, 2021. The State Bar employee, Suzanne Grandt then failed to disclose or misled Judge Clarkson during an adversary proceeding by omitting a minute order issued prior to May 5, 2021 wherein the Judge in the *Gilbert-Bonnaire v Demerjian* case ruled that the trial of May 7, 2021 remained.

281.     On May 11, 2021, Plaintiff Lenore Albert also paid the State Bar $515.00 in annual dues; and Defendant Benson Hom opened a new State Bar investigation against Lenore Albert.

282.     In or about October 10, 2021, Kevan Schwitzer scraped and/or harvested the cases from the California State Bar website and put them on the internet at JudyRecords.com, which was free and open to anyone in the public who had internet access. Tyler Technologies, Inc. had a data breach before the State Bar data breach. Yet, the State Bar, by and through Defendant Rick Rankin and Defendant Steve Mazer, continued to use the Odyssey Portal and pay Tyler Technologies administration fees without performing its own adequate security measures.

283.     Judyrecords.com site is set up to do a search by name wherein one can see the details of the investigation without having to click on the record. The search

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

results are not uniform, but some levels of detailed information show up in a general search without having to select and view the actual file. At the time of the breach, the data included the venue, a case number, the names of the parties, and a URL linking back to the original record.

284.    The State Bar continued with its investigations and disciplinary proceedings against Ms. Albert throughout 2021 interfering with her business relationships.

285.    On December 19, 2021, Plaintiff Lenore Albert suffered a tachycardia event from the continued stress.

286.    On December 31, 2021, Plaintiff Lenore Albert paid the State Bar $527.88 for her 2022 State Bar dues.

287.    From January 1, 2021 through December 31, 2021 Plaintiff Lenore Albert had received approximately 204 emails from the State Bar.

**2022**

288.    On January 10, 2022, the State Bar of California finally admitted, in part, it violated 11 U.S.C. § 524.

289.    On or about February 24, 2022, Lenore Albert discovered that the State Bar had conducted 322,525 confidential pre-litigation investigations. This information ended up on JudyRecords.com, identifying the attorney under investigation by name, accessible to anyone with internet access, which is referred to as the "data breach."

290.    Defendant, State Bar did not report the breach to the California Attorney General's office or local law enforcement. Instead, it used the time and press to obfuscate, downplay, and deny any liability. It has the specter of destroying and/or covering up the evidence of wrongdoing.

291.    Upon learning of the data breach, Plaintiff Lenore Albert asked the State Bar employees Cindy Chan, Suzanne Grandt, and Linda Knitter if she were included in it and if she could get any further details. Cindy Chan, Suzanne Grandt, and Linda Knitter refused to respond.

292.     On March 1, 2022, the State Bar communications department responded that it could not answer individual questions. Shortly thereafter, State Bar employee Suzanne Grandt sent a subpoena to Leslie Westmoreland for an appearance on March 3, 2022.

293.     On March 18, 2022, Plaintiff Lenore Albert filed a putative class action lawsuit against the State Bar, Tyler Technologies Inc. and Rick Rankin for the data breach representing six clients and approximately 191,000 putative class members.

294.     On or about April 29, 2022, the State Bar retaliated by filing a notice of disciplinary charges against Ms. Albert on the pretext she had committed unauthorized practice of law in a federal court that represented on its own website her membership was active.

295.     On March 22, 2022, Plaintiff Lenore Albert learned that the State Bar of California considered attorneys David Seal, Greg Diamond, Joe Dunn, Philip Green, D.A. Todd Spitzer, and others to be confidential informants and refused to turn over communications they had concerning Plaintiff on that basis.

296.     On April 4, 2022, Lenore Albert once again requested the State Bar directed to, Defendant Leah Wilson, to disclose any confidential investigations and the status of Client Security Fund claims in her name.

297.     On April 14, 2022, the State Bar objected to providing Plaintiff Lenore Albert with a list of the State Bar investigation or CSF claimants, citing confidentiality under Govt Code §and Bus & Prof Code § 6086.1(b), even though some information was already published on JudyRecords.com.

298.     On April 14, 2022, Plaintiff Lenore Albert also learned that several State Bar employees including Defendants Leah Wilson, Maricruz Farfan, Cindy Chan and Defendant Suzanne Grandt, Vanessa Holten (Defendant George Cardona's predecessor), and all of the State Bar judges, had Plaintiff under constant scrutiny because they had been continuously emailing each other about Plaintiff (approximately 1,500 emails in total over the prior three-year period).

299.     Plaintiff Lenore Albert is informed and believes and alleges thereon that the emails were for the purpose of targeting her. For example, on June 13, 2020 an email was sent between Judge Roland and Rebecca Rosenberg regarding the Ninth Circuit ruling that the discovery sanctions owed to the nonexistent 10675 S Orange Park Blvd LLC were dischargeable was not relevant to the Roland court because Defendant Cindy Chan had the disciplinary charges pending in the Judge Saab court. Yet, the communication did not go to Judge Saab and the rest of the other judges until June 21, 2020.

300.     Plaintiff is informed and believes and alleges thereon that not all email communications were listed on the grounds no mention of Defendant Benson Hom appeared nor did any communications to or from CI Seal, CI Diamond, CI Joe Dunn or CI Todd Spitzer.

301.     On April 29, 2022 (one month after she filed the lawsuit of *John Roe v State Bar of California*), State Bar employee Cindy Chan filed public disciplinary charges for purported unauthorized practice of law based on a rushed workup by Benson Hom to revoke her license to practice law which violated her First Amendment rights under the U.S. Constitution.

302.     On May 22, 2022, Lenore Albert was notified that the confidential State Bar investigations identifying her by name landed on the internet on JudyRecords.com with evidence of page views.

303.     The confidential investigations about Lenore Albert ended up on JudyRecords.com and were viewed by others after being released from a State Bar data breach. This significantly increased Ms. Albert's risk of reputational harm, business disruption, and economic loss.

304.     On August 23, 2022, CI Seal sent an unsolicited email to Plaintiff Lenore Albert that said, "nice job loser."

305.     From September to October 2022, State Bar employee, Cindy Chan disrupted and attempted to disrupt the continued *Gilbert-Bonnaire v Demerjian* trial by

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

opposing continuance of the UPL disciplinary hearing asserting that both trials could occur simultaneously.

306.     On or about December 14, 2022 Plaintiff Lenore Albert faced her third disciplinary hearing wherein Defendant Cindy Chan was seeking disbarment under the pretext Plaintiff Lenore Albert had committed unauthorized practice of law in federal court while she was suspended by the State Bar in two separate instances in 2019 and 2021.

307.     The State Bar continued to open more confidential State Bar investigations against Lenore Albert.

308.     From January 1, 2022 through December 31, 2022 Plaintiff Lenore Albert received approximately 437 emails from the State Bar.

**2023**

309.     On January 27, 2023, Judge Clarkson ruled in favor of Plaintiff Lenore Albert against Defendant State Bar of California in the adversary proceeding for contempt ordering the State Bar to pay her $21,627.48 in damages.

310.     The State Bar remitted a check in the amount of $21,627.48 along with a letter dated February 7, 2023 to Plaintiff Lenore Albert stating it was for payment on the judgment in the adversary proceeding.

311.     In retaliation, on February 7, 2023 Defendants George Cardona and Benson Hom opened another State Bar investigation against Plaintiff Lenore Albert for sanctions Plaintiff immediately paid and self-reported on August 2, 2022 concerning an appeal CI Seal won against her.

312.     On February 23, 2023, Plaintiff Lenore Albert gave notice that this was retaliatory harassment to Defendants George Cardona, Ruben Duran, Benson Hom, Donna Hershkowitz, and Brandon Stallings.

313.     Plaintiff Lenore Albert reminded the Defendants that she has consistently complained about CI Seal's harassment of her and the State Bar has taken no action against him.

39

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

314.    On February 24, 2023, Defendant George Cardona shot back a reply denying it was retaliatory harassment.

315.    Ms. Albert alleged the State Bar was violating the antitrust laws by attempting to regulate the practice of law in federal court in the putative class action data breach case.

316.    State Bar's counsel, including employee Defendant Suzanne Grandt who appeared in the case did not speak up when counsel misled the federal court asserting that such allegations were fanciful in the putative class action data breach case.

317.    On April 3, 2023, the federal court dismissed the antitrust claim, and the case was remanded back to state court.

318.    Seven minutes later, the State Bar recommended the suspension of Ms. Albert's license for purported unauthorized practice of law in federal court.

319.    The State Bar continued to investigate Plaintiff Lenore Albert.

320.    On April 20, 2023 Plaintiffs Lenore Albert, Theresa Marasco, Larry Tran and James Ocon held a rally in front the State Bar in Los Angeles on the cover up of the data breach that occurred.

321.    On May 18, 2023, May 19, 2023, May 22, 2023 and June 5, 2023 Plaintiff Lenore Albert reminded Defendants George Cardona, Cindy Chan, Benson Hom, Ruben Duran, and Donna Hershkowitz that David Seal was the attorney that had been harassing Plaintiff over the past seven years while the Defendants kept hounding her for more information for their investigation.

322.    The Defendants did not promptly act on Plaintiff Lenore Albert's concern of harassment by CI Seal.

323.    On July 3, 2023, Plaintiff Lenore Albert went to the Emergency room suffering from a stroke-like condition.

324.    Her health continued to deteriorate, and she was hospitalized for approximately eight days on September 23, 2023.

325.    The State Bar continued to investigate Plaintiff Lenore Albert.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

326.     From January 1, 2023 through December 31, 2023 Plaintiff Lenore Albert received approximately 124 emails from the State Bar.

**2024**

327.     On March 1, 2024, the State Bar requested an extension of time to demur and respond to discovery. Despite being granted the extension until March 11, 2024, and 12, 2024, respectively, the State Bar took the extreme step of recommending disbarment and placing Ms. Albert on interim suspension.

328.     This action was based on rules or statutes that were not charged in the NDC, and one did not even exist in the Bus & Prof Code.

329.     This interim suspension significantly interfered with Ms. Albert's contracts and economic opportunities in important legal matters. Upon learning of the interim suspension and disbarment, Robert Shaw, a putative class member in *John Roe v State Bar of California* wrote the State Bar a letter complaining about what the State Bar had done.

330.     Like the matter of Ronald O'Donnell, the State Bar turned it around and made it into a complaint against Ms. Albert.

331.     On October 23, 2024, after this case was filed, the State Bar Defendants threatened the Plaintiffs with having to pay a $10,000.00 bond each and sanctions.

332.     On October 29, 2024, the State Bar's representative called Plaintiff Lenore Albert "dumb," "stupid" and talked down to her like she was a dumb and falsely accused her of having legal malpractice suits pending by the other Plaintiffs in this case similar in nature to CI Seal and attorney Mitchell B. Hannah.

333.     He also asserted he represents "all the judges" when Plaintiff Theresa Marasco asked him why he kept stating that the "court will rule" this way or that way when he is not the judge.

**First Amendment Retaliation, Not Ethical Violations Warranting Discipline**

334.     Evidence that Defendants in the Office of Chief Trial Counsel, including Defendants George Cardona, Sherell McFarlane, Katherine Kinsey, Cindy Chan, and

41

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Benson Hom's targeting of Plaintiffs is based upon retaliation for protected activities of Plaintiff, Lenore Albert, or Plaintiff Leslie Westmoreland and not concern about ethical code violations, is easily found by looking at an example of the Defendants own long history of ethical code violations.

335. The State Bar itself was shut down in the 1990s for corruption within it.

336. According to Wikipedia, "[i]n October 1997, Governor Pete Wilson vetoed the fee authorization bill for that year. He pointed out that California's bar had the highest annual fee in the country at $478. He also stated that the State Bar had become bloated and inefficient and criticized its Conference of Delegates for taking positions on divisive political issues."

337. The State Bar lost 500 of its 700 employees and was shut down for six months in 1998.

338. Additionally, "On October 11, 2009, Governor Arnold Schwarzenegger vetoed the fee authorization bill for 2010. In his veto message accompanying the return of the unsigned bill to the Legislature, he stated that just as in 1997, the State Bar had again become inefficient, scandal-ridden, and excessively politicized."

339. Plaintiffs are informed and believe and allege thereon that the State Bar has again become inefficient, scandal-ridden, and excessively politicized.

340. The violations are self-evident by the Defendants current concealment of an attorney's unauthorized practice of law while prosecuting other attorneys in the State Bar court in 2024.

341. By June 30, 2024, all active attorneys were required to have paid their annual State Bar dues, complied with MCLE for their group, and fill out compliance with Client Trust Account Protection Program ("CTAPP").

342. A docket search of Defendant Sherell McFarlane's cases revealed that Sherell McFarlane and George Cardona have engaged in repeated violations of the same ethical code, Defendant McFarlane and Cardona claim that they are protecting.

42

343.     Specifically, Defendant Sherell McFarlane and Defendant George Cardona violated the ethics code by supervising a suspended attorney, Alex Binder, and allowed him to practice law while suspended in the State Bar court, prosecuting other attorneys.

344.     On September 4, 2024 Plaintiff, Lenore Albert, filed a Bar complaint against Defendants Sherell McFarlane and George Cardona to make the State Bar aware of these violations and a whistleblower complaint with the California DOJ.

345.     Plaintiff Lenore Albert also filed a complaint against Alexander Binder for unauthorized practice of law on September 4, 2024.

346.     In response, Lawrence J Dal Cerro, Special Deputy Trial Counsel of the California State Bar, refused to initiate disciplinary charges against Alexander Binder, Defendant George Cardona and Defendant Sherell McFarlane.

347.     Incredibly, the State Bar has "re-hired" Lawrence J. Dal Cerro (aka Jeff Dal Cerro), as their Special Deputy Trial Counsel to take the complaints about State Bar employees for the State Bar after he was "fired/resigned" as the State Bar's Assistant Chief Trial Counsel when CI Joe Dunn came on board part of a State Bar corruption scandal in or about 2012.

348.     While Mr. Binder's license was suspended, the State Bar paid Alexander Binder, Defendant Sherell McFarlane and Defendant George Cardona.

349.     Here, State Bar Office of Chief Trial Counsel attorney Alex Binder violated Bus & Prof Code § 6125 by practicing law from July 1, 2024 until he was reinstated on July 19, 2024 as outlined above. This violation warranted his termination as a State Bar employee, disgorgement of his salary that he was paid while suspended, disciplinary charges requesting disbarment and vacating the proceedings against the attorneys he prosecuted.

350.     None of those things happened. Instead, State Bar hearing department Judge Cynthia Valenzuela issued an Order in the case of Sherry Lee Collins for either Mr. Binder or one of his supervising attorneys: Sherell McFarlane, Christopher Jaggard or George Cardona to provide a list of all cases he appeared in the court.

43

351.     Supervising attorney Sherell McFarlane supplied a list of Mr. Binder's cases to Judge Valenzuela by filing it in the Sherry Lee Collins matter which had been defaulted.

352.     However, Supervising attorney Sherell McFarlane did not list "all" cases in the State Bar court that Mr. Binder had worked on during his suspension. For example, the case of Mr. Woodhouse was missing from the list.

353.     The conduct of Ms. McFarlane was misrepresentative and an act of moral turpitude on the grounds Ms. McFarlane knew of the Woodhouse case because she was the supervising attorney on that case, too.

354.     Nevertheless, Judge Valenzuela then merely issued an order that retroactively "affirmed" the filings that were made by Mr. Binder while he was suspended (on inactive status). She never issued an Order to Show Cause why any of the Supervising attorneys failed to ensure that the work was being done by an attorney with an active license at the State Bar violating Judicial Canons 1 through 4. This was improper.

355.     Furthermore, although nothing was filed in the Woodhouse matter advising Judge Roland of Mr. Binder's suspension, on August 1, 2024 Judge Roland issued a minute order striking Mr. Binder's papers based on his suspension in July. State Bar prosecutors and judges are not supposed to have extrajudicial communications; however, Ms. Albert is informed and believes that the extrajudicial communications demonstrated in the Binder matter is an example of the type of extrajudicial communications corrupting the administrative or judicial process that occurred in Ms. Albert's cases to her injury.

356.     At or near the same time that State Bar was concealing Mr. Binder's UPL, the State Bar advertised Ms. Albert's disbarment on X (formerly Twitter), LinkedIn and Facebook.

357.     Plaintiffs Leslie Westmoreland and Lenore Albert were treated differently from Alexander Binder, Defendant Sherell McFarlane, and Defendant George Cardona.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

358.     Additionally, *Respondent V,* which Plaintiff is informed and believes and alleges thereon was a man who was not suspended or disbarred for the same violation of UPL.

359.     Mr. Abels, another man also was not disbarred for the same violation of UPL.

360.     Defendant's own failure to comply with the Code shows that his actions towards Plaintiffs were not solely based on his desire to avoid violations of the rules of professional conduct within the legal profession.

**The Data Breach**

361.     The Defendant State Bar of California, by and through Defendant State Bar's Chief Administrative Officer ("CAO") Steve Mazer, and Leah Wilson, purchased a case management system ("CMS") named Odyssey from Defendant Tyler Technologies, Inc. and installed it in or about 2018. The CMS included the Odyssey Portal, which has been blamed, in part, as the cause of the data breach due to its failure to **have an adequate access control check** on said portal.

362.     Steve Mazer, the Defendant, is the employee who authorized Leah Wilson's procurement of the CMS and Odyssey Portal from Tyler Technologies, a Defendant. Mazer chose this option despite being a more costly low-code/no-code solution over customized software offered by another company at a lower price.

363.     Defendant Steve Mazer is the employee who also approved and/or entered into the contract with Defendant Rick Rankin to act as the Interim Information Technology Director of the State Bar.

364.     When the system was installed, Defendant Steve Mazer approved paying Defendant Tyler Technologies additional funds to perform implementation and administration services of the Odyssey CMS, including the Odyssey Portal, and paying Defendant Rick Rankin as the IT Director.

365.     However, ensuring adequate security measures were in place was a nondelegable duty of the State Bar because all State Bar complaints and investigations

45

must remain confidential until public Notice of Disciplinary Charges is filed under Bus & Prof Code § 6086.1.

366.   **(b)** All disciplinary investigations are confidential until the time that formal charges are filed and all investigations of matters identified in paragraph (2) of subdivision (a) are confidential until the formal proceeding identified in paragraph (2) of subdivision (a) is instituted. These investigations shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act (Division 10 (commencing with Section 7920.000) of Title 1 of the Government Code). This confidentiality requirement may be waived under any of the following exceptions:**(1)** The licensee whose conduct is being investigated or has been investigated consents to a public announcement or disclosure.

