# EXHIBIT H

**TENTATIVE RULINGS**

**JUDGE RANDALL J. SHERMAN**

**DEPARTMENT CX105**

**FEBRUARY 7, 2025**

Appearances, whether remote or in person, must be in compliance with Code of Civil Procedure §367.75, California Rules of Court, Rule 3.672, and Superior Court of California, County of Orange, Appearance Procedure and Information, Civil Unlimited and Complex, located at https://www.occourts.org/media-relations/covid/Civil_Unlimited_and_Complex_Appearance_Procedure_and_Information.pdf.  Unless the court orders otherwise, remote appearances will be conducted via Zoom through the court's online check-in process, available at https://www.occourts.org/media-relations/civil.html.  Information, instructions and procedures to appear remotely are also available at https://www.occourts.org/media-relations/aci.html.  Once online check-in is completed, counsel and self-represented parties will be prompted to join the courtroom's Zoom hearing session.  Participants will initially be directed to a virtual waiting room while the clerk provides access to the video hearing.

Court reporters will not be provided for motions or any other hearings.  If a party desires a court reporter for a motion, it will be the responsibility of that party to provide its own court reporter.  Parties must comply with the court's policy on the use of pro tempore court reporters, which can be found on the court's website at www.occourts.org/media/pdf/Privately_Retained_Court_Reporter_Policy.pdf.

If you intend to submit on the tentative ruling, please advise the other parties and the court by calling (657) 622-5305 by 9:00 a.m. on the hearing date.  Make sure the other parties submit as well before you forgo appearing, because the court may change the ruling based on oral argument.  Do not call the clerk about a tentative ruling with questions you want relayed to the court.  Such a question may be an improper ex parte communication.

| # | Case Name & No. | Tentative Ruling |
|---|---|---|
| 1 | **Giahi vs. Xpress Med Pharmacy, Inc.** 2023-01313532 | The tentative ruling is to continue the hearing on plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement to May 30, 2025 at 10:00 a.m.  Counsel must file supplemental papers addressing the court's concerns (not fully revised papers that would have to be re-read) at least 16 days before the next hearing date.  Counsel should submit an amendment to the settlement agreement rather than any amended settlement agreement.  Counsel also should provide a red-lined version of any revised papers, including the class notice.  Counsel also should provide the court with an explanation of how the pending issues were resolved, with references to any corrections to the settlement agreement and the class notice, rather than with just a supplemental declaration or brief that simply asserts the issues have been resolved. The settlement agreement should have had page numbers, but since the court wants an amendment to the settlement agreement rather than an amended settlement agreement, remember to use page numbers next time. |

| | | |
|---|---|---|
| | | costs or delay.  The court also notes that plaintiff has not filed a reply brief contesting any of the arguments or evidence presented by either defendant or the <u>Hegemier</u> plaintiff, both of whom oppose this motion.<br><br>Defendant A Better Life Recovery, LLC is ordered to give notice of the ruling in both cases unless notice is waived. |
| 10 | **Roe 1 vs. The State Bar of California 2022-01250695** | Defendant The State Bar of California's Demurrer to Plaintiffs' Fourth Amended Complaint is sustained without leave to amend as to the First and Fourth Causes of Action, and overruled as to the Third and Fifth Causes of Action.<br><br>Defendant Tyler Technologies, Inc.'s Demurrer to Fourth Amended Complaint is overruled as to the Second, Fifth and Sixth Causes of Action.<br><br>Defendant Rick Rankin's Demurrer to Fourth Amended Complaint is sustained without leave to amend.<br><br>All defendants' demurrers are sustained without leave to amend as to all class allegations in the Fourth Amended Complaint (4AC), and all class allegations are hereby stricken from the 4AC.  Plaintiffs are not represented by counsel, precluding their going forward with class claims.  The court has given plaintiffs two continuances of this hearing, and over seven months, to find new counsel, but plaintiffs have not done so.  The court also notes that it was very surprised to learn, for the first time, that the alleged class consists of not just attorneys, but also clients who complained about attorneys to the State Bar, which presumably would have necessitated having two subclasses, one of attorneys and one of non-attorneys.<br><br>Defendants The State Bar of California and Tyler Technologies, Inc. must file an Answer within ten days.<br><br>Plaintiff Chad Pratt's Request for Judicial Notice of court records is granted.<br><br>Plaintiffs' First Cause of Action is for Invasion of Privacy against the State Bar.  Case law requires that plaintiffs must establish conduct by the defendant constituting a serious invasion of their privacy.  Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact such as to constitute an egregious breach of the social norms underlying the privacy right.  The impact on the plaintiffs' privacy rights must be more than slight or trivial.  <u>Hill v. National Collegiate Athletic Assn.</u> (1994) 7 Cal. 4th 1, 37, 40; <u>Mezger v. Bick</u> (2021) 66 Cal. App. 5th 76, 87.  Here, none of the plaintiffs allege that any of their social security numbers or medical records information were made public by the State Bar data breach.  Plaintiffs previously admitted in ¶21 of their Third Amended Complaint that "plaintiffs and the members of the class can only speculate as to what confidential state bar investigation was publicly posted online that was attached to their identity".  Three of |

the five plaintiffs admitted they never received a notice of being affected by the data breach, and the other two plaintiffs admitted they received notice that their docket data was involved in the breach but there was no evidence it was ever viewed.  TAC ¶¶92, 100, 110, 114, 119.