Bus. & Prof. Code, § 6086.1

367.     The State Bar's confidential investigations are so highly confidential that a bar member is not entitled to learn of the investigation, obtain notice of State Bar subpoenas, or even obtain the records the State Bar acquired against or on the member as part of their confidential investigation.

368.     Bus & Prof Code §§ 6086 and 6025 confer powers on the State Bar to adopt rules of procedure.

369.     At the time of the data breach, the State Bar adopted Rules of Procedure, Rule 2301, which provided that "the files and records of the Office of Chief Trial Counsel are confidential."

370.     State Bar Rules of Procedure, Rule 2302(e)(2) similarly provided: "(a) information concerning inquiries, complaints or investigations is confidential and shall not be shared outside of the State Bar Office of Chief Trial Counsel."

46

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

371.      These complaints are to be considered "highly confidential" which public policy would forbid the confidence to be violated.

372.      The State Bar knew that a charge from a complaint, no matter how guiltless the attorney might be, if generally known, would do the attorney irreparable harm even though the attorney is cleared by the State Bar.

373.      Plaintiff Lenore Albert is informed and believes and alleges thereon that the State Bar of California informed Defendants Tyler Technologies, Inc., Rick Rankin, and Does 1 through 50 how "highly confidential" these State Bar investigations were and that the State Bar intended to use Odyssey and/or Odyssey Portal in the Department of the Office of Chief Trial Counsel ("OCTC") where these records were created, maintained, and/or stored.

374.      The State Bar learned that the software they were using, Odyssey and/or Odyssey Portal, failed to have an or had an inadequate access control check, which allowed Plaintiff Lenore Albert's identity tied to one or more confidential State Bar investigations to be accessed, scraped, and/or harvested by third parties online.

375.      The supplier of Odyssey/Odyssey Portal, Defendant Tyler Technologies, Inc., realized that it had sold Odyssey Portal to multiple other state, county, and local agencies throughout the United States without a proper access control check in place and nonpublic information from those databases was posted on the Internet, too.

376.      Defendant Tyler Technologies and the State Bar of California decided to withhold information from Plaintiff Lenore Albert regarding any confidential investigations with her name until all issues with thirteen other California agencies had been resolved.

377.      The Defendants went to great lengths to control the narrative and hide the information away from the public as they worked on this massive breach.

378.      Lenore Albert later learned that the State Bar had already identified the victims of the State Bar data breach, including her, by February 28, 2022, and had

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

finished their analysis of the breach by March 9, 2022. However, the State Bar refused to answer her questions unnecessarily, causing her anxiety and frustration to grow.

379.     Plaintiff Lenore Albert later learned that on March 9, 2022, Defendant Tyler Technologies, Inc. employee Jeremy Ward, who was put in charge of working with Kevan Schweitzer, the operator of JudyRecords.com, told Schweitzer that Tyler Technologies decided to put a "hold[] on the CA clients" and "deal with" all of its California clients in "a single bucket."

380.     The State Bar still had not told the Plaintiff, Lenore Albert, if she was included in the data breach or what was included in the breach.

381.     So, she agreed to file a putative class action against the State Bar for the data breach, captioned *John Roe v State Bar of California* on March 18, 2022, in the Orange County Superior Court, case no. 30-2022-01250695-CV-AT-CXC.

382.     The State Bar of California waived its Eleventh Amendment immunity, which resulted in the case being removed to federal court: *John Roe v State Bar of California*, case no 22-cv-00983-DFM.

383.     Thereafter, the Plaintiff, Lenore Albert, received an email alleging that her identity, which was linked to confidential State Bar investigations, had been exposed on JudyRecords.com. The May 22, 2022, email also mentioned evidence of a page view, indicating that other people had seen the information.

384.     The email failed to provide details about confidential investigations on JudyRecords.com, information on Lenore Albert from the docket, and whether this information could be found on search engines, paid sites, or the Dark Web.

385.     Plaintiff Lenore Albert asked Defendant State Bar employees Cindy Chan, Benson Hom, and Sherell McFarlane to identify the confidential State Bar investigations against her. She made a Public Records Act request and even asked Defendant Leah Wilson for the information on April 4, 2022, but was denied the information on the grounds of confidentiality. Outraged that she was not privy to the confidential details third parties saw online about her, this left her feeling frustrated,

48

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

worried, and anxious about what third parties might have seen in the investigation dockets.

386.        The Plaintiff, Lenore Albert did not permit, consent, or authorize her identity attached to confidential State Bar investigations to be posted onto the internet.

387.        As a direct and proximate result of the unreasonable conduct of Defendants Steve Mazer, Rick Rankin, Tyler Technologies, the State Bar of California, Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt, and Does 1 through 50, and each of them, jointly and severally, the identity of the Plaintiff, Lenore Albert was associated with multiple baseless confidential State Bar investigations that were posted on the internet and viewed by others.

388.        Plaintiff, Lenore Albert invested around $25.00 each month in credit and dark web monitoring to address and oversee potential dark web exposures. This action was prompted by the data breach, which led to the Plaintiff's email address being compromised on the dark web, causing considerable time and effort to combat others in their attempt to login to her email, in addition to spam and phishing attacks.

389.        The Plaintiff, Lenore Albert, devoted valuable time to exhaustively scouring the internet for any signs of the confidential State Bar investigations being disclosed. Consequently, Lenore Albert has suffered a profound loss of peace of mind.

### Vicarious Liability of Tyler Technologies

390.        Abigail Diaz. Tyler Technologies, Inc.'s chief legal officer, oversaw the discovery in the State Bar data breach case John *Roe v State Bar of California* and was involved in authorizing what happened in that matter.

391.        Plaintiffs are informed and believe and allege thereon that Abigail Diaz authorized, permitted, let, consented, directed or adopted and approved, acquiesced in or ratified using the California State Bar disciplinary process to gain a benefit or advantage in the data breach case of *John Roe v State Bar of California*.

392.        Abigail Diaz, Tyler Technologies, Inc.'s chief legal officer, Jeremy Ward an employee in the tech department, and Doe Defendants 5 through 50 were Tyler

49

Technologies employee and/or agent; and Abigail Diaz, Jeremy Ward and Doe Defendants 5 through 50 were acting within the scope of its employment and/or agency when it harmed Plaintiffs making Tyler Technologies, Inc. jointly and severally liable.

## Presentment of Claims

393.     Plaintiffs Lenore Albert, James Ocon, Ryan McMahon, Larry Tran, Theresa Marasco, and Leslie Westmoreland, filed claims under the California Tort Claims Act with the Defendant State Bar of California and the claims have been denied within the past six months of filing this pleading to the extent such claims are applicable.

394.     Plaintiffs Lenore Albert, James Ocon, Ryan McMahon, Larry Tran, Theresa Marasco, and Leslie Westmoreland, filed claims under the EEOC, and all claims are still being processed.

395.     Plaintiffs Lenore Albert, James Ocon, Ryan McMahon, Larry Tran, Theresa Marasco, and Leslie Westmoreland, reserve the right to supplement and amend their pleadings upon presentment of a right to sue letter from the EEOC under the Sibley interference theory.

## The Conspiracies

396.     After Ms. Albert initiated the *John Roe v State Bar of California* data breach case, she discovered Defendants State Bar of California and Tyler Technologies conspired to mislead the public about the nature and extent of the data breach.

397.     Plaintiff, Lenore Albert is informed and believes that thirteen other state agencies in California suffered the same data breach, but the breach was covered up by Defendants State Bar of California and Tyler Technologies causing the delay in notification that she had page views of confidential investigations tied to her name posted online.

398.     Plaintiff, Lenore Albert is informed and believes that the nature and extent of the data breach showed the State Bar employees were abusing their power for their own personal interest by performing pre-litigation confidential State Bar investigations on other members of the Bar which was covered up by Defendants State

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Bar of California and Tyler Technologies and was a substantial factor in agreeing to have Ms. Albert disbarred in order to avoid providing the proof to her.

399.    Defendants agreed orally or in writing or implied by the nature of the acts done to cover up the above information in order that the public would not find out and thereby agreed to have Ms. Albert taken out of the picture by way of disbarment.

400.    Even if Defendants Tyler Technologies and/or the State Bar of California including Defendants George Cardona, Cindy Chan, Benson Hom, Steve Mazer, Rick Rankin, Leah Wilson and Suanne Grandt did not personally commit a wrongful act or did not know all of the details of the agreement or the identities of all of the other participants, Defendants, and each of them still conspired to commit a wrongful act as alleged herein.

401.    Defendants' participation can be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators.

### Delayed Discovery

402.    Plaintiff, Lenore Albert, did not discover, and a reasonable and diligent investigation would not have disclosed, that the State Bar would go to the lengths of issuing an interim suspension and disbarment when it was supposed to turn over discovery in the data breach case of *John Roe v State Bar of California* which disqualified her as counsel and contributed to Ms. Albert's harm.

403.    Discovery and investigation are ongoing to determine the number and nature of pre-litigation unlawful searches and seizures/confidential investigations initiated by the State Bar against the Plaintiff, Lenore Albert, as well as the purpose and individuals involved. Additionally, the Plaintiff has been unable to uncover these facts earlier due to the State Bar and their employee's refusal to disclose the existence of confidential investigations to Plaintiff and as such will need to use the discovery process to discover the same.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

### Other Proceedings Tolled the Statute of Limitations

404.     The statute of limitations was tolled while Plaintiff, Lenore Albert was representing the Plaintiff attorneys in the putative class action, *John Roe v State Bar of California* until March 13, 2024, because she could not represent the Plaintiffs in a putative class action and be a Plaintiff at the same time. Furthermore, the statute of limitations was tolled while Ms. Albert was in bankruptcy from 2018 to present, case no. 18-bk-10548-SC, specifically in the adversary proceeding captioned *Albert-Sheridan v State Bar of California,* case no. 18-ap-1065-SC wherein the State Bar was adjudged in contempt on January 27, 2023, but third parties including Nira Woods and David Bitzer were dismissed. Furthermore, the State Bar had filed baseless, harassing actions against Ms. Albert in case no. 20-O-00045 regarding nonpayment to 10675 S Orange Park Blvd. LLC which opposing counsel Philip Green tried to collect from Plaintiff Lenore Albert's bankruptcy estate; and case no. 21-O-30638 regarding payment of $3,625.00 to Bonnie Kent and $6,395.00 to David Bitzer (confidential investigation numbers 17-O-05418 and 18-O-11088). Those cases were not dismissed until August 7, 2024, equitably tolling the statute of limitations.

405.     Defendants Rick Rankin, Tyler Technologies, the State Bar of California, and its employees, received timely notice that Lenore Albert filed a tort claim for the data breach on March 14, 2022, but could not act on it because she was counsel for Plaintiffs in the putative class action, *John Roe v State Bar of California,* case no. 30-2022-01250695-CU-AT-CXC filed on March 18, 2022 in the Orange County superior court until she was disbarred by the State Bar on July 17, 2024. The facts of the putative class action and this claim are so similar that an investigation of the putative class action gave or would have given Defendants the information needed to defend this lawsuit.

406.     Plaintiff, Lenore Albert was acting reasonably and in good faith by representing the other attorneys in the putative class action until she was disqualified and disbarred on July 17, 2024.

52

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

**Agency or Acting in Concert**

407.        Additionally, Defendant Tyler Technologies, Inc. and the State Bar of California by and through Defendants George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, Leah Wilson, Ruben Duran, and/or Steve Mazer (the "State Bar Defendants") both delayed and deferred discovery until Plaintiff's license was suspended in the data breach case.

408.        Facts exist to support a causal link between the protected activity of filing the Data breach lawsuit on behalf of approximately 191,000 lawyers, former judges and complainants and the proximity in time between the protected action and the retaliatory decision to discipline Albert and disbar her.

409. On March 18, 2022, Plaintiff Lenore Albert filed the State Bar data breach putative class action in state court.

410. On April 29, 2022, the State Bar filed notice of public disciplinary charges in this case against Plaintiff Lenore Albert.

411. On or about May 13, 2022 Defendant State Bar of California consented to federal jurisdiction and Defendant Tyler Technologies, Inc. removed the state case to federal court.

412. April 3, 2023 4:13PM, Judge McCormick dismissed the antitrust claims finding the allegation that the State Bar would attempt to regulate federal practice fanciful and implausible and remanded the case back to state court.

413. April 3, 2023 4:21PM, seven minutes later State Bar recommended discipline of eighteen-month suspension for Plaintiff Lenore Albert.

414. July 21, 2023, Tyler Technologies, Inc. along with the State Bar filed a joint case management statement informing the state court in the data breach case: "Defendants also note that Plaintiffs' counsel, Lenore Albert, is currently the subject of a State Bar disciplinary proceeding. On April 3, 2023, the State Bar Court found Ms. Albert culpable of six counts of professional misconduct and recommended that she "be suspended for a period of three years, stayed, and placed on probation for three years with conditions to

53

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

include an 18-month actual suspension." *In re Albert*, Case No. SBC-22-O-30348-DGS, at 2 (Apr. 3, 2023). Ms. Albert is currently appealing this recommendation. **Should Ms. Albert's license be suspended**, **she will not be able to continue representing Plaintiffs in this case**."

415. December 8, 2023, Judge Sherman grants protective order to Plaintiffs in State Bar data breach case

416. Both Defendant Tyler Technologies, Inc. and the State Bar continue to refuse to enter into a protective order for discovery or turn over discovery responses in the case after the Court's IDC.

417. January 12, 2024, Judge Sherman overruled the demurrer by Defendant State Bar (breach of mandatory duty under Bus & Prof Code 6086.1) and overruled the demurrer by Defendant Tyler Technologies, Inc. (negligence) in the data breach case.

418. March 1, 2024, Defendant the State Bar requested an extension of time to file its demurrer and produce discovery – Ms. Albert granted an extension of time to March 11, 2024, for filing demurrers on the condition the Defendant produced the discovery responses by the prior Friday, March 8, 2024.

419. On March 1, 2024, Defendant Tyler Technologies, Inc. also requested an extension of time to file its demurrer and represented it believed it could produce its discovery responses on March 5, 2024.

420. On March 5, 2024, Defendant Tyler Technologies, Inc. did not produce its discovery.

421. On March 7, 2024, Judge Sherman signed a protective order for discovery after previously ordering the Defendants to submit their discovery to Plaintiff's counsel in the data breach case.

422. On March 8, 2024 at 3:47PM, Defendant State Bar's counsel represented "We are going to need a few more days to get the documents out and are aiming now for the middle of next week.  The reason we need more time is that our client contact was out of the office from 2/23, just returning Wednesday March 6, and needs additional time to

54

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

review/authorize the production. Everything is in order, and we are just pending approval to serve the link with the documents."

423. On Friday, March 8, 2024 at 6:00PM, Defendant Tyler Technologies, Inc. turned over some discovery.

424. On Monday, March 11, 2024 at 4:24PM, the State Bar Review Department issued its Opinion of Disbarment with an Interim Suspension

425. On March 11, 2024 at 6:37PM, the State Bar filed and served its demurrer in the data breach case but did not serve the discovery responses.

426. On March 12, 2024, the State Bar refused to turn

427. over documents and discovery responses based on Plaintiff Lenore Albert's impending suspension.

428. On March 14, 2024, the State Bar suspended Plaintiff Lenore Albert's ability to practice law disqualifying her from representing the Plaintiffs in the data breach case.

429. After Plaintiff was disbarred no other attorney has been willing to take on the putative class action even though it has: (1) the causes of the breach; (2) one cause of action against the State Bar of California and one cause of action against Tyler Technologies, Inc. that beat the demurrer; (3) an identifiable class size in excess of 1,100 with admitted page views; (4) a class of approximately 200,000 people with confidential State Bar records that were published on the internet; and (5) case precedent which has held that identity of an attorney under confidential State Bar investigation is irreparable harm to the attorney.

430. Based on the facts and circumstances alleged, Defendant Tyler Technologies, Inc. and the State Bar of California Defendant(s) were in an agency relationship, a conspiracy with each other or acting in concert with each other by having Plaintiff Lenore Albert suspended or disbarred in order to derail the State Bar data breach litigation.

431. Alternatively, Defendant Tyler Technologies, Inc. ratified or knowingly received a benefit from the acts or omissions of the State Bar and its employees making

55

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Defendant Tyler Technologies, Inc. liable for the acts of the Defendant State Bar and its employees because Defendant Tyler Technologies, Inc. made a conscious and affirmative decision to approve the relevant acts of Defendant State Bar and its employees while in possession of full and complete knowledge of all relevant events.

**Defendant Estopped from Asserting Statute of Limitations**

432.     Plaintiff Lenore Albert claims that even if her lawsuit was not filed on time, she may still proceed because the State Bar did or said something that caused Lenore Albert to delay filing the lawsuit.

433.     The State Bar said it was frivolous or fanciful to assert the State Bar would attempt to regulate the practice of law in federal court after it filed disciplinary charges against Lenore Albert for unauthorized practice of law in federal court when she was suspended in state court but her license in that federal court showed it remained active. Such representation in the putative class action, *John Roe v State Ba of California* caused Lenore Albert to believe that it would not be necessary to file a lawsuit.

434.     Lenore Albert relied on the State Bar's conduct and therefore did not file the lawsuit within the time otherwise required.

435.     A reasonable person in Lenore Albert's position would have relied on the State Bar's conduct.

436.     After the limitation period had expired, the State Bar's representations by words or conduct proved to not be true because it disbarred Ms. Albert for purported unauthorized practice of law in federal court on July 17, 2024.

437.     From March 11, 2024 through to the present Ms. Albert has been forced to draft and redraft notices, responses, and motions regarding this turn of events, approximately 2 million words to explain what has happened to other courts she maintained a license in, objecting to reciprocal discipline, thus making this filing timely.

438.     After filing her petition for cert. to the United States Supreme Court, which was docketed on September 10, 2024, Lenore Albert proceeded diligently to file suit once she discovered the need to proceed.

## CLAIMS PLED IN CHRONOLOGICAL ORDER

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983

### Unreasonable Search and Seizure

**By Plaintiffs Lenore Albert, Larry Tran, Ryan McMahon, and Theresa Marasco against Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt**

439.     Plaintiffs incorporate the allegations in paragraphs 1 to 438 as though fully set forth herein.

440.     The Plaintiffs Lenore Albert, Larry Tran, Ryan McMahon, and Theresa Marasco bring their claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

441.     On or about September 26, 2016, State Bar employee Defendant Sherell McFarlane unreasonably searched and/or seized Lenore Albert's personal accounts pre-litigation that would reveal Ms. Albert's financial resources, including but not limited to such as her commercial bank accounts she opened, her signature card, and other information collected by her financial institutions without a warrant or notice to Lenore Albert in violation of a clearly established right under the Fourth Amendment and/or Fourteenth Amendment of the U.S. Constitution.

442.     On or about July 26, 2019, State Bar employee Defendant Katherine Kinsey unreasonably searched and/or seized Lenore Albert's password-protected online accounts, including but not limited to her password protected Yelp account she opened, her comments, communications, and other information collected by Yelp pre-litigation and on that basis Lenore Albert alleges that State Bar employee Katherine Kinsey invaded Plaintiff's right to privacy or searched and/or seized Lenore Albert's communications or property without a warrant or notice to Plaintiff Lenore Albert in

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

violation of a clearly established right under the Fourth Amendment and/or Fourteenth Amendment of the U.S. Constitution.

443.     In or about 2020 Plaintiff Lenore Albert discovered that on or about November 29, 2017, State Bar employee Defendant Benson Hom caused an unreasonable search and/or seizure or attempted to search and seize all of Lenore Albert's communications with Ocwen Loan Servicing pre-litigation without a warrant, consent, or notice to Lenore Albert in violation of a clearly established right under the Fourth Amendment and/or her Fourteenth Amendment of the U.S. Constitution.

444.     After Defendant Cindy Chan filed the Second Amended Notice of Disciplinary Charges against Albert in August 2022, On or after September 24, 2022, Plaintiff Lenore Albert discovered Joel Spann of Severson & Werson subpoenaed Plaintiff Lenore Albert for all communications Plaintiff Lenore Albert had with Plaintiff Theresa Marasco from January 11, 2018 through to the present on August 30, 2022, and on that basis Lenore Albert alleges that State Bar employee Defendant Cindy Chan invaded Plaintiff's right to privacy or unreasonably searched and/or seized Lenore Albert's communications or property without a warrant or notice to Lenore Albert or attempted to do so in violation of a clearly established right under the Fourth Amendment and/or Fourteenth Amendment of the U.S. Constitution.

445.     On or about November 1, 2022, Plaintiff Lenore Albert discovered Defendant Suzanne Grandt employed in the Office of General Counsel acted under color of state law investigating Lenore Albert's involvement in the *Noble v Wells Fargo* Ninth Circuit appeal by contacting adversary attorney Kamran Javendal, and on that basis Lenore Albert alleges that State Bar employee Suzanne Grandt invaded Plaintiff's right to privacy or unreasonably searched and/or seized Lenore Albert's communications or property without a warrant or notice to Lenore Albert in violation of a clearly established right under the Fourth Amendment and/or Fourteenth Amendment of the U.S. Constitution.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

446.    Defendant Cindy Chan attempted to cover up such communications and withheld evidence of it on November 1, 2022 when confronted with it by Plaintiff Lenore Albert.

447.    The manner and scope of each search into Plaintiff Lenore Albert's affairs as alleged herein was unreasonable and unjustified.

448.    Plaintiff, Lenore Albert is informed and believes and alleges thereon that discovery will uncover other secret searches and invasions of privacy conducted by Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt.

449.    For example, on February 6, 2018, September 3, 2019, and March 8, 2020, insurance defense counsel David Seal received two documents and also acted as a confidential informant for the State Bar. These documents relate to Ms. Albert's 2008 whistle-blowing incident, alleging that defense attorney Jon Holdaway from Arent Fox accessed work product on the attorney-Plaintiff-only CAALA listserve. One of the documents was secured in attorney Steve Glickman's desk. After Ms. Albert blew the whistle, she was removed from the Listserve so she could not inform other members who the "rat" was. Her membership was terminated. Instead of filing charges against Jon Holdaway, there was an agreement with CAALA for him to leave the state of California. Hence, Plaintiff, Lenore Albert is informed and believes and alleges that the State Bar employees committed a search and seizure of said documents and gave them to David Seal.

450.    On or about September 2020, former State Bar employee Erin Joyce had Ms. Albert personally served with a subpoena at her Joshua Drive address in Trabuco Canyon, California an address which was not provided to her at that time or publicly listed with the U.S. postal service and on that basis Lenore Albert alleges that State Bar employees current and former freely used the investigative tools provided to the Office of Chief trial counsel to invade Plaintiff's right to privacy or secretly search and/or seize Lenore Albert's communications and property without a warrant or notice to Lenore

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Albert in violation of a clearly established right under the Fourth Amendment and/or Fourteenth Amendment of the U.S. Constitution.

451.     On February 24, 2022, the State Bar data breach exposed the abuse of the investigations in the Office of Chief Trial Counsel, and Plaintiff Lenore Albert informed the California Department of Justice and/or others, but they did nothing.

452.     Plaintiff discovered on or about November 28, 2023, that from May 2022 through July 2022 the Defendant State Bar of California notified approximately 256,559 people (95,288 emails and 161,271 regular mail) that their identity tied to one or more of the 322,525 confidential State Bar investigation that had appeared on JudyRecords.com as part of the data breach.

453.     The number of confidential investigations and people notified outnumbered the number of active attorneys.

454.     Ms. Albert is informed and believes and alleges thereon that the State Bar employees, including but not limited to Defendants Sherell McFarlane, Katherine Kinsey, Cindy Chan, Benson Hom and Suzane Grandt were abusing their position of power and the confidential State Bar investigation process, treating their investigative subpoena power like secret warrants, in violation of the Fourth Amendment and Fourteenth Amendment rights.

455.     Ms. Albert engaged in protected activity in the furtherance of attempting to stop the abuse and corruption in *John Roe v State Bar of California* litigation.

456.     The State Bar went to great lengths to prevent Ms. Albert from obtaining evidence to prove the State Bar was violating the Fourth Amendment of its members on a massive scale in the *John Roe v State Bar of California* case, including the extreme measure of disbarring her. Initially, the State Bar, through Defendant Tyler Technologies, agreed to move the data breach case to federal court and waive immunity, when initial discovery responses were due in May 2022.

457.     Following the case being sent back to state court after April 3, 2023, the State Bar filed an application to stay discovery.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

458.     When this was rejected, they withheld the evidence until a protective order was signed by the court.

459.     However, the Defendants then delayed signing the stipulated protective order in any form from November 2023 to **February 27, 2024**.

460.     After the protective order was signed on **March 7, 2024**, the State Bar was supposed to turn over their discovery on Friday, **March 8, 2024**.

461.     The State Bar then used an outside associate attorney Chris Webber to obtain an extension of time to March 12, 2024 on the grounds the discovery was ready but Defendant Suzanne Grandt and possibly others needed more time to review it first.

462.     Then on Monday, **March 11, 2024**, the State Bar issued its Order disbarring Ms. Albert and suspending her license to practice law in the interim.

463.     The State Bar refused to turn over its discovery based on the State Bar Review order of interim suspension.

464.     Plaintiff is informed and believes and alleges thereon that the discovery would have shown Defendants Sherell McFarlane, Katherine Kinsey, Cindy Chan, Benson Hom and Suzane Grandt, and possibly others, had abused their position of power and the confidential State Bar investigation process beyond the facts Plaintiff was made aware of in violation of Plaintiff Lenore Albert's Fourth Amendment and Fourteenth Amendment rights.

465.     This sequence of events effectively kept the hard evidence that Ms. Albert requested out of her hands.

466.     The act[s] and/or failure to act of Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt deprived the Plaintiff of particular rights under the United States Constitution.

467.     Plaintiff, Lenore Albert suffered a privacy injury.

468.     The conduct of Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt was an actual and proximate cause of the claimed injury.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

469.    Based on the Defendants' conduct and each of them, Plaintiff is informed and believes and alleges thereon that Defendants Cindy Chan, Benson Hom and Suzanne Grandt were aware of Plaintiff Lenore Albert's financial income and income potential from her employment by Plaintiff Larry Tran, Theresa Marasco, Ryan McMahon and Chad Pratt, NZ and the other John Roe Plaintiffs on March 14, 2024 when her license was abruptly revoked.

470.    As a further direct and proximate cause, Plaintiffs Larry Tran, Theresa Marasco and Ryan McMahon were also harmed when the Defendants interfered with their employment of Plaintiff Lenore Albert.

471.    Plaintiffs Larry Tran, Theresa Marasco, and Ryan McMahon further alleged that Defendants Cindy Chan, Benson Hom, and Suzanne Grandt invaded their right to privacy or conducted unlawful searches into their cases in violation of their Fourth and/or Fourteenth Amendment rights.

472.    Plaintiffs Larry Tran, Theresa Marasco, and Ryan McMahon also suffered a privacy injury.

473.    The conduct of Defendants Benson Hom, Cindy Chan, and Suzanne Grandt was an actual and proximate cause of the claimed injury.

474.    Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt were acting under the color of state law and are sued in their personal capacity, entitling Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, and Ryan McMahon to damages for the harm caused by the Defendants' past violations.

475.    Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, and Ryan McMahon are entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all Defendants.

476.    The conduct of Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt was intentional, malicious, reckless, callous, or

done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983

### Supervisor Liability

### By Plaintiffs Lenore Albert, Larry Tran, Ryan McMahon, and Theresa Marasco against Defendants Ruben Duran and George Cardona

477.     Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, and Ryan McMahon incorporate the allegations in paragraphs 1 through 476 above as though fully set forth herein

478.     On or about August 27, 2021, Defendant George Cardona was appointed to Chief Trial Counsel of the State Bar of California and responsible for supervising Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom and Cindy Chan.

479.     Vanessa Holton was the supervisor of Defendant Suzanne Grandt until Ellin Davtyan was appointed on or about July 11, 2022.

480.     Ellin Davtyan has not been sued because Plaintiffs are informed and believe and allege thereon that she was not competent to fill the role of General Counsel and on that ground has sued former board of trustee Ruben Duran for the appointment.

481.     Defendants George Cardona and Ruben Duran acted under color of state law.

482.     The act[s] and/or failure to act of the supervisory Defendant's subordinate[s] Defendants Cindy Chan, Benson Hom, and Suzanne Grandt deprived the Plaintiff of particular rights under the Fourth and/or Fourteenth Amendment of the United States as explained in the first cause of action;

483.     Plaintiff is informed and believes and alleges thereon that supervisory Defendant George Cardona either directed subordinate[s] Defendant Cindy Chan and Benson Hom in the act[s] or failure to act that deprived the Plaintiff of these rights.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

484.     Plaintiff is informed and believes and alleges thereon that supervisory Defendant Ruben Duran either directed subordinate[s] Defendant Suzanne Grandt in the act[s] or failure to act that deprived the Plaintiff of these rights.

485.     Alternatively, Plaintiff is informed and believes and alleges thereon that supervisory Defendant George Cardona and Defendant Ruben Duran set in motion a series of acts by subordinates Defendant Suzanne Grandt, Cindy Chan and Benson Hom, or knowingly refused to terminate a series of acts by subordinates Defendant Suzanne Grandt, Cindy Chan and Benson Hom, that the supervisor knew or reasonably should have known would cause the subordinates to deprive the Plaintiff of these rights.

486.     Alternatively, Plaintiff is informed and believe and alleges thereon that supervisory Defendants George Cardona and Ruben Duran knew that the subordinates Defendants Cindy Chan, Benson Hom and Suzanne Grandt were engaging in these acts and knew or reasonably should have known that the subordinates' conduct would deprive the Plaintiff of these rights; and the supervisory Defendants George Cardon and Ruben Duran failed to act to prevent the subordinates from engaging in such conduct.

487.     Alternatively, supervisory Defendant George Cardona failed to properly train subordinates Defendants Cindy Chan and Benson Hom and disregarded the obvious and known consequences that a particular training deficiency or omission would cause his subordinates to violate Plaintiff's constitutional rights and said lack of training caused the deprivation of Plaintiff's rights.

488.     Plaintiff Lenore Albert suffered a privacy injury.

489.     The conduct of Defendants Ruben Duran and George Cardona was an actual and proximate cause of the claimed injury.

490.     Defendants Ruben Duran and George Cardona were acting under color of state law, and are sued in their personal capacity entitling Plaintiff, Lenore Albert, to damages for the harm caused by the Defendants past violations.

491.     When Plaintiff Lenore Albert notified Ruben Duran of the ongoing harassment in a ten-page letter, he failed to promptly act on it on February 23, 2023.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

492.     When Plaintiff Lenore Albert notified Defendant George Cardona of the ongoing retaliation and harassment in the same ten-page letter, he denied it without investigating the issue on February 24, 2023.

493.     Plaintiff Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all Defendants.

494.     Based on the Defendants' conduct and each of them, Plaintiff is informed and believes and alleges thereon that Defendants Ruben Duran and George Cardona were aware of Plaintiff Lenore Albert's financial income and income potential from her employment by Plaintiff Larry Tran, Theresa Marasco, Ryan McMahon and Chad Pratt, NZ and the other John Roe Plaintiffs on March 14, 2024 when her license was abruptly revoked.

495.     As a further direct and proximate cause, Plaintiffs Larry Tran, Theresa Marasco and Ryan McMahon were also harmed when the Defendants interfered with their employment of Plaintiff Lenore Albert.

496.     Plaintiffs Larry Tran, Theresa Marasco, and Ryan McMahon further alleged that Defendants Ruben Duran and George Cardona invaded their right to privacy or conducted unlawful searches into their cases in violation of their Fourth and/or Fourteenth Amendment rights.

497.     Plaintiffs Larry Tran, Theresa Marasco, and Ryan McMahon also suffered a privacy injury.

498.     The conduct of Defendants Ruben Duran and George Cardona was an actual and proximate cause of the claimed injury.

499.     Defendants Ruben Duran and George Cardona were acting under the color of state law and are sued in their personal capacity, entitling Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, and Ryan McMahon to damages for the harm caused by the Defendants' past violations.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

500.     Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, and Ryan McMahon are entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all Defendants.

501.     The conduct of Defendants Ruben Duran and George Cardona was intentional, malicious, reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

502.     The conduct of Defendants Ruben Duran and George Cardona was intentional, malicious, reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

### THIRD CAUSE OF ACTION

**42 U.S.C. § 1983**

**Right to Privacy**

**By Plaintiff Lenore Albert against Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt, Ruben Duran and George Cardona**

503.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 502, above as though fully set forth herein.

504.     Alternatively, to the first cause of action, Alternative to the first cause of action, Plaintiff Lenore Albert brings her claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

505.     Plaintiff Lenore Albert had a fundamental right to privacy and a reasonable expectation of privacy in her individual interest in avoiding disclosure of personal matters. Such as her personal financial and bank records; the terms of her office lease; online activity that was password protected including online posts, comments, or

66

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

communications that were revised; and other unknown items Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan and Suzanne Grandt may have obtained under the supervision or direction of Defendants George Cardona and Ruben Duran.

506.     As alleged above, Plaintiff Lenore Albert learned that Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt, George Cardona and Ruben Duran were secretly collecting various information about Plaintiff without a warrant or notice to Lenore Albert in violation of a clearly established right under the Fourteenth Amendment of the U.S. Constitution.

507.     Plaintiff suffered a privacy injury.

508.     The conduct of Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt, George Cardona and Ruben Duran were an actual and proximate cause of the claimed injury.

509.     Defendants Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt, Ruben Duran and George Cardona were acting under color of state law, and are sued in their personal capacity entitling Plaintiff, Lenore Albert, to damages for the harm caused by the Defendants past violations.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. §1983

### Chilling Free Speech Under Threat of Disciplinary Action

### By Plaintiff Lenore Albert against Defendants Benson Hom and Cindy Chan

510.   Plaintiff incorporates the allegations made in paragraphs 1 through 438 above as though fully set forth herein.

511.   Plaintiff Lenore Albert brings her claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

67

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

512.   On or before July 26, 2019, Plaintiff Lenore Albert was engaged in a constitutionally protected activity, responding to fake public online negative reviews about her law practice.

513.   Defendants Benson Hom and Cindy Chan opened a State Bar investigation against Plaintiff Lenore Albert and threatened her that if she did not remove her responses or otherwise defend herself online by responding to negative reviews, which violated her First Amendment rights under the U.S. Constitution.

514.   The actions of Defendant Benson Hom and Cindy Chan taken against the Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity.

515.   The Plaintiff's protected activity was a substantial factor or motivating factor in Defendant Benson Hom and Cindy Chan's conduct.

516.   The Defendants chilled Plaintiff Lenore Albert's free speech under threat of further disciplinary action.

517.   The acts of Defendants Benson Hom and Cindy Chan deprived the Plaintiff of her clearly established rights under the First Amendment of the United States Constitution.

518.   Defendant Cindy Chan and Benson Hom kept the State Bar investigation about Plaintiff's responses to negative internet reviews open until Plaintiff was disbarred on July 17, 2024.

519.   Plaintiff, Lenore Albert alleges that State Bar employees Cindy Chan and Benson Hom actions would likely have deterred a reasonable person from defending her reputation online or filing another civil rights lawsuit against the State Bar.

520.   Plaintiff Lenore Albert suffered irreparable reputation damages as a result of the Defendants' unconstitutional violations.

521.   Plaintiff's harm included online reputation damage, shame, ridicule, humiliation, mortification, and grievous mental pain and suffering, shunning, loss of business, attacks from opposing counsel, and it interfered with business prospects in amount not less than $500,000.00.

522.   Defendant State Bar employee Benson Hom and Cindy Chan were acting under color of state law, in their personal capacity entitling Plaintiff, Lenore Albert, to damages for the harm caused by the Defendants' past violations.

523.   The conduct of Defendants Benson Hom and Cindy Chan was an actual and proximate cause of the claimed injury.

524.   Defendants Benson Hom and Cindy Chan were acting under color of state law, and are sued in their personal capacity entitling Plaintiff, Lenore Albert, to damages for the harm caused by the Defendants past violations.

525.   Defendants Benson Hom, and Cindy Chan's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

## FIFTH CAUSE OF ACTION

### Negligence

### Data Breach

### By Plaintiff Lenore Albert against Tyler Technologies, Inc.

526.   Plaintiff incorporates paragraphs 1 through 525 above as though fully set forth herein.

527.   On May 22, 2022 Plaintiff, Lenore Albert received an email representing that her identity was posted on the internet in connection with one or more confidential State Bar matters due to the data breach and there was evidence of a page view by a third party.

528.   However, Plaintiff was already representing the other attorneys in the data breach class action case against the State Bar of California, Tyler Technologies, Inc. and Rick Rankin so she could not personally act on that information.

529.   Prior to filing the complaint Plaintiff Lenore Albert asked the State Bar if she was in the data breach and she filed her tort claim form on March 14, 2022 but the State Bar refused to give her any details.

530.   As such, she was diligent in filing her claims in her own right after she was disbarred on July 17, 2024.

69

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

531. Defendant Tyler Technologies was negligent for failure to have an adequate access control check in place on its product called Odyssey Portal, the failure of which was below industry standards.

532. An access control check is a reasonable security measure to protect the access of personal or confidential information from unauthorized users (third parties).

533. Defendant Tyler Technologies as the software developer of the Odyssey Portal and the one who performed maintenance from time to time on the software, owed Plaintiff, Lenore Albert a duty to implement and maintain adequate security measures to safeguard Plaintiff, Lenore Albert's identity in connection with any confidential State Bar investigations that could be accessed through the Odyssey Portal consistent with public policy, State Bar policies, statutes, and privacy laws.

a. It was foreseeable that Plaintiff, Lenore Albert would be harmed if Tyler Technologies' Odyssey failed to have an access control check because it sold the product to the State Bar of California for its use in the Office of Chief Trial Counsel where confidential State Bar investigations are initiated and stored.

b. It was reasonably certain that the Plaintiff, Lenore Albert would suffer a privacy injury without a proper access control check on the Odyssey Portal after the State Bar started to use it.

c. Defendant Tyler Technologies, Inc.'s conduct is closely connected to the injuries the Plaintiff, Lenore Albert, suffered.

d. Defendant Tyler Technologies, Inc. bears some moral blame for failing to protect confidential information by failing to have an adequate access control check in place in the Odyssey Portal that it sold to the State Bar for $5 million dollars as part of a case management system package.

534. It is foreseeable that the identity of attorneys under State Bar investigation would reach the internet when there was no access control check maintained on the Odyssey platform/Odyssey Portal the State Bar chose to purchase from Tyler Technologies, Inc.

535. Industry standards include performing adequate access control checks periodically on all software that is public facing like the Odyssey Portal.

70

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

536.   Such industry standards have been outlined by the California Department of Justice in a publication dated February 2016, defining what "constitutes a lack of reasonable security" to include the CIS Controls published by the Center for Internet Security's Critical Security Controls (CIS Controls), NISTR800-88r1, NISTR SSDF, OWASP, and other cybersecurity best practices outlined by SAFECode, the Software Alliance, OWASP, the Council of Registered Security Testers (CREST), and the PCI Security Standards Council. These CIS Controls available at (https://www.cisecurity.org/controls) include:

a.      Control 01: Inventory and Control of Enterprise Assets

b.      Control 03: Data Protection

c.      Control 06: Access Control Management

d.      Control 07: Continuous Vulnerability Management

e.      Control 14: Security Awareness and Skills Training

f.      Control 15: Service Provider Management

g.      Control 16: Application Software Security

h.      Control 17: Incident Response Management

i.      Control 18: Penetration Testing

537.   Defendant Tyler Technologies, Inc. breached one more of the duties alleged above.

538.   As a direct and proximate cause of Defendant Tyler Technologies Inc.'s breach, Plaintiff Lenore Albert was harmed.

539.   Defendant Tyler Technologies' negligence was a substantial factor in causing Plaintiff Lenore Albert's harm.

540.   Plaintiff Lenore Albert suffered a privacy injury.

541.   As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her but not being able to get any kind of confirmation as to what was exactly posted from the Defendants.

542.   Shortly after the breach was announced, Plaintiff Lenore Albert was alerted that her contact information appeared on the dark web.

543.   She then started experiencing an onslaught of new phishing scams and spam which was time consuming to deal with.

544.   Additionally, Plaintiff, Lenore Albert will forever be the target of her adversaries like CI Seal or CI Diamond who actively search for negative information about her to further damage her reputation.

545.   Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

546.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); and damage to her reputation.

**SIXTH CAUSE OF ACTION**

**Negligence**

**Data Breach**

**By Plaintiff Lenore Albert against Defendant Rick Rankin**

547.   Plaintiff incorporates paragraphs 1 through 546 above as though fully set forth herein.

548.   Defendant Rick Rankin, as the interim Information Technologies Director of the State Bar of California when the Odyssey Portal was installed and maintained was under a duty to implement reasonable security measures to safeguard the 322,525 confidential State Bar investigations the State Bar Office of Chief Trial Counsel had amassed and/or adequately supervise, train, and employ those who can implement reasonable security measures at the State Bar.

72

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

549. On or about February 2016, the California Department of Justice defined what "constitutes a lack of reasonable security" to include the CIS Controls published by the Center for Internet Security's Critical Security Controls (CIS Controls), NISTR800-88r1, NISTR SSDF, OWASP, and other cybersecurity best practices outlined by SAFECode, the Software Alliance, OWASP, the Council of Registered Security Testers (CREST), and the PCI Security Standards Council. These CIS Controls(availableathttps://www.cisecurity.org/controls) include:

a. Control 01: Inventory and Control of Enterprise Assets

b. Control 03: Data Protection

c. Control 06: Access Control Management

d. Control 07: Continuous Vulnerability Management

e. Control 14: Security Awareness and Skills Training

f. Control 15: Service Provider Management

g. Control 16: Application Software Security

h. Control 17: Incident Response Management

i. Control 18: Penetration Testing

550. For example, Defendant Rick Rankin could have advised the State Bar employees to encrypt all confidential State Bar investigations.

551. If the confidential State Bar investigations had been encrypted, then it would be highly unlikely that third parties would have been able to decipher the identity of the attorneys who were investigated even after a breach.

552. Additionally, the Plaintiff's injuries resulted from an occurrence, the nature of which the statute including Bus & Prof Code §6086.1 or regulation industry data security standard was designed to prevent.

553. Defendant Rick Rankin breached his duty by failing to ensure reasonable security procedures as outlined by the Center for Internet Security's Critical Security Controls (CIS Controls) and other industry standards listed above were performed on the Odyssey Portal which would allow others to obtain access to the State Bar confidential investigations.

554. As a direct and proximate result of the breach, Plaintiff Lenore Albert was harmed.

555. Defendant Rick Rankin was a substantial factor in causing Plaintiff Lenore Albert's harm.

556. Plaintiff Lenore Albert suffered a privacy injury.

557. As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her but not being able to get any kind of confirmation as to what was exactly posted from the Defendants.

558. Shortly after the breach was announced, Plaintiff Lenore Albert was alerted that her contact information appeared on the dark web.

559. She then started experiencing an onslaught of new phishing scams and spam which was time consuming to deal with.

560. Additionally, Plaintiff, Lenore Albert will forever be the target of her adversaries like CI Seal or CI Diamond who actively search for negative information about her to further damage her reputation.

561. Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

562. Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); and damage to her reputation.

## SEVENTH CAUSE OF ACTION

### Negligence of Public Entity

### Mandatory Duty – Data Breach

### By Plaintiff Lenore Albert against the State Bar of California

563.   Plaintiff incorporates paragraphs 1 through 562, above as though fully set forth herein.

564.   Defendant State Bar of California waived its Eleventh Amendment immunity as to this cause of action on May 13, 2022.

565.   The identity of the Plaintiff, Lenore Albert, was posted on the internet in connection with a confidential State Bar investigation because the State Bar of California failed to use reasonable care in keeping this information confidential.

566.   Defendant State Bar of California was under a mandatory duty to keep all State Bar investigations confidential unless and until public notice of disciplinary charges were filed pursuant to Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302.

567.   The enactment of these statutes and rules were designed to protect against the type of harm (privacy harm) suffered by the Plaintiff Lenore Albert.

568.   The State Bar is under no obligation to investigate any one member of the bar; however, it chose to put Plaintiff Lenore Albert under intense investigation over the past ten years, bringing about an additional duty to refrain from engaging in conduct that places the person under investigation. Once the State Bar collects confidential information, it is not the rule of the bar or its officers to distribute that confidential information or allow it to be distributed onto the internet.

569.   The scope of the agency's powers to initiate confidential investigations and collect confidential information without notifying the member of the investigation or the contents thereof is broad.

570.   But the scope of the Bar's authority, when it undertakes to collect this information and begin an investigation obligates the bar to then make sure such confidential information or investigation it initiates is securely stored away from public view which

Plaintiff, Lenore Albert would expect to be consistent with the State Bar's own Ethics Opinion on this issue No. 20-0004 published on or about August 10, 2021.

571.   Defendant State Bar of California as the initiator of confidential investigations and collector of personal information owed Plaintiff, Lenore Albert a duty to implement and maintain adequate security measures to safeguard Plaintiff, Lenore Albert's personal information and existence of nonpublic State Bar investigations consistent with public policy, State Bar policies, statutes, and California privacy laws.

572.   It was foreseeable that Plaintiff, Lenore Albert would be harmed if the State Bar of California failed to use reasonable care in ensuring confidential State Bar investigations were securely stored in a way third parties could not access them or if they did could not read them because they were encrypted.

573.   It was reasonably certain that the Plaintiff, Lenore Albert, would suffer a privacy injury if those confidential investigations were made public.

574.   Defendant State Bar of California breached its duty of care, by and through its employees that it owed to Plaintiff Lenore Albert.

575.   As a direct and proximate result of the breach, Plaintiff Lenore Albert was harmed.

576.   Defendant State Bar of California was a substantial factor in causing Plaintiff Lenore Albert's harm.

577.   Plaintiff Lenore Albert suffered a privacy injury.

578.   As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her but not being able to get any kind of confirmation as to what was exactly posted from the Defendants.

579.   Shortly after the breach was announced, Plaintiff Lenore Albert was alerted that her contact information appeared on the dark web.

580.   She then started experiencing an onslaught of new phishing scams and spam which was time consuming to deal with.

76

581. Additionally, Plaintiff, Lenore Albert will forever be the target of her adversaries like CI Seal or CI Diamond who actively search for negative information about her to further damage her reputation.

582. Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

583. Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); and damage to her reputation.

## EIGHTH CAUSE OF ACTION

### 42 U.S.C. §1983 - First Amendment Retaliation

### Retaliation for Pursuing the Data Breach Case

### By Plaintiff Lenore Albert against Defendants Steven Mazer, Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona

584. Plaintiff, Lenore Albert incorporates the allegations in paragraphs 1 through 583 above as though fully set forth herein.

585. Plaintiff Lenore Albert brings her claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

586. Defendants Steve Mazer, Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona acted under color of state law in their personal capacity entitling Plaintiff Lenore Albert to damages.

587.   The acts and/or failure to act of the Defendants Steve Mazer, Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona deprived the Plaintiff Lenore Albert of clearly established rights under the First Amendment of the United States Constitution.

588.   Plaintiff Lenore Albert was injured.

589.   The conduct of Defendants Steve Mazer, Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona was an actual and proximate cause of the claimed injury as alleged in the facts above and to wit as follows.

590.   On March 18, 2022, Plaintiff Lenore Albert engaged in constitutionally protected activity by filing a putative class action case against the Defendant State Bar of California, Tyler Technologies, Inc. and Rick Rankin for data breach.

591.   In retaliation, on April 29, 2022, Defendant State Bar of California employees Suzanne Grandt, Benson Hom and Cindy Chan investigated and filed disciplinary charges under the supervision of defendants Ruben Duran and George Cardona against Plaintiff Lenore Albert for purported UPL in a federal court.

592.   Even if there was probable cause to file the charges, the State Bar would not initially pursue them because they involved behavior that was unlikely to be repeated and had not caused any harm to a client, the public, or the courts, as determined by the State Bar Court.

593.   The actions of Defendants Suzanne Grandt, Cindy Chan, Ruben Duran, George Cardona, and Benson Hom would chill a person of ordinary firmness from continuing to engage in the protected activity.

594.   Plaintiff is informed and believes and alleges thereon that Defendant Steve Mazer, who authorized the contract to purchase Tyler Technologies, Inc.'s software and hire defendant Rick Rankin as the interim IT Director, in his position as the AO, directed, permitted, condoned, authorized, acquiesced in or ratified the conduct of Defendants Suzanne Grandt, Cindy Chan, Ruben Duran, George Cardona and Benson Hom to derail plaintiff Lenore Albert.

78

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

595.    The protected activity of Plaintiff filing the data breach class action case against Defendants State Bar of California, Tyler Technologies, Inc. and Rick Rankin was a substantial or motivating factor in the Defendant's conduct.

596.    Plaintiff Lenore Albert spent seventeen years building a great business and developed a stellar reputation in the legal community until the State Bar of California employee Defendant Sherell McFarlane came after Plaintiff in retaliation for Plaintiff Lenore Albert filed a civil rights case against the State Bar on December 3, 2014.

597.    After Plaintiff Lenore Albert's license to practice law was reinstated on May 5, 2021, she invested time and expense in rebuilding her reputation in the legal community.

598.    Plaintiff cannot escape the feeling that Defendants Sherell McFarlane, Cindy Chan, Benson Hom, Suzanne Grandt, George Cardona, and Ruben Duran misled various judges, fabricated evidence, complaints, and violations, all with the sole purpose of shutting down Plaintiff Lenore Albert's law practice.

599.    On or about December 4, 2014, Lenore Albert sued the State Bar for violating her civil rights and disrupting her business.

600.    From December 5, 2000 through December 4, 2014 Ms. Albert had no public record of discipline.

601.    Shortly thereafter attorneys David Seal and Greg Diamond were allowed to freely harass Plaintiff Lenore Albert without discipline or admonishment by the State Bar.

602.    Then, on or about December 15, 2015, in retaliation for Plaintiff Lenore Albert filing that lawsuit in 2014, State Bar employee Sherell McFarlane investigated and filed disciplinary charges against Plaintiff.

603.    In retaliation, Defendants Suzanne Grandt, Sherell McFarlane, Katherine Kinsey, Cindy Chan, Benson Hom and their supervisors Leah Wilson, George Cardona and Ruben Duran also kept Ms. Albert under constant investigation for the past ten years.

604.    When Plaintiff Lenore Albert filed for bankruptcy protection under Chapter 13 on February 20, 2018, Defendant Suzanne Grandt retaliated by withholding reinstatement of Plaintiff's license to practice law until Plaintiff's designation of attorney was removed from the ballot in the Orange County DA race in April 2018.

79

605.   Defendant Maricruz Farfan sent Plaintiff Lenore Albert her terms of probation on March 20, 2018 which required Plaintiff Lenore Albert to meet with Defendant Maricruz Farfan before March 16, 2018 in retaliation.

606.   Then on or about January 29, 2020 Defendant Cindy Chan pursued disciplinary action against Plaintiff Lenore Albert for violating her probation conditions after Defendant Maricruz Farfan referred the matter off to her.

607.   When Plaintiff appealed a dismissal of her adversary proceeding against the State Bar of California in August 2018, the State Bar disciplined Plaintiff for sending opposing counsel a $75.00 check instead of a $47.00 (an overpayment) as a violation of a court order.

608.   Even if such conduct alleged here or in the timeline of the facts above constituted a violation, it was not of the type that typically resulted in discipline.

609.   The State Bar advertised Ms. Albert's disbarment on Facebook, LinkedIn, and X (formerly known as Twitter).

610.   The State Bar disbarment under the State Bar Act was without probable cause because the State Bar Act does not apply to practice in federal court and Bus & Prof Code § 6124 which she was found to have violated does not even exist in the Code.

611.   The actions of Defendants Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona would likely have deterred a reasonable person from continuing in their legal profession in California.

612.   The Plaintiff Lenore Albert's protected activity was a substantial or motivating factor in Defendant Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona's conduct.

613.   Lenore Albert was harmed.

614.   Defendants Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona were an actual and proximate cause of Plaintiff Lenore Albert's harm.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

615.   Plaintiff Lenore Albert was suspended for three years on a 30-day suspension from 2018 through 2021 and she was abruptly suspended on March 14, 2024 then disbarred on July 16, 2024.

616.   As a direct and proximate result of the disbarment, Plaintiff Lenore Albert was reciprocally disbarred by the Eastern District and the State Bar of Michigan.

617.   The only court that has decided this and refused to disbar Plaintiff Lenore Albert based on the California State Bar disbarment to date is the U.S. Supreme Court.

618.   As a further proximate result of the harassment and retaliation, Plaintiff suffered reputation damage and business loss.

619.   Plaintiff Lenore Albert was placed in such a pressure cooker she started to experience tachycardia.

620.   On or about July 3, 2023 she suffered a stroke like condition and by September 23, 2023 she was hospitalized with a variety of maladies for approximately eight days.

621.   Due to the Defendant's constant interference in Plaintiff's business affairs, Plaintiff was effectively run out of town which exacerbated Plaintiff's medical conditions and delayed her after care leading to further pain, discomfort and worry.

622.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all Defendants.

623.   Defendants Steve Mazer, Maricruz Farfan, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

### NINTH CAUSE OF ACTION

### 42 U.S.C. §1983 - First Amendment Retaliation

### Retaliation

**By Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon against Defendants Steve Mazer,**

81

**Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona**

624.    Plaintiffs incorporate the allegations in paragraphs 1 through 623 above as though fully set forth herein.

625.    Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon bring their claim[s] under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

626.    Plaintiff Lenore Albert was employed by Plaintiffs Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon as more fully alleged in the fact above.

627.    Defendants Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona knew of the relationship.

628.    Defendants Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran, and George Cardona engaged in wrongful conduct that violated the Plaintiffs' clearly established rights under the First and Fourteenth Amendments with the intention of harassing and retaliating against Plaintiff Lenore Albert.

629.    Defendants Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona acted under color of state law in their personal capacity entitling Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon to damages.

630.    Defendants retaliated against Plaintiff Lenore Albert which resulted in a continuous flow of distracting State Bar investigations, disciplinary actions, suspensions and disbarment.

631.    On March 11, 2024 the State Bar Review Department issued a recommendation for disbarment with an abrupt interim suspension to begin three short days thereafter although there was no finding of harm to Plaintiff Lenore Albert's clients or the public.

632.    Plaintiff Lenore Albert petitioned the California supreme court for review.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

633.   Defendant Patricia Rodriquez, Chief Justice of the California supreme court, summarily denied review.

634.   The court failed to supervise the State Bar's conduct to ensure their recommendation was in conformity with the terms of Bus & Prof Code § 6001.1.

635.   One did not have to read through the record to know that the Review Department's recommendation was based on a nonexistent statute or that the factual findings were either not violations or were not alleged in the Notice of Disciplinary charges.

636.   By engaging in this conduct, Defendants Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur.

637.   The relationship was disrupted when Defendants Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona's actions resulted in investigating and prosecuting Lenore Albert to revoke her license to practice law during the tour.

638.   The abrupt suspension of Plaintiff Lenore Albert left Plaintiffs Leslie Westmoreland, Theresa Marasco, Larry Tran and Ryan McMahon unprotected contrary to Bus & Prof Code § 6001.1.

639.   As more fully alleged in the facts, from 2021 to the present, Plaintiffs James Ocon, Larry Tran, Ryan McMahon, Leslie Westmoreland, and Theresa Marasco engaged in constitutionally protected activity by petitioning for grievances, providing notices to, filing declarations, and testifying in support of Plaintiff Lenore Albert when she was being harassed or retaliated against by the State Bar.

640.   The actions of Defendants Suzanne Grandt, Cindy Chan and Benson Hom would chill a person of ordinary firmness from continuing to engage in the protected activity.

641.   The protected activity of Plaintiff filing the data breach class action case against Defendants State Bar of California, Tyler Technologies, Inc. and Rick Rankin was a substantial or motivating factor in the Defendant's conduct.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

642. Plaintiffs Leslie Westmoreland, Theresa Marasco, Larry Tran and Ryan McMahon gave the Defendants notice that they were left unprotected and sought an exception for further representation in their cases to avoid harm.

643. Thereafter, the California supreme court disbarred Ms. Albert effective July 17, 2024, notwithstanding the notice Plaintiffs Theresa Marasco, Larry Tran and Ryan McMahon gave.

644. Plaintiffs Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon were injured.

645. Plaintiff **Ryan McMahon** suffered a loss of obtaining representation in his case against the city of Vallejo and faces the risk of losing his case without counsel and other monetary damages.

646. Furthermore, Plaintiff Ryan McMahon filed a State Bar complaint against his former attorney Alison Berry-Wilkinson for violating his confidentiality, but the investigation has been unnecessarily prolonged for over nine months.

647. It only took the Defendants eight months to file charges against Plaintiff Lenore Albert on April 29, 2022 and hold the hearing on her matter in December 2022.

648. Despite at least three different inquiries made by Plaintiff Ryan McMahon, he has been unable to obtain any updates regarding the status of the case.

649. This lack of communication and transparency appears to be a deliberate strategy that undermines the integrity of the process and raises questions about the motivations behind these delays.

650. Furthermore, Plaintiff Ryan McMahon had a sanctions motion against Alison Berry-Wilkinson pending based on her filing of confidential information about Plaintiff Ryan McMahon in the record.

651. It is important to note that a conflict of interest existed between Plaintiff Ryan McMahon and former attorney Alison Berry-Wilkinson.

652. Alison Berry-Wilkinson exploited over a decade of confidential information about plaintiff Ryan McMahon for her new client, Whitney.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

653. Consequently, the court identified this conflict and disqualified Alison Berry-Wilkinson.

654. Despite the disqualification and exploitation of confidential information by Alison Berry-Wilkinson, the California State Bar has taken no action over the past nine months on this issue.

655. Plaintiff **Larry Tran's case** was still pending in the pleading stage in state court when the State Bar suspended and disbarred Plaintiff Lenore Albert.

656. Plaintiff Larry Tran was forced to abruptly amend and defend against a demurrer to his causes of action in an area of law he was unfamiliar with, which took him additional time he could have spent earning money at his job.

657. His type of suit customarily comes with an attorney's fee award and without a lawyer his case is automatically devalued when it comes to settlement.

658. As a result, Plaintiff Larry Tran suffered the loss of obtaining representation in his case against Tesla, Inc. and faces the risk of losing additional value in his case without counsel and other monetary damages of at least $75,000.00 or in an amount to be proven at trial.

659. Plaintiff **Leslie Westmoreland** lost representation in the *John Roe v State Bar of California, et al* data breach class action as a putative class member. The other attorneys fear retaliation from the State Bar of California so no one else will step into the case although it passed the demurrer stage and is ready to be certified.

660. Plaintiff **Theresa Marasco's case** was set for trial on or about April 7, 2024; and she was now abruptly without counsel.

661. As a result, Plaintiff Theresa Marasco suffered a loss of a jury award and her day in court, being compelled to quickly settle, in the face of the risk of losing at trial without counsel.

662. Furthermore, Plaintiff, Theresa Marasco filed a complaint with the State Bar against her attorneys she retained before Plaintiff, Lenore Albert who was given approximately $36,000.00 on a questionable lien out of the settlement.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

663.   Although she filed the complaint in March 2024, the State Bar has not required the attorneys Arpa and Whitney to turn over the unearned fees to Plaintiff, Theresa Marasco.

664.   As a further direct and proximate result, Plaintiff, Theresa Marasco had to file a fee dispute and lost the use of approximately $36,000.00 in her settlement funds that were communicated and directed to her prior counsel.

665.   Plaintiff Theresa Marasco's case was so close to trial that Plaintiff Lenore Albert had an expectation she would soon have at least $125,000.00 in revenue from the case.

666.   Neither Plaintiff Lenore Albert nor James Ocon could absorb or quickly pivot from the abrupt reversal in expected income.

667.   Plaintiff **James Ocon** had already been crippled by the constant business interruptions and distractions the State Bar threw at Plaintiff Lenore Albert from 2021 through 2022; spending his retirement income previously during the Oconsortium tour as more fully alleged above.

668.   As a result, Plaintiff James Ocon was compelled to file for bankruptcy on or about July 3, 2024, after losing his retirement funds.

669.   Plaintiff **Lenore Albert** suffered a loss of contingent fees and other monetary damages from the State Bar's interference in her employment by Plaintiffs Ryan McMahon, Larry Tran, Theresa Marasco, Chad Pratt, NZ and the other John Roe Plaintiffs in the data breach class action in an amount to be proven at trial estimated to be in excess of $1 million dollars.

670.   On July 19, 2019, Plaintiff **Leslie Westmoreland** employed Plaintiff, Lenore Albert, to assist him on a few cases pursuant to former State Bar Rule 1-311.

671.   In retaliation for employing Lenore Albert, on September 9, 2022, Defendant Cindy Chan filed disciplinary charges against Leslie Westmoreland based on the charges Defendant Cindy Chan filed against Plaintiff, Lenore Albert.

672.   Prior to the Review Department recommending disbarment of Plaintiff Lenore Albert, Defendant Cindy Chan requested, and the State Bar granted disbarment of Leslie Westmoreland which became effective on September 23, 2023 by order of the California

Supreme Court while Plaintiff Lenore Albert's license remained in good standing and active.

673. Plaintiff Leslie Westmoreland had no prior record of discipline and was a member of a protected class based on his ethnicity and age.

674. As a result, Plaintiff Leslie Westmoreland suffered a loss of obtaining representation as an attorney putative class member case against the State Bar of California, Tyler Technologies, Inc. and Rick Rankin; he faces the risk of losing additional value in his case without counsel and other monetary damages.

675. As a further result, Plaintiff Leslie Westmoreland lost his license to practice law, was charged $5,362.00 in State Bar costs, and other monetary damages but not less than $75,000.00.

676. Defendant Sherell McFarlane is partially responsible for the harm on the grounds that the State Bar has a three strikes provision wherein the third disciplinary proceeding presumptively results in disbarment.

677. Defendant Sherell McFarlane suppressed evidence in Plaintiff Lenore Albert first disciplinary proceeding made misrepresentations and pursued a cause on VOID civil discovery orders for an entity that was not even in existence at the time and was not Plaintiff Lenore Albert's client.

678. The acts and/or failure to act of the Defendants Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona deprived the Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon of clearly established rights under the First Amendment and Fourteenth Amendment of the United States Constitution.

679. Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon were injured.

680. The conduct of Defendants Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona was an actual and proximate cause of the claimed injury.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

681.   Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Larry Tran, and Ryan McMahon are entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all Defendants.

682.   Defendants Steve Mazer, Sherell McFarlane, Benson Hom, Cindy Chan, Suzanne Grandt, Leah Wilson, Ruben Duran and George Cardona's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

### TENTH CAUSE OF ACTION

### Negligent Interference with a Prospective Economic Advantage
### By All Plaintiffs against Tyler Technologies, Inc.

683.   Plaintiffs incorporate the allegations in paragraphs 1 through 682 above as though fully set forth herein.

684.   Plaintiff Lenore Albert and Plaintiffs Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon and Larry Tran were in an economic relationship that probably would have resulted in a future economic benefit to all of the Plaintiffs as more fully alleged above.

685.   Defendant Tyler Technologies, Inc. knew of Plaintiff Lenore Albert's economic relationship with Chad Pratt and Plaintiff Leslie Westmoreland because Chad Pratt was a named Plaintiff in the data breach class action case and Plaintiff Leslie Westmoreland was a putative class member wherein Defendant Tyler Technologies, Inc. was a party.

686.   Defendant Tyler Technologies, Inc. knew or should have known of the Plaintiff's economic relationship with Plaintiff Theresa Marasco, Plaintiff Larry Tran, and Plaintiff Ryan McMahon on the grounds Defendant Tyler Technologies, Inc. knew Plaintiff Lenore Albert was an attorney that represented others which could have been easily disclosed by its co-Defendant State Bar of California or independently discovered in the disciplinary proceeding that Defendant referred to in the Case Management Statement or by doing a search in Lexis or Westlaw or other public database like LinkedIn;

88

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

687.   Defendant Tyler Technologies, Inc. knew or should have known that each of these relationships would be disrupted if the Defendant State Bar of California and Defendant Tyler Technologies, Inc. failed to act with reasonable care.

688.   Defendant State Bar of California and Defendant Tyler Technologies, Inc. failed to act with reasonable care.

689.   Defendant State Bar of California employees Suzanne Grandt, Cindy Chan, Benson Hom, and possibly others engaged in wrongful conduct through the administrative overreach of employing the State Bar disciplinary process, suspending Plaintiff Lenore Albert's law license on March 14, 2024, then permanently revoking Plaintiff Lenore Albert's license to practice law on July 17, 2024, to retaliate and gain an advantage in the data breach class action case *John Roe v State Bar of California, et al* because Plaintiff Lenore Albert was the Plaintiffs' counsel, in violation of the First Amendment and Fourteenth Amendment of the U.S. Constitution.

690.   Defendant Tyler Technologies, Inc. was a co-Defendant along with the State Bar of California in the *John Roe v State Bar of California, et al* case and as such received a benefit from the other Defendants' conduct.

691.   Each of the aforementioned economic relationships were disrupted;

692.   Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon and Larry Tran were mutually harmed.

693.   Defendant Tyler Technologies, Inc.'s wrongful conduct was a substantial factor in causing Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon and Larry Tran's harm.

694.   Defendant Tyler Technologies, Inc. was in an agency relationship with the Defendant State Bar of California and as a result is liable for the conduct of Defendant State Bar of California and its employees.

695.   Alternatively, Defendant Tyler Technologies, Inc. directed permitted ratified or acted in concert with Defendant State Bar of California in revoking Plaintiff Lenore Albert's license to practice law to gain an advantage in the State Bar data breach case making Defendant Tyler Technologies, Inc. jointly responsible for the harm caused.

89

696.   Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon, and Larry Tran suffered economic loss including past and future: lost earnings, lost profits, reputational damage, business disruption, and medical expenses.

697.   Plaintiff Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon, and Larry Tran suffered noneconomic damages including past and future: exacerbation of medical issues, pain and suffering, anger, mental anguish, distress, anxiety, exacerbation of depressive disorders, and worry.

## ELEVENTH CAUSE OF ACTION

### Intentional Interference with a Prospective Economic Advantage
### By All Plaintiffs against Tyler Technologies, Inc.

698.   Plaintiffs incorporate the allegations in paragraphs 1 through 697 above as though fully set forth herein.

699.   Plaintiff Lenore Albert and Plaintiffs Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon and Larry Tran were in an economic relationship that probably would have resulted in a future economic benefit to all of the Plaintiffs as more fully alleged above.

*700.*   Defendant Tyler Technologies, Inc. knew of Plaintiff Lenore Albert's economic relation with Chad Pratt, NZ the other Roe Plaintiffs, and Plaintiff Leslie Westmoreland as the Plaintiff and putative class member in the data breach class action captioned *John Roe v State Bar of California, et al.*

701.   Defendant State Bar of California employees Suzanne Grandt, Cindy Chan, Benson Hom, and possibly others, knew of Plaintiff Lenore Albert's economic relationship with Plaintiffs Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon, Larry Tran and third-party Chad Pratt, NZ and the other Roe Plaintiffs.

702.   Defendant State Bar of California employees Suzanne Grandt, Cindy Chan, Benson Hom, and possibly others engaged in wrongful conduct through the administrative overreach of employing the State Bar disciplinary process, suspending Plaintiff Lenore Albert's law license on March 14, 2024, then permanently revoking Plaintiff Lenore Albert's license to practice law on July 17, 2024, to retaliate and gain an

90

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

advantage in the data breach class action case *John Roe v State Bar of California, et al* because Plaintiff Lenore Albert was the Plaintiffs' counsel, in violation of the First Amendment and Fourteenth Amendment of the U.S. Constitution.

703.   Defendant Tyler Technologies, Inc. was a co-Defendant along with the State Bar of California in the *John Roe v State Bar of California, et al* case and as such received a benefit from the other Defendants' conduct.

704.   Defendant Tyler Technologies, Inc. knew that this was a benefit because on July 21, 2023, Tyler Technologies, Inc. along with the State Bar filed a joint case management statement informing the state court in the data breach case: "Defendants also note that Plaintiffs' counsel, Lenore Albert, is currently the subject of a State Bar disciplinary proceeding. On April 3, 2023, the State Bar Court found Ms. Albert culpable of six counts of professional misconduct and recommended that she "be suspended for a period of three years, stayed, and placed on probation for three years with conditions to include an 18-month actual suspension." *In re Albert*, Case No. SBC-22-O-30348-DGS, at 2 (Apr. 3, 2023). Ms. Albert is currently appealing this recommendation. **Should Ms. Albert's license be suspended**, **she will not be able to continue representing Plaintiffs in this case**."

705.   Each of the aforementioned economic relationships were disrupted.

706.   Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon, and Larry Tran were mutually harmed.

707.   Defendant State Bar of California employees Suzanne Grandt, Cindy Chan, Benson Hom wrongful conduct was a substantial factor in causing Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon and Larry Tran's harm.

708.   Defendant Tyler Technologies, Inc. was in an agency relationship with the Defendant State Bar of California and as a result is liable for the conduct of Defendant State Bar of California and its employees.

709.   Alternatively, Defendant Tyler Technologies, Inc. directed, permitted, ratified, or acted in concert with the Defendant State Bar of California in revoking Plaintiff Lenore

Albert's license to practice law to gain an advantage in the State Bar data breach case, making Defendant Tyler Technologies, Inc. jointly responsible for the harm caused.

710.   Plaintiffs Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon and Larry Tran suffered economic loss including past and future: lost earnings, lost profits, reputational damage, business disruption, and medical expenses.

711.   Plaintiff Lenore Albert, Leslie Westmoreland, James Ocon, Theresa Marasco, Ryan McMahon and Larry Tran suffered noneconomic damages including past and future: exacerbation of medical issues, pain and suffering, anger, mental anguish, distress, exacerbation of depressive disorders, anxiety and worry.

712.   Based on the facts and circumstances alleged, Defendant Tyler Technologies, Inc. and the State Bar of California Defendant(s) were in an agency relationship, a conspiracy with each other or acting in concert with each other by having Plaintiff Lenore Albert suspended or disbarred in order to derail the State Bar data breach litigation.

713.   Alternatively, Defendant Tyler Technologies, Inc. ratified or knowingly received a benefit from the acts or omissions of the State Bar and its employees making Defendant Tyler Technologies, Inc. liable for the acts of the Defendant State Bar and its employees because Defendant Tyler Technologies, Inc. made a conscious and affirmative decision to approve the relevant acts of Defendant State Bar and its employees while in possession of full and complete knowledge of all relevant events.

714.   Defendants Tyler Technologies, Inc.'s conduct, authorized or ratified by Defendant's controlling manager Abigail Diaz their Chief Legal Officer was fraudulent, despicable, malicious, in complete disregard of the Plaintiffs' rights or done with an evil intent that needs to be deterred in the future, justifying an award of punitive damages.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

## **TWELFTH CAUSE OF ACTION**

### **42 U.S.C. §1983 - Violation of Due Process**

### **Fall Brady Violation**

### **By Plaintiff Lenore Albert against Defendant Cindy Chan and Chief Justice Patricia Rodriguez**

715.    Plaintiffs incorporate the allegations in paragraphs 1 through 438 above as though fully set forth herein.

716.    Plaintiff Lenore Albert brings her claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

717.    Defendant Cindy Chan prosecuted Plaintiff Lenore Albert on the pretext she UPL in federal court on two instances at a four day State Bar hearing in December 2022.

718.    Defendant Cindy Chan caused Plaintiff Lenore Albert's disbarment under the pretext that Plaintiff Lenore Albert was unlawfully practicing law in federal court while suspended.

719.    The Review Department increased the recommended 18-month suspension to a disbarment finding that Plaintiff Lenore Albert had engaged in settlement negotiations by email while in California in the Grewal matter which was in federal court while she was suspended in state court and as such committed UPL "in California."

720.    At the State Bar hearing Defendant Cindy Chan represented she had turned over everything and included an email purporting to be between Plaintiff Lenore Albert and opposing counsel in the Grewal matter.

721.    It was only part of an email string she carefully selected to make it appear that Plaintiff Lenore Albert had engaged in settlement negotiations.

722.    Defendant Cindy Chan's suppression of the rest of the settlements email string in December 2022 was akin to a Brady violation because the part of the evidence she suppressed was favorable to the accused, Plaintiff Lenore Albert, either because it is exculpatory, or because it is impeaching.

93

723.   Defendant Cindy Chan was the State Bar prosecutor who suppressed the evidence, either willfully or inadvertently; (it was willful because she removed the rest of the conversation in the email string).

724.   Shocked and outraged, Plaintiff Lenore Albert scoured her emails to see I she still had it then produced the missing pages in her State Bar hearing at a later date.

725.   As a result, the State Bar hearing judge did not find that Plaintiff Lenore Albert entered into settlement negotiations with opposing counsel in the Grewal matter.

726.   But the State Bar appealed to the Review Department, asserting the same thing as Cindy Chan because it was a count alleged in the Second Amended Notice of Disciplinary Charges.

727.   Apparently, the Review Department only looked at the State Bar's evidence assuming it was a complete email by the prosecutor and wrongfully found that Plaintiff committed UPL by engaging in settlement discussions with opposing counsel in the Grewal matter thus reversing the State Bar court and increasing the discipline to disbarment with an interim suspension.

728.   The discipline was unjustified in recommending disbarment when the missing pages to the email string showed it was Leslie Westmoreland who engaged in the settlement discussions on March 11, 2024, not Lenore Albert resulting in prejudice, and a substantial reason for justifying the disbarment and as such was a due process violation warranting dismissal of the charges and reinstatement of Plaintiff Lenore Albert's license.

729.   The recommendation of disbarment based on Plaintiff Lenore Albert's alleged wrongdoings when there was a conflict in the findings between the hearing department and review department demonstrate Defendant Chief Justice Patricia Rodriguez didn't monitor or actively supervise the conduct of the State Bar employees to ensure the employees were complying with the law and constitutional mandates under the Fourteenth Amendment of the United States.

730.   As such, Defendants Chief Justice Patricia Rodriguez wrongfully disbarred Plaintiff Lenore Albert based on Defendant Cindy Chan's prosecutorial misconduct.

731.   Plaintiff Lenore Albert had a constitutionally protected interest in her license to practice law as a property interest protected under the Fourteenth Amendment.

732.   Defendant Cindy Chan acted under color of state law; and is being sued in her personal capacity.

733.   Defendant Chief Justice Patricia Rodriguez is being sued only to aid this Court in effectuating any orders such as injunctive relief regarding his license to practice law because Plaintiff Lenore Albert cannot obtain such relief elsewhere.

734.   The act[s] and/or failure to act of Defendant Cindy Chan deprived the Plaintiff Lenore Albert of clearly established rights under the Fourteenth Amendment of the United States Constitution.

735.   Plaintiff, Lenore Albert was harmed because she lost her license to practice law, which was her sole source of financial support, lost her law practice, her reputation, suffered severe emotional distress, and was ordered to approximately $32,500.00 in State Bar costs and sanctions.

736.   As a direct consequence, she is now faced with the challenge of interacting with a smaller version of CI Seal and CI Diamond. During the meetings, she is subjected to misogynistic remarks and harassment from another individual, which serves to exacerbate her post-traumatic stress disorder (PTSD).

737.   Defendant Cindy Chan's conduct was an actual cause of the claimed injury.

738.   Plaintiff is entitled to compensatory economic damages and noneconomic damages from Defendant Cindy Chan.

739.   The Court may also find that the lack of due process caused the disbarment ordering said dismissal of that case to reinstate Plaintiff Lenore Albert's license to practice in the court which Defendant Chief Justice Patricia Rodriguez has the authority to do.

740.   Defendant Cindy Chan's conduct was malicious, despicable, deceitful, reckless, callous, done without regard to Plaintiff Lenore Albert's rights, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

95

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

## **THIRTEENTH CAUSE OF ACTION**

### **42 U.S.C. §1983 - Violation of Due Process**
### **Wrongful Disciplinary Action**
### **By Plaintiffs Lenore Albert and Leslie Westmoreland against Defendants Chief Justice Patricia Rodriguez, George Cardona, Cindy Chan, Suzanne Grandt and Benson Hom**

741.   Plaintiffs incorporate the allegations in paragraphs 1 through 740 above as though fully set forth herein.

742.   Plaintiffs Lenore Albert and Leslie Westmoreland bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

743.   Defendants George Cardona, Cindy Chan, and Benson Hom were assigned to the disciplinary matter of both Plaintiff Lenore Albert and Plaintiff Leslie Westmoreland.

744.   Defendants George Cardona, Cindy Chan, and Benson Hom caused Plaintiff **Leslie Westmoreland's** disbarment under the pretext that Plaintiff Lenore Albert was unlawfully practicing law in federal court while suspended.

745.   Defendants George Cardona, Cindy Chan, and Benson Hom caused Plaintiff Leslie Westmoreland's disbarment before the California supreme court had determined that Plaintiff Lenore Albert was in fact unlawfully practicing law in federal court while suspended.

746.   The recommendation of disbarment based on Plaintiff Lenore Albert's alleged wrongdoings when there was no California supreme court order adopting such findings of Lenore Albert demonstrate Defendant Chief Justice Patricia Rodriguez didn't monitor or actively supervise the conduct of the State Bar employees to ensure the employees were complying with the law and constitutional mandates under the Fourteenth Amendment of the United States.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

747.   As such, Defendants Chief Justice Patricia Rodriguez, George Cardona, Cindy Chan, and Benson Hom wrongfully took Plaintiff, Leslie Westmoreland's license to practice law without due process.

748.   Plaintiff Leslie Westmoreland had a constitutionally protected interest in his license to practice law as a property interest protected under the Fourteenth Amendment.

749.   Defendants George Cardona, Cindy Chan, and Benson Hom acted under color of state law; and are being sued in their personal capacity.

750.   Defendant Chief Justice Patricia Rodriguez is being sued only to aid this Court in effectuating any orders such as injunctive relief regarding his license to practice law because Plaintiff Leslie Westmoreland cannot obtain such relief elsewhere.

751.   The act[s] and/or failure to act of Defendants George Cardona, Cindy Chan, and Benson Hom deprived the Plaintiff Leslie Westmoreland of clearly established rights under the Fourteenth Amendment of the United States Constitution.

752.   Plaintiff, Leslie Westmoreland was harmed.

753.   Defendants George Cardona, Cindy Chan, and Benson Hom conduct was an actual cause of the claimed injury.

754.   Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom caused Plaintiff **Lenore Albert's** disbarment under the premise that Plaintiff Lenore Albert was unlawfully practicing law in federal court while suspended.

755.   Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom had Plaintiff Lenore Albert's license revoked by: (1) using fabricated or suppressed evidence such as only part of the email string on "settlements"; (2) attempted to regulate the practice of law in federal courts; (3) obtained the disbarment based on factual findings that were not in the Notice of Disciplinary Charges and thus made without notice and hearing on those issues; (4) obtained disbarment on fictional statutes such as Bus. & Prof. Code § 6124 which does not exist; and (5) obtained a disbarment on factual findings where there was no notice it would be a violation such as putting "Esq." or ones "State Bar number" or "attorney for" after one's name in a court that still listed Plaintiff Lenore Albert as an active member after Plaintiff Lenore Albert had actually notified the

97

court of her state court suspension; and (6) none of the statutes cited in the Notice of Disciplinary Charges stated that placing "Esq.," "State Bar number," or "attorney for" was a violation in a court where the court's own website represented Plaintiff Lenore Albert was still an active member.

756.   In this case, short of shutting down the State Bar again, reinstating Plaintiff Lenore Albert's license will not make her whole on the grounds the State Bar Defendants will just craft another investigation and disciplinary charges as a reason to take her license away.

757.   After enduring a prolonged and exhausting process with the State Bar, Plaintiff Lenore Albert has reached her limit and feels unable to continue participating in this challenging situation.

758.   The recommendation contained factual findings that were never charged and even violations based a statute that did not exist, demonstrating the Defendant Chief Justice Patricia Rodriguez didn't monitor or actively supervise the conduct of the State Bar employees to ensure the employees were complying with the law and constitutional mandates under the Fourteenth Amendment of the United States.

759.   The unconstitutional overreach of the administrative process was used to gain an advantage in the data breach case of *John Roe v State Bar of California, et al* where Plaintiff Lenore Albert was attorney of record which Defendant Suzanne Grandt monitored and controlled.

760.   As such, Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom wrongfully took Plaintiff, Leslie Westmoreland's license to practice law without due process.

761.   Plaintiff Lenore Albert had a constitutionally protected interest in her license to practice law as a property interest protected under the Fourteenth Amendment.

762.   Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom acted under color of state law; and are being sued in their personal capacity.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

763.   The act[s] and/or failure to act of Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom deprived the Plaintiff Lenore Albert of clearly established rights under the Fourteenth Amendment of the United States Constitution.

764.   Plaintiff, Lenore Albert was harmed.

765.   The conduct of Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom was an actual cause of the claimed injury.

766.   Defendants Suzanne Grandt, Cindy Chan and Benson Hom deprived Plaintiffs, Lenore Albert and Leslie Westmoreland of a right secured by the Constitution and laws of the United States – the Fourteenth Amendment of the U.S. Constitution by regulating Lenore Albert's practice of law in federal court clearly contrary to case precedent *In re McCue,* rules, and regulations that the State Bar Act (Bus & Prof Code § 6001 et seq ) only applies to practice in California state courts.

767.   Additionally, Defendants Suzanne Grandt, Cindy Chan and Benson Hom deprived Plaintiff, Lenore Albert and Plaintiff, Leslie Westmoreland of a right secured by the Constitution and laws of the United States – the Fourteenth Amendment of the U.S. Constitution by not providing Plaintiff, Lenore Albert nor Plaintiff, Leslie Westmoreland with an independent adjudicator because the prosecutor, adjudicator and investigator are all paid from the member dues and State Bar disciplinary costs imposed on the members, including Lenore Albert in the disciplinary system.

768.   On April 4, 2022, after the State Bar had determined what confidential investigations were part of the data breach and had been viewed, Plaintiff Lenore Albert asked Defendant Leah Wilson to disclose what confidential investigations the State Bar had on Plaintiff Lenore Albert, but she failed to disclose that information to Plaintiff.

769.   Furthermore, Defendant George Cardona, as Chief Trial Counsel, has no legitimate reason to withhold from Plaintiff Lenore Albert what State Bar confidential investigations the State Bar had opened on her and what was posted on JudyRecords.com under Bus & Prof Code § 6086.1 on the grounds the notice clearly demonstrates others have viewed what was on JudyRecords.com about Plaintiff thus violating Plaintiff's First Amendment and Fourteenth Amendment rights.

99

770.   Plaintiff Lenore Albert has been harmed by Defendants Leah Wilson and George Cardona's acts or failure to act on her requests she has previously made seeking this information as fully alleged above.

771.   Consequently, the Court should order Defendants Leah Wilson and George Cardona to produce those confidential State Bar investigations to Plaintiff Lenore Albert and everything that was posted about those confidential State Bar records on JudyRecords.com when discovered on February 24, 2022.

772.   Plaintiff Lenore Albert was charged $27,500.00 in State Bar costs to defend herself based in part on a fixed cost sheet that the State Bar creates to meet its own budget including employee salaries and fined an additional $5,000.00 without justification.

773.   Plaintiff Leslie Westmoreland was charged $5,362.00 in State Bar costs without going to a hearing based in part on a fixed cost sheet that the State Bar creates to meet its own budget including employee salaries.

774.   Defendant Suzanne Grandt's salary in 2022 was $215,628.00.

775.   Defendant Cindy Chan's salary in 2022 was $160,764.94.

776.   Defendant Benson Hom's salary in 2022 was $116,644.28.

777.   The State Bar Hearing Judge Saab's salary in 2022 was $209,719.92 and the Review Department Judge Honn's salary in 2023 was $223,795.07.

778.   Ms. Albert was listed as an active member in the federal court while suspended in state court.

779.   Ms. Albert was disbarred on or about July 17, 2024, partly under a nonexistent statute, Bus & Prof Code §6124, per Judge Honn's written opinion that the California Supreme Court denied review.

780.   Another violation occurred when Defendant Suzanne Grandt worked with Wells Fargo and/or Kamran Javendal, Tyler Technologies, and Doe 1 through Doe 50, pre-litigation to prevent Ms. Albert from continuing in the practice of law for their own benefit thereby intentionally violating Ms. Albert's rights as more fully alleged in the fact section above (year 2022).

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

781.   Defendants and each of them demanded an enormous amount of time and attention from Plaintiff Lenore Albert interfering with her other matters including but not limited to the Oconsortium from 2020 while she was suspended to when her license was reinstated through 2022.

782.   The Defendants and each of them also interfered with her cases after her license was reinstated in 2021.

783.   In the past two years, the State Bar Defendants have sent Plaintiff Lenore Albert approximately 595 emails alone (an average of one every 2-3 days).

784.   An additional violation occurred when Defendants Cindy Chan and Benson Hom intentionally violated Ms. Albert's rights by creating a pre-litigation report, then going forward with the wrongful prosecution on April 29, 2022, without obtaining a supervisor's signature on the report (permission). Alternatively, said Defendants violated due process rights of Plaintiff, Lenore Albert by omitting the supervisor approval from the report.

785.   Finally, Plaintiff Lenore Albert was placed on an interim suspension and sanctioned $5,000.00 in a matter where there was no finding of client harm or potential harm to the public in violation of her Fourteenth Amendment rights.

786.   The actions taken against Ms. Albert were arbitrary, discriminatory, and done in bad faith in comparison to the State Bar's treatment of *Respondent V* who received a private admonishment for unauthorized practice of law and State Bar employee Alexander Binder who received no disciplinary action at all.

787.   The stress of the State Bar finding no client or public harm yet finding culpability while ignoring federal constitutional law demonstrating that there was an abusive purpose afoot was a substantial factor in causing Plaintiff Lenore Albert's stress relating to a stroke-like condition on July 3, 2023.

788.   The Defendants ran her out of state, which delayed her medical care after having serious medical incidents in June 2023 and September 2023, causing further pain, discomfort, and worry.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

789.   Lenore Albert was harmed in amounts not less than $500,000.00 and up to $11 million as a result.

790.   Defendant Suzanne Grandt, George Cardona, Cindy Chan and Benson Hom's wrongful acts were a substantial factor in causing Lenore Albert's harm.

791.   Plaintiff Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, and costs.

792.   Defendant George Cardona, Cindy Chan and Benson Hom's wrongful acts were a substantial factor in causing Leslie Westmoreland's harm.

793.   Plaintiff Leslie Westmoreland is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, and costs.

794.   Plaintiff Leslie Westmoreland seeks mandatory injunctive relief from the Defendant Chief Justice Patricia Rodriguez, to reinstate his license or enjoin the disbarment and costs order void for violating Plaintiff's constitutional due process rights and barring the state from prosecuting Plaintiff for the same charges concerning aiding and abetting the practice in federal court in the future.

795.   Plaintiff Lenore Albert seeks mandatory injunctive relief from the Defendant Chief Justice Patricia Rodriguez, to seal all State Bar Disciplinary orders concerning Lenore Albert, remove them from the California Supreme Docket, and cause Lenore Albert's name to be removed from the California State Bar website, X (formerly Twitter), LinkedIn, and Facebook.

796.   Plaintiff Lenore Albert seeks mandatory injunctive relief from the Defendant Chief Trial Counsel George Cardona for failing and refusing to turn over all of the confidential State Bar investigations the State Bar opened against Plaintiff Lenore Albert and the JudyRecords pages that identified Plaintiff Lenore Albert in relation to the confidential State Bar investigations that ended up online and discovered on February 22, 2022.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

797.   Defendants George Cardona, Cindy Chan, Benson Hom, Suzanne Grandt's conduct was deceitful, reckless, callous, done without regard to Plaintiff Lenore Albert or Leslie Westmoreland's rights, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION

### 42 U.S.C. 1983

### By Plaintiff Ryan McMahon, Theresa Marasco, and Larry Tran against Defendants George Cardona, Cindy Chan, and Benson Hom

798.   Plaintiffs incorporate the allegations in paragraphs 1 through 438 and 741 through 797, as though fully set forth herein.

799.   Plaintiffs Ryan McMahon, Theresa Marasco, and Larry Tran bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

800.   Defendants George Cardona, Cindy Chan, and Benson Hom were assigned to the disciplinary matter of Plaintiff Lenore Albert.

801.   Defendants George Cardona, Cindy Chan, and Benson Hom caused Plaintiff Lenore Albert disbarment under the pretext that Plaintiff Lenore Albert was unlawfully practicing law in federal court while suspended in retaliation for filing the data breach case *John Roe v State Bar of California, et al* as more fully alleged above.

802.   Plaintiffs in the data breach case plus Ryan McMahon, Theresa Marasco, and Larry Tran all petitioned the courts to allow Plaintiff to remain representing them in their ongoing legal matters as more fully alleged above but Defendants George Cardona, Cindy Chan, and Benson Hom ignored their requests contrary to Bus & Prof Code §6001.1, which required protection of the public shall be the highest priority above discipline.

803.   Plaintiffs Ryan McMahon, Theresa Marasco, Larry Tran, and each of them abruptly lost representation in their pending cases that were active with only 36 hours'

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

notice even though the State Bar court found that Defendants George Cardona, Cindy Chan and Benson Hom failed to prove that Lenore Albert had harmed her clients or the public.

804.    Plaintiffs Ryan McMahon, Theresa Marasco, Larry Tran, and each of them could not quickly find counsel, and as a result, were harmed.

    a.    Harmed Plaintiff Ryan McMahon's federal litigation Case No. 23-cv-01972-KJM-JDP on or about May 24, 2024, violating Plaintiff Ryan McMahon's 14th Amendment rights culminating in the wrongful disbarment of his attorney in federal court based on the State court disbarment that occurred on July 17, 2024, which continues to adversely impact his life to this day.

    b.    Harmed Plaintiff Theresa Marasco's state court Case No. 19SMCV00056 on or about March 12, 2024, violating Plaintiff Theresa Marasco's 14th Amendment rights culminating in the wrongful disbarment of her attorney on July 17, 2024, which continues to adversely impact her life to this day.

    c.    Harmed Plaintiff Larry Tran's state court Case No. 23STCV02546 on or about May 16, 2024, violating Plaintiff Larry Tran's 14th Amendment rights culminating in the wrongful disbarment of his attorney on July 17, 2024, which continues to adversely impact his life to this day.

805.    Plaintiffs allege that the disparaging treatment against their lawyer, Lenore Albert, adversely affected their ability to find new counsel to represent them in ongoing litigation which was clearly in violation of Bus & Prof Code §6001.1 and their First Amendment and Fourteenth Amendment rights.

806.    Plaintiffs Ryan McMahon, Theresa Marasco, and Larry Tran filed declarations with the courts or gave testimony to the State Bar that a suspension would harm their case, but Defendants George Cardona, Cindy Chan, and Benson Hom were deliberately indifferent to the harm they were causing these specific individuals or intentionally meant to harm and cripple their legal matters.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

807. Plaintiffs Ryan McMahon, Theresa Marasco, and Larry Tran had a constitutionally protected interest to be able to seek legal redress under the First Amendment, fair notice before their attorney was suspended and to be heard under the Fourteenth Amendment.

808. The act[s] and/or failure to act of Defendants George Cardona, Cindy Chan, and Benson Hom deprived the Plaintiffs Ryan McMahon, Theresa Marasco, and Larry Tran of clearly established rights under the First Amendment and Fourteenth Amendment of the United States Constitution to be heard.

809. Plaintiffs Ryan McMahon, Theresa Marasco, and Larry Tran were harmed.

810. Defendants George Cardona, Cindy Chan, and Benson Hom conduct, jointly and severally, were an actual cause of the claimed injury.

811. Defendants George Cardona, Cindy Chan, and Benson Hom acted under color of state law; and are being sued in their personal capacity entitling Plaintiffs Ryan McMahon, Theresa Marasco, and Larry Tran to damages.

812. Plaintiffs, and each of them, are entitled to damages for their actual loss and additional expense including but not limited to additional litigation expense, loss of recoupment in litigation costs and attorney fees, loss of causes of action/claims, and noneconomic damages, including but not limited to, exacerbation of preexisting depression, mental freeze, panic, mental suffering, anxiety, emotional distress, and frustration.

813. Defendants George Cardona, Cindy Chan and Benson Hom were indifferent, in reckless disregard of Plaintiffs' rights, malicious, despicable, and/or fraudulent entitling the Plaintiffs to punitive damages of each Defendant in their personal capacity.

## FIFTEENTH CAUSE OF ACTION
### 42 U.S.C. 1983
### By Plaintiff James Ocon against Defendants George Cardona, Cindy Chan, Suzanne Grandt, and Benson Hom

814. Plaintiffs incorporate the allegations in paragraphs 1 through 797 as though fully set forth herein.

105

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

815.   Plaintiffs James Ocon bring his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

816.   Defendants George Cardona, Cindy Chan, and Benson Hom were assigned to the disciplinary matter of Plaintiff Lenore Albert.

817.   Defendants George Cardona, Cindy Chan, and Benson Hom caused Plaintiff Lenore Albert disbarment under the pretext that Plaintiff Lenore Albert was unlawfully practicing law in federal court while suspended in retaliation for filing the data breach case *John Roe v State Bar of California, et al* as more fully alleged above.

818.   On or about January 19, 2022, Defendant Suzanne Grandt took Plaintiff James Ocon's deposition where he informed Defendant Suzanne Grandt that the number of requests being made by the State Bar to Plaintiff Lenore Albert had been disrupting his business and so much so he felt like sending the State Bar a bill.

819.   In retaliation, the email communications Plaintiff Lenore Albert received from the State Bar, including Defendant Suzanne Grandt, doubled from 204 emails in 2021 to 416 emails in 2022 which caused even more disruption in Plaintiff Lenore Albert's life, and hence more disruption to Defendant James Ocon's business.

820.   Additionally, Defendants George Cardona, Cindy Chan and Benson Hom quickly crafted an investigation and disciplinary charges against Plaintiff Lenore Albert on April 29, 2022 and ramrodded her through the disciplinary system in eight short months double booking her with the Paula Gilbert-Bonnaire trial which Suzanne Grandt's conduct caused a delay from May 2021 to September of 2022 leaving little to no time for Plaintiff Lenore Albert to assist on the Oconsortium technology tour which ended in December 2022.

821.   Plaintiff James Ocon insisted his complaint against the State Bar be filed in federal court instead of state court because he has seen their tricks and fears the State Bar and does not even have a license to practice law.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

822.   On March 11, 2024 when the State Bar Review Department opinion recommending disbarment and an abrupt interim suspension to start three days later, Plaintiff James Ocon was furious to see his testimony he gave in support of Plaintiff Lenore Albert in December 2022 twisted in the findings.

823.   Although he wrote a declaration in response, no one responded to it.

824.   Plaintiff James Ocon fears that he would never be able to get an attorney to represent him against the State Bar in state court or that any win in state court would just be lost at the California supreme court level so much so he would rather face defending Eleventh Amendment immunity arguments as a nonlawyer engineer representing himself than filing his grievances in state court.

825.   Plaintiff James Ocon was not expecting the Review Department would actually disbar Plaintiff Lenore Albert or order and interim suspension based on the case that Defendants George Cardona, Cindy Chan and Benson Hom brought against her nor was he prepared for it because he had already suffered business interruption and reputational damages from the Defendants interference while he was on tour.

826.   Plaintiff James Ocon allege that the disparaging treatment by Defendants George Cardona, Suzanne Grandt, Cindy Chan and Benson Hom against their lawyer, Lenore Albert, adversely affected his business reputation with the sponsors and broadcast stations, requiring extra time to explain who Plaintiff Lenore Albert really was versus what it appeared to be with the constant investigations and disciplinary proceedings.

827.   Unable to absorb the financial impact, he was forced to go into bankruptcy.

828.   The act[s] and/or failure to act of Defendants George Cardona, Suzanne Grandt, Cindy Chan, and Benson Hom deprived the Plaintiff James Ocon of clearly established rights under the First Amendment and Fourteenth Amendment of the United States Constitution.

829.   Plaintiff James Ocon was harmed.

830.   Defendants George Cardona, Suzanne Grandt, Cindy Chan, and Benson Hom conduct was an actual cause of the claimed injury.

107

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

831.   Defendants George Cardona, Suzanne Grandt, Cindy Chan, and Benson Hom were acting under color of state law and are being sued in their personal capacity entitling Defendant James Ocon to damages.

832.   Defendants George Cardona, Suzanne Grandt, Cindy Chan and Benson Homs action against Plaintiff James Ocon resulted in business disruption, loss of savings, loss of sponsor money, loss of member money, loss of potential business to Ocon Solutions due to the disruption of the tour, reputational harm due to the failure of the tour, and emotional distress.

833.   James Ocon was harmed to an amount to be proven at trial, approximately $2.5 million but no less than $225,000.00.

834.   Plaintiff James Ocon is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to his reputation; interest, costs, and punitive damages against all Defendants, except the State Bar of California.

835.   Defendants George Cardona, Cindy Chan, Benson Hom, and Suzanne Grandt's conduct was fraudulent, despicable, done with malice or in some other way violated James Ocon's right, which entitles James Ocon to punitive damages.

## SIXTEENTH CAUSE OF ACTION

### 42 U.S.C. § 1983

### By Plaintiff Lenore Albert against Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom

836.   Plaintiff incorporates herein by reference paragraphs 1 through 797 above in this pleading as though fully set forth herein.

837.   Plaintiff Lenore Albert brings her claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

838.   Plaintiff Lenore Albert had a constitutionally protected interest in the practice of her profession and to be left alone without government overreach, harassment, and interference to the degree as alleged in this complaint under the First Amendment and the Fourteenth Amendment of the U.S. Constitution.

839.   Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom failed to leave Plaintiff Lenore Albert alone without government overreach, harassment, and interference to the degree as alleged in this complaint under the First Amendment and the Fourteenth Amendment of the U.S. Constitution.

840.   Defendants Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom did not act alone.

841.   There are 1,500 communications involving Suzanne Grandt, George Cardona, Cindy Chan, Benson Hom, Ruben Duran, Leah Wilson, Sherell McFarlane, Katherine Kinsey, and Maricruz Farfan.

842.   These communications demonstrate that all the Defendants were involved at some level, making them jointly and severally liable.

843.   Further discovery is needed to clarify the details.

844.   Evidence shows that third parties CI Seal, CI Diamond, former senator/State Bar president Joe Dunn, attorneys Philip Green, and D.A. Todd Spitzer were also involved.

845.   Defendants Ruben Duran, Leah Wilson, Sherell McFarlane, Katherine Kinsey, Maricruz Farfan, Suzanne Grandt, George Cardona, Cindy Chan, and Benson Hom acted under color of state law; and are being sued in their personal capacity.

846.   The act[s] and/or failure to act of Defendants Suzanne Grandt, George Cardona, Cindy Chan, Benson Hom, Ruben Duran, Leah Wilson, Sherell McFarlane, Katherine Kinsey, and Maricruz Farfan deprived the Plaintiff Lenore Albert of clearly established rights under the First Amendment and Fourteenth Amendment of the United States Constitution.

847.   Plaintiff, Lenore Albert was harmed.

848.   Defendants, jointly and severally, are liable for the harm caused, including not only taking away Plaintiff Lenore Albert's livelihood but also making it impractical, if

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

not impossible, to obtain a new livelihood within or outside the legal community due to their unlawful and despicable conduct.

849.   The conduct of Defendants Suzanne Grandt, George Cardona, Cindy Chan, Benson Hom, Ruben Duran, Leah Wilson, Sherell McFarlane, Katherine Kinsey, and Maricruz Farfan was an actual cause of the claimed injury.

850.   Plaintiff Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity, related medical issues); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, and costs.

851.   The conduct of Defendants Suzanne Grandt, George Cardona, Cindy Chan, Benson Hom, Ruben Duran, Leah Wilson, Sherell McFarlane, Katherine Kinsey, and Maricruz Farfan was deceitful, reckless, callous, done without regard to Plaintiff Lenore Albert's rights, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

### SEVENTEENTH CAUSE OF ACTION

**Money Had and Received**

**Annual Dues**

**By Plaintiff Lenore Albert against Defendant State Bar of California**

852.   Plaintiff incorporates the allegations made in paragraphs 1 through 438, above as though fully set forth herein.

853.   Defendant State Bar of California charged Plaintiff Lenore Albert $510.00 for the right to use a license to practice law in the state of California from January 1, 2024 through December 31, 2021 which Plaintiff Lenore Albert paid on January 28, 2024.

854.   However, on March 14, 2024 the State Bar of California took away Plaintiff's right to use a license to practice law in the state of California.

855.   Defendant State Bar of California received money ($510.00) that was intended to be used for the benefit of Plaintiff Lenore Albert to practice law in California in 2024.

856.   The money ($510.00) was not used for the benefit of Plaintiff Lenore Albert.

110

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

857.   Defendant State Bar of California has not given the money ($510.00) back to Plaintiff Lenore Albert.

858.   Plaintiff Lenore Albert is entitled to damages of $510.00 plus interest from March 14, 2024 until paid plus costs of suit from Defendant State Bar of California.

## EIGHTEENTH CAUSE OF ACTION

### 42 U.S.C. § 1983

### State Bar Costs

### By Plaintiffs Lenore Albert and Leslie Westmoreland against Defendant Chief Justice Patricia Rodriguez, George Cardona, Suzanne Grandt and Cindy Chan

859.   Plaintiff incorporates the allegations made in paragraphs 1 through 438 above as though fully set forth herein.

860.   Plaintiffs Lenore Albert and Leslie Westmoreland bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

861.   Plaintiffs incorporate the allegations made in the Twelfth cause of action as though they are set out in full herein.

862.   Plaintiffs Lenore Albert and Leslie Westmoreland have a constitutionally protected interest in not being excessively fined under the Eighth Amendment which has been incorporated and applied to the states in the Fourteenth Amendment.

863.   Defendant Chief Justice Patricia Rodriguez is being sued only to aid this Court in effectuating any orders such as injunctive relief by barring the State Bar or the California supreme court from collecting or attempting to collect any excessive fines from Plaintiffs Lenore Albert and Leslie Westmoreland because Plaintiffs cannot obtain such relief elsewhere.

864.   On August 30, 2024, Plaintiff Lenore Albert requested a waiver of the costs and sanctions from the State Bar, which was denied.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

865. Plaintiff's disbarment was not based on taking money from clients or misappropriating money of any kind, making the amount being charged excessive.

866. Nevada State Bar charges $2,500.00 in disciplinary costs and Michigan State Bar charges $1,500.00 in disciplinary costs.

867. California State Bar costs are the most expensive in the nation and more than what any other licensing agency in the state of California charges.

868. Defendant State Bar of California charged Ms. Albert $27,055.00 in State Bar costs plus $5,000.00 in sanctions to defend herself in the disciplinary proceeding which resulted in disbarment on or about July 17, 2024.

869. There was no finding of harm to the public, client, or the courts by the State Bar hearing department in Ms. Albert's disciplinary proceedings.

870. The Costs are the result of a fixed costs sheet the State Bar creates plus payment of the State Bar's copy of the reporter's transcript.

871. The sanctions are arbitrary and far exceed the amount charged to others disciplined.

872. Ms. Albert obtained no payment from drafting the papers and there was no client complaint or restitution involved, making the costs and fine excessive and the process lacking in due process or access to the courts in violation of the First and Fourteenth Amendment of U.S. Constitution making this an appropriate cause of action under 42 U.S.C. §1983.

873. As a result of this conduct, Ms. Albert is forced to pay the State Bar $32,500.00 for defending herself against the State Bar's allegations that she committed unauthorized practice of law under a fictitious statute Bus & Prof Code §6124.

874. If she does not pay, then the amount is transferred to the California State Franchise Board for collection and garnishment of any future wages, causing the risk of future injury.

875. Plaintiff Leslie Westmoreland is forced to pay the State Bar $5,362.00 for a hearing he did not even attend which far exceeds $60.00 which the state charges per

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

hearing because Defendant Cindy Chan requested costs and for a default hearing it is $5,362.00.

876.   If he does not pay, then the amount is transferred to the California State Franchise Board for collection and garnishment of any future wages, causing the risk of future injury.

877.   In 2018, the State Bar withheld Plaintiff Lenore Albert's license to practice law from February 14, 2018 to May 5, 2021 on a 30-day suspension until she paid the State Bar $37,500.00 in State Bar costs on a 30-day and 6 month suspension period knowing she was in bankruptcy and had no ability to pay because her license to practice law was her sole source of financial support.

878.   Each time Plaintiff Lenore Albert has sought a waiver of her State Bar costs, those requests have been opposed by Defendants George Cardona, Cindy Chan and Suzanne Grandt.

879.   Plaintiff Lenore Albert is not pursuing the prior costs she already paid while in bankruptcy because that is within the jurisdiction of bankruptcy court and on appeal by the State Bar, thus subject matter jurisdiction for the prepetition debt has not been finally determined yet.

880.   Plaintiff Lenore Albert reserves her right to amend the pleading if the Ninth Circuit determines that the prepetition excessive fines should be tried in the U.S. District Court instead of the U.S. Bankruptcy Court.

881.   The act[s] and/or failure to act of Defendants State Bar of California, George Cardona, Cindy Chan, Suzanne Grandt, and Defendant Chief Justice Patricia Rodriguez deprived Plaintiffs Lenore Albert and Leslie Westmoreland of clearly established rights under the Eighth Amendment excessive fines clause as incorporated into the Fourteenth Amendment of the United States Constitution.

882.   Plaintiffs, Lenore Albert and Leslie Westmoreland have been harmed.

883.   Defendants George Cardona, Cindy Chan, Suzanne Grandt, the State Bar of California and Chief Justice Patricia Rodriguez conduct was an actual cause of the claimed injury.

113

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

884.   Plaintiffs Lenore Albert and Leslie Westmoreland are entitled to injunctive relief.

885.   Defendants Suzanne Grandt, George Cardona, Cindy Chan acted under color of state law and are sued in their personal capacity.

886.   Plaintiff Lenore Albert is entitled to damages from Defendants Cindy Chan, George Cardona and Suzanne Grandt in an amount to be proven at trial but no less than $32,500.00.

887.   Plaintiff Leslie Westmoreland is entitled to damages from Defendants Cindy Chan and George Cardona in an amount to be proven at trial but no less than $5,362.00.

888.   Plaintiffs Lenore Albert and Leslie Westmoreland are entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all Defendants, except the State Bar of California.

889.   Lenore Albert and Leslie Westmoreland are entitled to an Order enjoining the State Bar of California from attempting to collect on these excessive fines.

890.   Defendants George Cardona, Suzanne Grandt and Cindy Chan's conduct was despicable, fraudulent, reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

## NINETEENTH CAUSE OF ACTION

### Antitrust Violation

### Conspiracy Under Section 1 - Blackballing

### By All Plaintiffs against Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, the State Bar of California and Does 3 through 50

891.   Plaintiffs incorporate herein by reference paragraphs 1 through 890 above in this pleading as though fully set forth herein.

892.   The Defendants, and each of them, Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, and Benson Hom, the State Bar of California, and Does 1 through 50, are excluding professionals from the practice of law in the state of California

114

by abusing the system to blackball those attorneys it so chooses in violation of antitrust laws.

893.   This cause of action is being brought pursuant to the authorization under § 4 of the Clayton Act.

894.   There are two markets: (1) the California State Court Bar market; and (2) U.S. federal court market.

895.   The California State Court Bar market is concerned with the profession that practices in California state courts and covers the geographical area of the California superior, appellate, and supreme courts.

896.   California state courts are concerned with legal issues that are important to the state and that its citizens abide by the states laws and its citizens are fairly compensated when injured by the negligence or intentional conduct of others.

897.   The Federal Court Bar market, on the other hand, is concerned with the professionals who practice in the federal courts and covers the geographical area of the Southern District, Central District, Eastern District, and Northern District of California in addition to the Ninth Circuit Court of Appeals located in California, Hawaii, Washington, Oregon, Idaho, Montana, Nevada, Arizona, and the U.S. Supreme Court located in Washington, D.C.

898.   The California State Bar has a substantial effect on interstate commerce. It is common knowledge that the legal profession deals in transactions and occurrences that occur across state lines.

899.   The legal professional, once admitted to state court, gains admission to the federal court affecting interest commerce.

900.   The State Bar Defendants, George Cardona, Cindy Chan, Benson Hom, and Suzanne Grandt, have abused the power of the State Bar to suspend or disbar Plaintiffs Lenore Albert and Leslie Westmoreland, excluding them from practice in the California State Court Bar market.

901.   The purpose or effect of Defendants George Cardona, Cindy Chan, Benson Hom and Suzanne Grandt's conduct was to restrain competition.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

902.   The anticompetitive effect of the restraints outweighed any beneficial effect on competition as alleged in the previous causes of action.

903.   The conduct was contrary to Bus & Prof Code § 6001.1 to benefit the public because the exclusion also impacted Plaintiffs James Ocon, Ryan McMahon, Theresa Marasco, and Larry Tran as fully alleged above.

904.   The exclusion of Plaintiff Lenore Albert from the California State Court Bar market has also frightened other market participants (aka California attorneys who are not CI or in the gift-giving system) from challenging the California State Bar no matter how wrong or injurious the California State Bar employees' conduct becomes.

905.   Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, conspired with others to abuse the California State Bar disciplinary process, and thereby denying Plaintiffs Lenore Albert and Leslie Westmoreland access to the market for legal services provided by attorneys in the California State Bar thereby affecting interstate commerce.

906.   The exclusion of Plaintiff Lenore Albert from the California State Bar market has deprived consumers like Plaintiffs Ryan McMahon, Theresa Marasco and Larry Tran from their preferred lawyer of choice in violation of Section 1 of the Sherman Antitrust Act, which prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States."

907.   The exclusion of Plaintiff Leslie Westmoreland from the California State Bar market has deprived two other consumers of their preferred lawyer of choice in violation of Section 1 of the Sherman Antitrust Act, which prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States."

908.   Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, the State Bar of California and Does 3 through 50, have violated Section 1 of the Sherman Antitrust Act to the injury of all Plaintiffs.

909.   Plaintiffs are informed and believe and allege thereon that Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, the

State Bar of California and Does 3 through 50, have used this boycott or blackballing of Plaintiff Lenore Albert and thereby Plaintiff Leslie Westmoreland as part of a conspiracy to effectuate the means to force compliance in a larger anticompetitive scheme.

910.   Plaintiffs Lenore Albert, Leslie Westmoreland, Ryan McMahon, Theresa Marasco, Larry Tran and James Ocon have each suffered as a result of that violation.

911.   Damages are estimated to be over $1 million to Plaintiff Lenore Albert for shutting down her business of 17 years and keeping her in a 10 year boxing match to remain in the California State Bar market; over $1 million to Plaintiff Leslie Westmoreland for shutting down his business after his career at the California DOJ; approximately $250,000.00 to Plaintiff James Ocon for his business disruption; approximately $1 million to Plaintiff Ryan McMahon for his case derailment; $750,000.00 to Plaintiff Theresa Marasco for her case derailment; and at least $125,000.00 to Larry Tran for his case derailment.

912.   Plaintiffs Lenore Albert and Leslie Westmoreland are also entitled to injunctive relief barring a federal court in this district from refusing to admit or reciprocally disbarring said Plaintiffs based on a California State Bar admission status.

913.   All Plaintiffs are entitled to actual and treble damages.

## TWENTIETH CAUSE OF ACTION

### Antitrust Violation

### Attempted Monopolization under Section 2

### By All Plaintiffs against Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, the State Bar of California and Does 3 through 50

914.   Plaintiffs incorporate herein by reference paragraphs 892 through 913 above in this pleading as though fully set forth herein.

915.   The Defendants, and each of them, Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, and Benson Hom, the State Bar of California, and Does 3 through 50, attempted to Regulate the Practice of Law in Federal Court, harming Plaintiffs.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Lenore Albert, Leslie Westmoreland, James Ocon, Ryan McMahon, Theresa Marasco, and Larry Tran.

916.   The exclusion of Plaintiff Lenore Albert from the California State Court Bar market also automatically suspended and disbarred Plaintiff Lenore Albert from the practice of law in the state of Michigan, and the U.S. District Court for the Eastern District of California which is within the Federal Court Bar Market.

917.   Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, were attempting to monopolize the California State Court Bar market in violation of Section 2 of the Sherman Antitrust Act.

918.   Additionally, Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, were attempting to monopolize and regulate who could practice law in the Federal Court Bar market in violation of Section 2 of the Sherman Antitrust Act as more fully alleged above in violation of Section 2 of the Sherman Antitrust Action which punishes "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States." 15 U.S.C. § 2.

919.   Defendants Leah Wilson, Ruben Duran, George Cardona, Suzanne Grandt, Cindy Chan, Benson Hom, the State Bar of California and Does 3 through 50, have violated Section 2 of the Sherman Antitrust Act to the injury of all Plaintiffs.

920.   Plaintiffs Lenore Albert, Leslie Westmoreland, Ryan McMahon, Theresa Marasco, Larry Tran and James Ocon have each suffered as a result of that violation.

921.   Damages are estimated to be over $1 million to Plaintiff Lenore Albert for shutting down her business of 17 years and keeping her in a 10 year boxing match to remain in the State Court Bar market; over $1 million to Plaintiff Leslie Westmoreland for shutting down his business after his career at the California DOJ; approximately $250,000.00 to Plaintiff James Ocon for his business disruption; approximately $1 million to Plaintiff Ryan McMahon for his case derailment; $750,000.00 to Plaintiff Theresa Marasco for her case derailment; and at least $125,000.00 to Larry Tran for his case derailment.

118

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

922.   The State Bar of California has a legally acquired monopoly power over who can
be admitted to and practice in the state courts in California and the federal courts have
legally acquired monopoly power over who can be admitted to and practice in the federal
courts.

923.   The Defendants, and each of them, Leah Wilson, Ruben Duran, George Cardona,
Suzanne Grandt, Cindy Chan, and Benson Hom, the State Bar of California, and Does 3
through 50, have attempted and/or succeeded in forming a monopoly over who can
practice in federal court.

924.   Plaintiffs, Lenore Albert and Leslie Westmoreland were thwarted from
maintaining their membership in the federal courts based on the State Bar's attempt to
monopolize who can practice in federal court as further alleged in this cause of action.

925.   Ms. Albert's membership to practice in the U.S. District Court for the Eastern
District of California showed active from December 14, 2017 through March 1, 2021.

926.   On April 24, 2018, the Court for the U.S. District Court for the Eastern District of
California was informed that the California State Bar suspended Ms. Albert's license to
practice law, but the Court did nothing.

927.   On August 18, 2019, the Court for the U.S. District Court for the Eastern District
of California was informed that the California State Bar still had suspended Ms. Albert's
license to practice law, but the Court did nothing.

928.   No Order, or reporter's transcript during Ms. Albert's State Bar suspension period
which ran from February 14, 2018 through May 5, 2021 existed representing that Ms.
Albert's membership in the U.S. District Court for the Eastern District of California was
suspended.

929.   On April 28, 2022, Defendant Cindy Chan, an employee of the State Bar,
irrefutably filed a Notice of Disciplinary Charges against Ms. Albert. The charges
stemmed from purported unauthorized practice of law in the U.S. District Court for the
Eastern District of California between August 18, 2019, and November 21, 2019, as well
as on February 19, 2021. The primary aim was to disbar Ms. Albert due to her
representation of 191,000 attorneys and former judges in a data breach case against the

119

State Bar. This case, captioned *John Roe v State Bar of California*, was previously filed on March 18, 2022.

930.   On November 20, 2022, Defendants Cindy Chan and Benson Hom caused Plaintiff Leslie Westmoreland to be summarily suspended for aiding and abetting Plaintiff Lenore Albert in the alleged unauthorized practice of law in federal court knowing that the California Supreme Court had not yet issued an order of culpability of Lenore Albert.

931.   Furthermore, the State Bar disciplined the only named Plaintiff in the data breach case, third party Chad Pratt, seeking disbarment, after the data breach case was filed, too.

932.   On March 11, 2024, the State Bar Review Department issued an Opinion recommending disbarment and ordered her license suspended based on the fictitious Bus. & Prof. Code § 6124 for unauthorized practice of law in the federal court. The State Bar was supposed to produce their discovery in the data breach case the following day.

933.   The State Bar failed to act pursuant to a clearly articulated and affirmatively expressed state policy, case precedent, and statutes that the State Bar Act only applies to practice in state court, not federal court, thus no Parker immunity is possible.

934.   Furthermore, the California Supreme Court is not actively supervising this anticompetitive conduct of the State Bar in investigating and disciplining Plaintiff members for unauthorized practice of law against suspended attorneys who have not had their membership suspended in federal courts which is evidenced by the fact that the California Supreme Court denied Plaintiff, Lenore Albert's petition for review on or about June 17, 2024 even though the State Bar used a fictitious Code Section 6124 in the disbarment Opinion.

935.   The California State Bar's investigation and disbarment of Ms. Albert for allegedly practicing law in federal court while she was an active member is a clear attempt to assert its authority beyond California's borders and into the jurisdiction of the federal court, violating constitutional principles.

936.   The Defendants' disbarment based on Plaintiff Lenore Albert purported UPL in federal court was another clear attempt assert its authority beyond California's borders and into the jurisdiction of the federal court, violating constitutional principles.

937.  *After* the State Bar Review issued its opinion but before the California supreme court issued its order of disbarment, the U.S. District Court for the Eastern District of California then issued an Order of reciprocal discipline, disbarring Ms. Albert from practicing in federal court on May 24, 2024 demonstrating the attempt to monopolize or regulate the practice of law in federal courts is attainable.

938.  *Even more egregious, before* Lenore Albert was found culpable for purportedly performing unauthorized practice of law in federal court, the State Bar Defendants charged Plaintiff, Leslie Westmoreland with assisting or aiding/abetting Plaintiff Lenore Albert in the unauthorized practice of law and actually suspended his license and disbarred him before the disbarment of Lenore Albert by the California supreme court.

939.  This type of conduct unfairly tends to destroy competition itself, creating a barrier to re-enter the profession causing injury to the Plaintiffs Lenore Albert and Leslie Westmoreland.

940.  The Defendants' conduct has taken away the preferred choice of consumers as to whom they want as their legal representative in state court as evidenced by Plaintiffs Theresa Marasco, Leslie Westmoreland, and Larry Tran.

941.   The Defendants' conduct has also taken away the preferred choice of consumers as to whom they want as their legal representative in the federal court as evidenced by Plaintiff Ryan McMahon.

942.  Plaintiff Ryan McMahon's case was sitting in the United States District Court for the Eastern District of California, and he abruptly lost counsel when Ms. Albert's license was revoked, adding to the destruction of competition and creating a barrier of access to the courts for Plaintiffs in Ryan McMahon's position.

943.  This decreases the access to justice and increases the cost of access to the federal courts based on the political will of the state.

944.  The Defendants conduct by abusing the process to disparage those it excludes from the market like Plaintiff Lenore Albert has also reached outside of the market and adversely affected the business reputation of James Ocon and disrupted it.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

945.   The harm and inefficiencies in this market have been well documented by the federal courts in the south during the 1960s when State Bars would refuse to admit, suspend or disbar attorneys representing civil litigants driving the necessity of out of state lawyers to file civil rights cases in the federal courts in the south.

946.   Due to the hostility (or fear of losing their license to practice law) it was out-of-state attorneys that represented oppressed minorities in the South to push civil rights forward. See Pollitt, Counsel for the Unpopular Cause: The "Hazard of Being Undone, " 43 N. C. L. Rev. 9 (1964); and, Judicial Performance in the Fifth Circuit 73 Yale L. J. 90 (1963); Wright, The Overloaded Fifth Circuit: A Crisis in Judicial Administration 42 Texas L. Rev. 949 (1964).

947.   Lenore Albert, Leslie Westmoreland, Ryan McMahon, Theresa Marasco, Larry Tran, and James Ocon were injured in their business or property as a result of the anticompetitive conduct of the State Bar and its employees.

948.   Their injuries have been well documented in the preceding cause of action above and incorporated herein.

949.   Plaintiffs Lenore Albert and Leslie Westmoreland are also entitled to injunctive relief barring a federal court in this district from refusing to admit or reciprocally disbarring said Plaintiffs based on a California State Bar admission status.

950.   All Plaintiffs are entitled to actual and treble damages.

## PRAYER FOR RELIEF

1.   Special damages;

2.   General damages;

3.   Injunctive relief;

4.   Treble damages for the antitrust cause of action;

5.   Punitive damages for intentional acts but not as to any governmental agency;

6.   Costs, including expert witness fees;

7.   Attorney fees; and

8.   Any further relief the court would deem appropriate and just.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all legal claims.

Dated: November 4, 2024   Respectfully Submitted,

/s/ Lenore Albert_____

LENORE L. ALBERT, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ James Ocon_____

JAMES OCON, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Larry Tran_____

LARRY TRAN, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Theresa Marasco_____

THERESA MARASCO, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Ryan McMahon_____

RYAN MCMAHON, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Leslie Westmoreland_____

LESLIE WESTMORELAND, Plaintiff pro se

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all legal claims.

Dated: November 4, 2024   Respectfully Submitted,

/s/ Lenore Albert
_____

LENORE L. ALBERT, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ James Ocon
_____

JAMES OCON, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Larry Tran
_____

LARRY TRAN, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Theresa Marasco
_____

THERESA MARASCO, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Ryan McMahon
_____

RYAN MCMAHON, Plaintiff pro se

Dated: November 4, 2024   Respectfully Submitted,

/s/ Leslie Westmoreland
_____

LESLIE WESTMORELAND, Plaintiff pro se

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

1

**DEMAND FOR JURY TRIAL**

2    Plaintiffs hereby demand a jury trial for all legal claims.

3    Dated: November 4, 2024          Respectfully Submitted,

4                                      /s/ Lenore Albert_____

5                                      LENORE L. ALBERT, Plaintiff pro se

6    Dated: November 4, 2024          Respectfully Submitted,

7                                      /s/ James Ocon_____

8                                      JAMES OCON, Plaintiff pro se

9    Dated: November 4, 2024          Respectfully Submitted,

10                                     /s/ Larry Tran_____

11                                     LARRY TRAN, Plaintiff pro se

12   Dated: November 4, 2024          Respectfully Submitted,

13                                     /s/ Theresa Marasco

14                                     THERESA MARASCO, Plaintiff pro se

15   Dated: November 4, 2024          Respectfully Submitted,

16                                     /s/ Ryan McMahon_____

17                                     RYAN MCMAHON, Plaintiff pro se

18   Dated: November 4, 2024          Respectfully Submitted,

19                                     /s/ Leslie Westmoreland_____

20                                     LESLIE WESTMORELAND, Plaintiff pro se

21

22

23

24

25

26

27

28

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all legal claims.

Dated:  November 4, 2024        Respectfully Submitted,

/s/ Lenore Albert_____

LENORE L. ALBERT, Plaintiff pro se

Dated:  November 4, 2024        Respectfully Submitted,

/s/ James Ocon_____

JAMES OCON, Plaintiff pro se

Dated:  November 4, 2024        Respectfully Submitted,

/s/ Larry Tran_____

LARRY TRAN, Plaintiff pro se

Dated:  November 4, 2024        Respectfully Submitted,

/s/ Theresa Marasco_____

THERESA MARASCO, Plaintiff pro se

Dated:  November 4, 2024        Respectfully Submitted,

/s/ Ryan McMahon_____

RYAN MCMAHON, Plaintiff pro se

Dated:  November 4, 2024        Respectfully Submitted,

/s/ Leslie Westmoreland_____

LESLIE WESTMORELAND, Plaintiff pro se

124

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651. On November 4, 2024, I served a copy of the following document(s) described as:

**FIRST AMENDED COMPLAINT**

On the interested parties in this action as follows:
See Electronic Service list

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth. (Per Covid-19 Order)

**[] BY MAIL** – I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Huntington Beach, California, to the aforementioned addressee(s).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: November 4, 2024

_/s/Lenore Albert_____
Lenore Albert

124

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

# ELECTRONIC SERVICE LIST

**For Defendants State Bar of California, Cindy Chan, Benson Hom, Suzanne Grandt, George Cardona, Ruben Duran, Steve Mazer, Leah Wilson**
KEVIN GILBERT, ESQ.
kgilbert@ohhlegal.com
Orbach Huff + Henderson LLP
Pleasanton
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California  94588
(510) 350-3582 Direct


SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

**For Defendant Tyler Technologies, Inc.**
Beth Petronia beth.petronio@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001
**For Defendant Tyler Technologies, Inc.**
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Zachary T. Timm (SBN 316564) zach.timm@klgates.com

Co-plaintiffs by email by consent – as listed on the caption.

George Cardona and Chief Justice Patricia Rodriguez to be served with summons and complaint.

First Amended Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.* 8:24-cv-01997-WLH (DFMx)

Informational Notice Re Odyssey Portal Vulnerability

From:   CA State Bar (admin@castatebarodysseynotice.com)

To:   lenalbert@interactivecounsel.com

Date:   Wednesday, May 18, 2022 at 02:01 PM PDT

**INFORMATIONAL NOTICE RE ODYSSEY PORTAL VULNERABILITY**

Dear LENORE LUANN ALBERT,

On February 24, 2022, the California State Bar became aware that judyrecords.com (judyrecords), a public website that aggregates nationwide court case records, had included both public and nonpublic State Bar case records in its search engine. These records came from the State Bar's Odyssey Portal, which was supposed to provide access to public case records only. The State Bar immediately asked the owner of judyrecords to remove the nonpublic records from the search engine (which they did) and launched an investigation with the assistance of a third-party IT forensics firm (Forensics Firm).

We are notifying you because your nonpublic State Bar record(s) showed evidence of a page view on judyrecords. This notice provides you with information about the data fields contained in a nonpublic record where you were listed as a respondent. We explain below the steps we have taken to investigate and remediate the issue.

**Immediate Steps Taken to Remove Nonpublic Records from Judyrecords**

The owner of judyrecords informed the State Bar that they had intended to index only publicly available State Bar case records, and they were unaware that records intended to be nonpublic had been automatically collected by their computer program, a technique called "scraping." Judyrecords fully cooperated with the State Bar's investigation and: (1) removed all confidential State Bar records from judyrecords by February 26, 2022; (2) provided relevant website logs and analytics logs; and (3) provided a detailed explanation of the scraping method used, which revealed a previously unknown vulnerability in the Odyssey case management software provided by Tyler Technologies, a third-party vendor.

The State Bar verified that this vulnerability allowed judyrecords to scrape both public and nonpublic State Bar attorney discipline case records from the Odyssey Portal. The scraping occurred on or about October 15, 2021.

To determine if a record may have been viewed, the State Bar and Forensics Firm analyzed detailed judyrecords website logs for the month of February 2022, as well as website analytics logs for the period between October 15, 2021, and February 26, 2022, the full period when State Bar records were indexed on the Odyssey Portal.

**Data Fields Contained in Your Nonpublic Record**

The nonpublic State Bar records indexed on judyrecords contained basic case information:

- case number;
- file date;
- case type;
- case status;
- respondent name; and
- sometimes complaining witness or other witness names.

For some of these cases, the same information ultimately became public through the course of the State Bar's disciplinary process, including where discipline ultimately was imposed.

Full confidential case documents were not scraped by and were not indexed on judyrecords. That means no complaints, transcripts of hearings, mental health reports, or other documents related to nonpublic attorney discipline proceedings were available or viewed by unauthorized individuals as a result of the Odyssey vulnerability.

The information in your nonpublic record consisted of: your first and last name, case number, file date, case type,[1] case status, and your California Bar number.

**More Information About the State Bar Investigation and Remediation**

The State Bar confirmed that judyrecords has deleted all nonpublic records from the site.

Importantly, the Odyssey vulnerability was only triggered by web scraping; regular searches of the Odyssey Portal did not permit access to nonpublic records. There is no evidence to suggest the Odyssey Portal was scraped by any entity besides judyrecords. The investigation revealed no evidence that scraped State Bar records were on internet archive sites. The State Bar took the Odyssey Portal offline on February 25, 2022, so Tyler Technologies could remediate the vulnerability.

Access to the State Bar's Odyssey Portal was restored on March 15, 2022, after Tyler Technologies had remediated the vulnerability. Thereafter, both the State Bar and the Forensics Firm confirmed that nonpublic records could no longer be scraped.

Our previous posts on this issue can be found here: https://www.calbar.ca.gov/About-Us/News/Data-Breach-Updates.

\*\*\*

**The State Bar takes the confidentiality of its bar members and community seriously and sincerely regrets that this event occurred. If you have questions that you feel have not been addressed by this notice, please contact questions@CAStateBarOdysseyNotice.com for more information.**

Sincerely,

The State Bar of California

---

[1] The case types at issue here are: 6180/6190, 9.20 Violation – State Bar Court Order, ADP, Agreement in Lieu of Discipline, Conviction Matter, Discipline in Other Jurisdiction, Early Neutral Evaluation Conference, Moral Character, Original Matter, Other, Pre-filing Motion to Quash, Probation, Probation Violation, RA – Insufficient Funds, RA—Insurance Claim, RA – Reversal of Judgment, RA – Sanction Order, Reinstatement, Reproval, Resignation with Charges Pending, Rule 2605 – Vexatious Complainant, Rule. 9.20 – Interim Conviction Matter, Rule 9.20 – Order, Rule 9.20 – Resignation, and Unauthorized Practice of Law – Non-Attorney. Some of these case types reflect internal State Bar coding references.

AG439_v03

To unsubscribe from this list, please click on the following link: Unsubscribe