Plaintiffs have added allegations to their 4AC, in ¶¶156-158, that plaintiffs had a legally protected privacy interest to be free from government intrusion without a legitimate purpose for investigation such as a probable cause or a serious suspicion that the member had committed a disciplinable offense, that plaintiffs had a reasonable expectation of privacy that any State Bar investigation would not be instituted or maintained without a reasonable suspicion or probable cause under Bus & Prof Code §6044 in order to conform to the members' constitutional rights, and that the State Bar investigating its members in mass without a legitimate purpose constituted a serious invasion of plaintiffs' privacy.  This court must reject what appears to be a challenge to the very nature of the State Bar investigating a client's complaint against an attorney, and plaintiffs' attempt to impose their own standards on such investigations.  Moreover, plaintiffs fail to adequately explain how each of them was harmed by any investigation.  There are simply no facts alleged that demonstrate that any alleged mass investigation by the State Bar was a serious invasion of plaintiffs' privacy.  As a result, plaintiffs fail to allege either a serious invasion of their privacy, an egregious breach of the social norms underlying their privacy rights, or an impact on plaintiffs' privacy rights that is more than slight or trivial.  Nor do they allege "conduct by the defendant" constituting a serious invasion of their privacy.  Thus, plaintiffs fail to state a cause of action for Invasion of Privacy.

The Second Cause of Action is for Negligence against only defendant Tyler Technologies.  Since plaintiffs now have two different causes of action for Negligence, they probably should have combined them, and incorporated the allegations of the Second Cause of Action into their Fifth Cause of Action for Negligence.  Although the court considered sustaining this claim with leave to amend, to combine the two negligence causes of action, the fact that no other amendments to the 4AC are being granted compels the court to finally put an end to the pleading stage and allow the two separate negligence causes of action to go forward.

Plaintiffs' Third Cause of Action is for violation of Gov. Code §815.6.  That statute provides, "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."  Application of Section 815.6 requires that the enactment be obligatory, rather than discretionary or permissive, and require that a

particular action be taken or not taken. <u>Wilson v. County of San Diego</u> (2001) 91 Cal. App. 4th 974, 980. Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302, mandate that all disciplinary investigations are confidential until the time that formal charges are filed, and that information concerning inquiries, complaints or investigations is confidential, and shall not be shared outside of the State Bar Office of Chief Trial Counsel. These enactments are sufficient to potentially create an obligatory, mandatory duty to protect the confidentiality of the attorney-plaintiffs' disciplinary records, and the client-plaintiffs' complaints, before any formal charges are filed. To avoid liability, defendant State Bar will have to show that it exercised reasonable diligence to discharge that duty.

The Fourth Cause of Action is for violation of Gov. Code §815.4 against the State Bar. That statute provides, "A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person." Plaintiffs allege that defendant Rick Rankin is an independent contractor of the State Bar who is liable on other causes of action for his alleged failure to ensure that the State Bar's software had adequate security. However, plaintiffs do not state any viable claims against Rick Rankin, and thus plaintiffs do not state a cause of action against the State Bar under Gov. Code §815.4.

The Fifth Cause of Action is for Negligence against all defendants. The State Bar argues that it has no duty to protect plaintiffs against third-party harm, but plaintiffs have adequately alleged a mandatory duty violated by the State Bar to support a negligence claim. Plaintiffs are not alleging harms caused by a third party, but harms caused by defendants' conduct that resulted in their private information being disclosed to the public. As to defendant Tyler Technologies, plaintiffs have adequately pled facts that could establish a duty of care owed to plaintiffs and a breach of that duty such as to survive demurrer. As to defendant Rick Rankin, nothing that plaintiffs allege in their conclusory allegations in the 4AC establish any duty owed by Rankin to plaintiffs, and Rankin is not responsible for safeguarding plaintiffs from harm caused by third parties absent some special relationship between Rankin and plaintiffs, which there is not.

The Sixth Cause of Action for Deceit is only against Tyler, and is a reframed version of plaintiffs' previous fraud claim, but is based on a failure to disclose rather than plaintiffs' previous intentional misrepresentation claim. Plaintiffs allege that Tyler acquired information about the data breach that could have mitigated further harm to the plaintiffs but failed to disclose it to plaintiffs, that Tyler knew or had reason to know that another third party other than JudyRecords.com had also exfiltrated, scraped or harvested cases that were stored or accessible through the

|  |  | Odyssey portal including confidential State Bar Investigations, and that Tyler owed a duty to plaintiffs to inform them that the notices being sent to the victims of the State Bar breach were going to be delayed, the delay was so that Tyler could help its other clients avoid sending out notices of the data breach, and that there was some evidence that another party had accessed the confidential State Bar investigation.  Tyler argues once again that there is no allegation that it participated in the State Bar notice or had any communication, agreement or relationships with plaintiffs to support this cause of action, but like with the negligence claim, Tyler is disputing the existence of any duty.  The court concludes that it is premature to decide whether or not there was a duty to disclose, since the resolution of that issue rests on triable issues of fact.<br><br>Robert M. Shaw's Motion to Dismiss All Defendants' Motions on the Grounds of Failure to Properly Serve is denied.  Shaw is not a named party to this case and doesn't even appear to be a Doe plaintiff.  Being a putative class member doesn't make a person a party either, until the class is certified, which has not happened in this case.  Thus, Shaw is not entitled to any notices from the parties.<br><br>A Status Conference is also set for today and will go forward.<br><br>Defendant The State Bar of California is ordered to give notice of the ruling, but only to people who are legally entitled to notice.  Any anonymous plaintiff or person using initials (NZ), which was not approved by the court, and who wants to receive notice, must file a Notice of Appearance or some other document triggering a notice obligation and providing an address. |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |