Lenore L. Albert
Email: lenalbert@InteractiveCounsel.com
1968 S Coast Hwy #3960
Laguna Beach, CA 92651
Telephone: 424-365-0741
Plaintiff, pro se

James Ocon
Email: Jim.Ocon@Oconcompany.com
10131 Louise Ave.
Northridge, CA 91325
Telephone: 719-505-2187
Plaintiff, pro se

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE ALBERT, et al.,<br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., et al.,<br>Defendants. | CASE NO. 8:25-cv-00647-JLS-DFM<br><br>[Related to: 30-2025-01462434-CU-AT-CXC; 24-cv-1997-JLS-DFM; 8:22-cv-00983-DFM; and 18-bk-10584-SC; 18-ap-1065-SC]<br><br>**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: Nov. 18, 2025<br>Time: 10:00AM<br>Ctrm: 6B |

Ryan McMahon
Email: Codethree53@gmail.com
7533 English Hills Road
Vacaville, CA 95687
Telephone: 707-333-3127
Plaintiff, pro se

1

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

Larry Tran
Email: larrylytran@gmail.com
29559 Fitch Ave.
Canyon Country, CA 91351
Telephone: 626-217-7836
Plaintiff, pro se

Theresa Marasco
Email: theresa.marasco@gmail.com
PO Box 1035
Santa Monica, CA 90406
Telephone: 720-226-4051
Plaintiff, pro se

Leslie Westmoreland
Westmorelandlw7@gmail.com
1715 East Alluvial Ave. #214
Fresno, CA 93720
Telephone: 559-727-1604
Plaintiff, pro se

Chad Pratt
Email: Chadprattsr@gmail.com
660 S Figueroa St, Ste 1920
Los Angeles, CA 90017-3569
Telephone: 213-840-2423

                              Plaintiff, pro se

2

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES...................................................1

I.  FACTUAL BACKGROUND ...............................................................................1

A.  Introduction ...................................................................................................1

B.  Facts ...............................................................................................................2

C.  Procedural Background...................................................................................3

II. THE ANTI-SLAPP STATUTE DOES NOT PROTECT RETALIATORY MISUSE
OF DISCIPLINARY POWER ...............................................................................3

III. PRONG ONE ARGUMENT...................................................................................5

A. The State Bar Cannot Satisfy Prong One, Because the Conduct Challenged Is the
Bar's Use of Government Power to Initiate, Escalate, and Enforce Discipline — Not
Protected "Speech."...........................................................................................5

B. Defendants Fail to Meet Their Burden Under Prong 1 Because the SAC Challenges
Administrative Retaliation, Not Protected Communications.........................................6

C.  Opening a Disciplinary Investigation Without an Outside Complainant Is Not
Protected Petitioning ...........................................................................................9

D. "Escalating the Investigation After the Roe v. State Bar Filing" Is Retaliatory
Conduct, Not Speech...........................................................................................9

E. "Introducing a New Basis for Discipline After Submission" Violated Due Process
and Is Not Protected Activity .................................................................................10

F. "Continuing to Enforce Excessive Cost Assessments" Is Administrative Collection
Conduct, Not Speech...........................................................................................10

G. Defendants Have Not Shown That Any Challenged Act Falls Within § 425.16(e)..10

3

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

H.  The First Two Causes of Action Arise from Breach of Mandatory Statutory Duties, Not Speech or Petitioning ................................................................................. 11

IV. PRONG TWO ARGUMENT ............................................................................. 12

A.  Federal Immunities Do Not Apply ........................................................... 12

B.  Government-Code Immunities Do Not Apply ........................................... 13

C.  Res Judicata Does Not Apply Because the Issues Were Never Litigated ............. 15

D.  Plaintiffs' Claims Are Timely and Statutory Claim Requirements Satisfied ......... 17

E.  No Communication is At Issue to Make 47(b) Apply ............................... 18

F.  Plaintiffs Adequately Plead Each Element of the State Claims ................. 18

G.  Plaintiffs Demonstrate a Probability of Prevailing Under Prong Two ................. 19

1.  Due Process Violation – Introduction of New Theory Post-Submission (Ruffalo Error). ................................................................................................ 19

2.  Substantive Due Process Violation – Reliance on Void Orders in the Koshak Matter. ................................................................................................ 19

3.  Mandatory Duty Violation – Data Breach and Scribd Upload. ...................... 20

4.  First Amendment Retaliation – Initiation and Escalation of Discipline. ............. 20

H.  The Anti-SLAPP Statute Cannot Be Used as a Rule 12(b)(6) Substitute, Fee Device, or Discovery Stay ................................................................................. 21

V. CONCLUSION .................................................................................................. 22

CERTIFICATION OF WORD COUNT ................................................................ 22

PROOF OF SERVICE ............................................................................................ 23

ADDENDUM - EXHIBIT INDEX ....................................................................... 25

4

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

TABLE OF AUTHORITIES

**Cases**

*Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1248 (2007)..... 7

*Ahmed v. Collect Access, LLC*, No. A170591, 2025 WL 2814724, at *4 (Cal. Ct. App. Sept. 5, 2025) ................................................................................................ 19

*Albert-Sheridan v State Bar of California*, 960 F.3d 1188 (9th Cir. 2020) .................. 2, 4

*Albert-Sheridan v. State Bar of Cal.*, 658 B.R. 516 (9th Cir. B.A.P. 2024) ..................... 1

*Aryeh v. Canon Bus. Sols. Am., Inc.*, 55 Cal. 4th 1185 .................................................. 17

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................. 18

*Baral v. Schnitt*, 1 Cal. 5th 376, 394, 376 P.3d 604, 615 (2016)............................... 7, 18

*Barry v. State Bar of California*, 2 Cal. 5th 318 (2017) ................................................... 6

*BE&K Constr. Co. v. NLRB*, 536 U.S. 516 (2002) ........................................................ 21

*Bonni v. St. Joseph Health Sys.*, 11 Cal. 5th 995 (2021) ............................................ 1, 11

*Bouie v. City of Columbia*, 378 U.S. 347, 352 (1964) ................................................... 10

*City of Columbia v. Omni Outdoor Advert.*, Inc., 499 U.S. 365, 379 (1991).................. 13

*City of Montebello v. Vasquez*, 1 Cal. 5th 409, 424 (2016)......................... 3, 4, 10, 12, 20

*Conway v. State Bar*, 47 Cal. 3d 1107, 1117 (1989).................................................. 11, 14

*Cox v. Mariposa Cnty.*, 445 F. Supp. 3d 804, 823 (E.D. Cal. 2020) ............................... 5

*DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015)......................................... 16

*Eastburn v. Regional Fire Protection Auth.*, 31 Cal. 4th 1175, 1183 (2003) ................. 15

*Elliott v. Peirsol*, 26 U.S. (1 Pet.) 328, 340, 7 L.Ed. 164 (1828)................................... 20

*Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)..................................... 3

*Flatley v. Mauro*, 39 Cal. 4th 299, 322–23 (2006) ...................................................... 4, 7

*Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600, 609 (2007)..................................... 18

*Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007).............................. 14

*Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 63 F. Supp. 2d 1127 (N.D. Cal. 1999).......................................................................................................... 13

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

*Gopher Media LLC v. City of Los Angeles*, No. 23-55810, 2025 WL 1423912, at *8 (9th Cir. Mar. 6, 2025)* ..................................................................................................... 22

*Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498 (2000) ................................ 14, 15

*Hilton v. Hallmark Cards, Inc.*, 599 F.3d 894, 901 (9th Cir. 2010) ............................. 13

*Howlett v. Rose*, 496 U.S. 356, 375 (1990) ............................................................... 18

*In re Gruntz*, 202 F.3d 1074, 1082 n.6 (9th Cir. 2000) ........................................ 13, 19

*In re Gurrola,* 328 B.R. 158, 164 (B.A.P. 9th Cir. 2005) ........................................... 20

*In re Rose,* 22 Cal. 4th 430 (2000) ........................................................................... 16

*In re Ruffalo*, 390 U.S. 544 (1968) ...................................................... 1, 4, 10, 19

*Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 956 (2007) ......................................... 7

*Jensen v. Brown*, 79 F.4th 1055, 1064 (9th Cir. 2025) ............................................... 13

*Kaiser Foundation Health Plan, Inc. v. Superior Court*, 13 Cal. App. 5th 1125, 1142 (2017) ........................................................................................................................ 6

*Kalb v. Feuerstein*, 308 U.S. 433, 438–40 (1940) .................................................... 13

*Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) ............................................... 2, 4, 9

*Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002) ............................................. 7

*Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 313–14 (2002) ................... 13

*Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426 (1988) ................................... 15

*Kibler v. Northern Inyo County Local Hospital District*, 39 Cal. 4th 192 (2006) ............ 6

*Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) ................................................ 18

*Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) .................................... 17

*Le Mere v. Los Angeles Unified Sch. Dist.*, 35 Cal. App. 5th 237 (2019) ..................... 17

*Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274–75 (9th Cir. 2013) ......................... 21

*Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1093 (9th Cir. 2000) .............. 13

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ........................... 21

*Miller v. Filter*, 150 Cal. App. 4th 652 (2007) ........................................................... 7

*Nam v. Regents of Univ. of Cal.,* 1 Cal. App. 5th 1176, 1192 (2016) ............................ 5

*Navellier v. Sletten*, 29 Cal. 4th 82, 88–89 (2002) ................................................... 12

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

*Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 699 (2007)......18

*Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1060 (2017) ......1, 4, 5, 6, 7, 9, 12

*Plaza Hollister Ltd. P'ship v. Cnty. of San Benito*, 72 Cal. App. 4th 1, 19 (1999).... 13, 19

*Samara v. Matar*, 5 Cal. 5th 322, 334–35 (2018) ........................................................3, 16

*San Ramon Valley Fire Prot. Dist. v. Contra Costa Cnty. Employees' Ret. Ass'n,* 125
    Cal. App. 4th 343, 354–55 (2004) ........................................................................ 10, 12

*Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) 21

*Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 291 (2006) ...........................19

*Tuthill v. City of Buenaventura*, 223 Cal. App. 4th 1081, 1090 (2014)...........................20

*Van Sloten v. State Bar,* 48 Cal. 3d 921, 928–29 (1989)..........................................10, 19

*Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 829–30 (2004)........................13, 14

*Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)..............................................18

**Statutes**

42 U.S.C. § 1983.................................................................................................... 3, 12

Bus. & Prof. Code **§ 6007(c)(4)** .........................................1, 3, 5, 7, 11, 14, 15

Bus. & Prof. Code § 6086.1(b)........................... 1, 3, 7, 8, 11, 14, 15, 17, 20

Cal. Civ. Proc. Code § 425.16............................................... 1, 3, 5, 7, 19

Cal. Civ. Proc. Code § 425.16(b)(1)...............................................................12

**Cal. Civ. Proc. Code § 425.16(e).**............................................ 9, 10, 12, 22

Civil Code § 47(b) ....................................................................................................7

Gov't Code § 815 ....................................................................................................13

Gov't Code § 815.6 ...........................................................3, 5, 11, 14, 15, 20

Gov't Code § 818.4 .................................................................................. 13, 14, 15

Gov't Code § 820.2 .................................................................................. 13, 14, 15

Gov't Code § 821.2 .................................................................................. 13, 14, 15

Gov't Code § 821.6 ................................................................................................13

**Rules**

7

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

L.R. 11-6.1...............................................................................................................23

Rule 12(b)(6) ................................................................................................ 4, 21, 22

**Constitutional Provisions**

Cal. Const. art. I, § 2 ............................................................................... 3, 14, 20

Cal. Const. art. I, § 3 ............................................................................... 3, 14, 20

Cal. Const. art. I, § 7(a)........................................................................... 3, 14, 19

Cal. Const. art. I, § 17 ............................................................................. 3, 14, 20

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

### A. Introduction

Defendants misstate the nature of this case. Plaintiffs do not seek to relitigate discipline or attack judicial rulings. The Second Amended Complaint ("SAC") challenges discrete administrative acts by State Bar officials that exceeded statutory authority, retaliated against protected petitioning, violated *In re Ruffalo*, 390 U.S. 544 (1968), and imposed excessive fines the Ninth Circuit Bankruptcy Appellate Panel recently revived as unconstitutional. *Albert-Sheridan v. State Bar of Cal.*, 658 B.R. 516 (9th Cir. B.A.P. 2024).

These claims rest on state-law duties under Bus. & Prof. Code §§ 6007(c)(4) and 6086.1(b) and the California Constitution, not on speech or advocacy. They target decisions—to initiate investigations without a complainant, escalate charges after protected filings, change theories post-hearing, and enforce acknowledged punitive costs—not communications. Under *Park v. Bd. of Trs.*, 2 Cal. 5th 1057 (2017), and *Bonni v. St. Joseph Health Sys.*, 11 Cal. 5th 995 (2021), such challenges to government conduct fall outside Code Civ. Proc. § 425.16.

The record demonstrates:

• the May 11 2021 Bar-initiated investigation had no complaining witness

• a Notice of Intent to File Charges issued March 22 2022, four days after Plaintiff filed the *Roe v. State Bar* data-breach class action ;

• the Review Department introduced a new theory after submission, violating *Ruffalo*;

• internal Bar memoranda and committee reports concede the cost system is "punitive and excessive"; and

• the Ninth Circuit BAP's 2024 ruling confirms those fines remain justiciable.

Defendants' rhetoric about "vexatious litigation" is refuted by (i) the BAP's reversal, (ii) the Superior Court's unopposed order vacating the void discovery-sanction

1

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

foundation, and (iii) the absence of any finding of public or client harm. The motion should therefore be denied. (See, Decl. Albert).

## B. <u>Facts</u>

This action contests *how*, not *whether*, the State Bar exercised disciplinary power. In  *Albert-Sheridan v State Bar of California*, 960 F.3d 1188 (9th Cir. 2020), the Ninth Circuit held the Bar could not suspend Ms. Albert's license for discharged discovery sanctions. Despite full payment of all costs in April 2021, the Bar refused reinstatement until the Bankruptcy Court threatened $10,000-per-day sanctions. The episode showed the Bar's resistance to federal authority and set the tone for the retaliation that followed.

Six days later, on May 11 2021, the Bar opened Case No. 21-O-05360—without a complainant—acting as its own accuser, which forfeits prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). The file lay dormant for nearly a year until Ms. Albert exercised her rights again.

After the Bar's February 2022 admission of a massive data breach, Ms. Albert sought disclosure and filed Government Code claims and a class action on March 18 2022. Four days later, the Bar issued its Notice of Intent to File Charges, re-activating a dormant case—plain retaliation. The timing was not coincidence; it was reprisal for holding the agency publicly accountable.

The Bar's subsequent conduct compounded the due-process violations. The August 12 2022 amended charges omitted any "unauthorized practice" allegation, yet the Review Department later created that theory after the record closed—precisely what *Ruffalo* forbids. Introducing new grounds for discipline post-hearing deprived Plaintiff of notice and made the proceeding structurally void.

Meanwhile, the Bar's own Ad Hoc Committee and former Executive Director Leah Wilson acknowledged that disciplinary cost assessments were "punitive" and "disproportionate." Nevertheless, the Bar enforced those costs until the Ninth Circuit BAP, on April 2 2024, revived Ms. Albert's Excessive Fines claim, confirming constitutional scrutiny applies.

2

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

These chronological facts—documented in the record—show a continuous pattern: resistance to court oversight, retaliation for protected petitioning, shifting theories to justify predetermined outcomes, and persistence in enforcing unconstitutional fines. They concern administrative enforcement, not protected expression. Under *Park* and *Bonni*, the State Bar's conduct does not fall within Code Civ. Proc. § 425.16.

**Further facts appear in argument or declaration.**

**C. Procedural Background**

The SAC asserts four causes of action: (1) failure to discharge mandatory duties under Gov't Code § 815.6 and Bus. & Prof. Code §§ 6007(c)(4) and 6086.1(b); (2) negligence per se premised on the same statutory violations and the 2022 data breach; (3) federal § 1983 violations of speech, petition, and due-process rights; and (4) violations of the California Constitution (Art. I §§ 2, 3, 7, 17).

Earlier dismissals involved jurisdictional defects, not the merits, and thus carry no preclusive effect. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Samara v. Matar*, 5 Cal. 5th 322, 334–35 (2018). The operative facts—the May 11 2021 self-initiated investigation, March 22 2022 retaliatory escalation, March 11 2024 post-submission theory shift, and April 2 2024 BAP ruling—arose long after prior suits and were never litigated.

The SAC therefore falls squarely within the leave to amend and presents new, actionable facts.

## II. THE ANTI-SLAPP STATUTE DOES NOT PROTECT RETALIATORY MISUSE OF DISCIPLINARY POWER

Defendants' reliance on Code of Civil Procedure § 425.16 is misplaced. The statute protects genuine petitioning—not the retaliatory misuse of state power. It was never intended to shield government agencies that weaponize enforcement authority against citizens who criticize them. As the California Supreme Court held in *City of Montebello v. Vasquez*, 1 Cal. 5th 409, 420 (2016), the statute does not apply where "the gravamen of the claim challenges the legality of the conduct itself rather than the speech

3

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

or petitioning that accompanied it." Likewise, *Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1060 (2017), confirms a claim "is not subject to a motion to strike simply because it contests an action or decision arrived at following speech or petitioning."

The SAC challenges retaliatory conduct—not speech. After Plaintiff enforced her bankruptcy rights and filed a class action over the State Bar's February 2022 data breach, the Bar retaliated by opening and escalating disciplinary proceedings without a complaining witness, altering theories midstream, and enforcing void orders. These are administrative acts, not expressive ones.

In *Albert-Sheridan v State Bar of California*, 960 F.3d 1188 (9th Cir. 2020), the Ninth Circuit held the Bar could not withhold Plaintiff's license based on discharged sanctions. When the Supreme Court denied certiorari, the Bar refused reinstatement until the Bankruptcy Court threatened sanctions of $10,000 per day; only then, on May 5 2021, was her license restored. Six days later, the Office of Chief Trial Counsel opened Case No. 21-O-05360—without a public complaint. Bar employees initiated the case and acted as their own reporting witnesses. When government officials act as complaining witnesses, they are not entitled to quasi-judicial or prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

The Bar repeatedly shifted its disciplinary theories—from a loan dispute to alleged "UPL" in the Central and then Eastern Districts—constructing charges as it went. This violates *In re Ruffalo*, 390 U.S. 544 (1968), which holds that changing theories during prosecution deprives due process. A *Ruffalo* violation is structural and removes the conduct from anti-SLAPP protection because illegal retaliation is not protected petitioning. *Flatley v. Mauro*, 39 Cal. 4th 299, 316–17 (2006).

Retaliation became overt in March 2022. After Plaintiff filed Government Code claims and a data-breach class action, the Bar issued a Notice of Intent to File Charges four days later—the first activity on the file in nearly a year. Nothing changed except Plaintiff's protected petitioning against the Bar. Such timing demonstrates retaliation, not neutral enforcement. *Vasquez*, 1 Cal. 5th at 424; *Park*, 2 Cal. 5th at 1063.

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

Nor may Defendants invoke § 425.16 to defeat mandatory statutory and constitutional duties. Gov't Code § 815.6 and Bus. & Prof. Code §§ 6007(c)(4), 6086.1(b) impose non-discretionary obligations to find actual or threatened public harm and to maintain confidentiality. Performing—or failing to perform—those duties is conduct, not expression. *Nam v. Regents of Univ. of Cal.*, 1 Cal. App. 5th 1176, 1192 (2016), holds that liability arises not from speech, but from imposing a retaliatory burden.

Defendants' "broad construction" argument ignores these limits. As *Vasquez*, 1 Cal. 5th at 422, cautioned, the statute cannot be stretched to immunize government misconduct. Accepting Defendants' theory would transform every disciplinary action—no matter how baseless—into protected activity, nullifying Gov't Code § 815.6 and Article I rights.

Because the Bar's acts of weaponizing the system against Albert by opening self-initiated cases, refusing reinstatement contrary to federal orders, shifting charges mid-proceeding, and imposing punitive fines are administrative and retaliatory, not expressive, they do not fall within § 425.16(e)(1)–(4). The motion therefore fails at Prong One and must be denied.

### III. PRONG ONE ARGUMENT

### A. The State Bar Cannot Satisfy Prong One, Because the Conduct Challenged Is the Bar's Use of Government Power to Initiate, Escalate, and Enforce Discipline — Not Protected "Speech."

"Acts of governance mandated by law, without more, are not exercises of free speech or petition." *Cox v. Mariposa Cnty.*, 445 F. Supp. 3d 804, 823 (E.D. Cal. 2020)

The anti-SLAPP statute applies only where the **speech or petitioning activity itself** is the basis for liability. *Park v. Board of Trustees of Cal. State Univ.*, 2 Cal.5th 1057, 1060 (2017). A claim is **not** subject to anti-SLAPP merely because it contests a **decision that followed communications**, or was **conveyed through communications**.

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

Id. at 1060, 1067. Rather, the statute applies only if the **speech**, and not the **exercise of government power**, is "the wrong complained of." Id. at 1060.

## B. Defendants Fail to Meet Their Burden Under Prong 1 Because the SAC Challenges Administrative Retaliation, Not Protected Communications

Defendants bear the threshold burden to identify the precise allegations in the Second Amended Complaint ("SAC") that purportedly arise from protected communications or petitioning activity. *Park v. Bd. of Trustees of Cal. State Univ.*, 2 Cal. 5th 1057, 1062 (2017). The moving party must "identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute." *Id.* at 1063.

Defendants fail to meet that burden. They cite no paragraph of the SAC alleging defamatory or petitioning speech. The SAC does not challenge advocacy or litigation conduct; it challenges *administrative misuse of disciplinary power, breach of statutory duties, and the imposition of unconstitutional fines*—all of which are non-communicative acts. See SAC ¶¶ 37, 132–138, 156–162, 190–197, 219–223, 233–241, 257–259.

Defendants authorities do not apply.

Defendants overstate *Kibler v. Northern Inyo County Local Hospital District*, 39 Cal. 4th 192 (2006). (Doc. 122-1 at 20.) As the California Supreme Court made clear, *"Kibler does not stand for the proposition that disciplinary decisions…are protected." Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1070 (2017). As the Supreme Court's own administrative arm, Defendants know *Kibler* only protects statements—not retaliatory disciplinary acts. Also, *Barry v. State Bar of California*, 2 Cal. 5th 318 (2017), is far afield. As *Kaiser Foundation Health Plan, Inc. v. Superior Court*, 13 Cal. App. 5th 1125, 1142 (2017), explains, *Barry* merely held that a court lacking subject-matter jurisdiction could still grant an anti-SLAPP motion on that basis. It did not expand section 425.16 to immunize the State Bar's administrative misconduct like retaliation and statutory breaches, conduct outside the California Supreme Court's exclusive jurisdiction.

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

Defendants' reliance on Civil Code § 47(b) is misplaced. (Doc. 122-1 p. 21). The litigation privilege protects *communications*, not administrative misconduct. Plaintiffs' claims arise from non-communicative acts—opening retaliatory investigations, misusing disciplinary power, and breaching mandatory confidentiality duties under Bus. & Prof. Code § 6086.1(b). The California Supreme Court has made clear that § 47(b) "does not shield conduct that is not itself communicative." *Flatley v. Mauro*, 39 Cal. 4th 299, 322–23 (2006); *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1248 (2007). As *Park v. Board of Trustees of California State University*, 2 Cal. 5th 1057, 1060 (2017), confirms, a claim is not subject to § 425.16 or § 47(b) "simply because it contests an action or decision that was arrived at following speech or petitioning activity." Moreover, § 47(b) is a common-law privilege; it cannot override statutory duties or constitutional rights under Article I of the California Constitution. *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 956 (2007).

*Miller v. Filter*, 150 Cal. App. 4th 652 (2007), was limited to prosecutors – none of the defendants are prosecutors, and *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002), was a defamation case – this is not a defamation case. (Doc. 122-1 at 22.) Neither case concerns administrative retaliation or internal enforcement decisions by a state agency. Moreover, "[a]ssertions that are "merely incidental" or "collateral" are not subject to section 425.16." *Baral v. Schnitt*, 1 Cal. 5th 376, 394, 376 P.3d 604, 615 (2016).

Here, the Bar employees acted as *complaining witnesses* on a fishing expedition so they could take Albert's license away, while breaching confidentiality by allowing confidential State Bar investigations to be uploaded to the internet. See SAC ¶ 81, 138.

"The State Bar breached its mandatory duty on March 14, 2024, when it imposed an administrative suspension of Albert's license under Bus. & Prof. Code § 6007(c)(4) because **no harm to the public or clients was found,** in *any* of the three disciplinary orders, and none involved a criminal conviction." (SAC ¶ 58)

7

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

"the State Bar has not drafted any written policies or procedures to follow regarding authorization to view the confidential state bar investigation or how to prevent or respond to a data breach." (SAC ¶ 68)

"The State Bar did not encrypt its confidential state bar investigations that were maintained by Odyssey case management system, either." (SAC ¶ 69)

**"Albert** received formal notification from the State Bar on May 18, 2022 that **her identity tied to one or more confidential State Bar disciplinary investigations** had been among those breached and that it had been **accessed at least once online via a reported "page view"** because the State Bar failed to use reasonable care in keeping this information confidential." (SAC ¶ 72).

"Defendant State Bar of California owed Plaintiffs Albert and Westmoreland a mandatory duty under Bus. & Prof. Code § 6086.1(b) and Rule 2032 to maintain the confidentiality of nonpublic disciplinary investigations and to disclose to the lawyer when in the public interest." (SAC ¶ 73).

"the State Bar willfully ignored evidence that the 2012 orders were a nullity and continued the prosecution on the pretext that "finality" alone was sufficient." (SAC ¶ 81)

"Plaintiff Lenore Albert suffered retaliatory disciplinary actions and publicized suspension shortly after filing the Roe v. State Bar class action, chilling her speech and ability to petition the government." (SAC ¶ 262).

"She was assessed grossly excessive disciplinary costs on April 10, 2024, in violation of the Excessive Fines Clause." (SAC ¶ 262).

"In retaliation for her protected activity, Defendants—including George Cardona, Cindy Chan, Leah Wilson, Benson Hom, Suzanne Grandt, Brandon Stallings, Donna Hershkowitz, and Doe defendants—engaged in a coordinated pattern of adverse administrative actions: improper disciplinary charges (2015, 2022–2024); investigations without evidentiary support; public accusations and suspensions; misappropriation of payments; interference with attorney-client relationships; suppression of public records;

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

introduction of confidential investigative materials into litigation; interference with protests (Apr. 20, 2023); and threats of sanctions or bonds." (SAC ¶ 138).

"Acts of governance mandated by law, without more, are not exercises of free speech or petition." *Park v. Bd. of Trs. of California State Univ.,* 2 Cal. 5th 1057, 1064, 393 P.3d 905, 909 (2017).

Each is an **administrative enforcement decision**, not expressive advocacy. As *Park* holds, "a claim is not subject to section 425.16 simply because it contests an action or decision that was arrived at following speech or petitioning activity." 2 Cal. 5th at 1060. The wrongful acts here are *opening*, *escalating*, *adjudicating beyond the charges*, and *collecting excessive fines*—all non-communicative conduct.

"Failing to distinguish between the challenged decisions and the speech that leads to them or thereafter expresses them "would chill the resort to legitimate judicial oversight over potential abuses of legislative and administrative power."" *Park v. Bd. of Trs. of California State Univ.*, 2 Cal. 5th 1057, 1067, 393 P.3d 905, 911 (2017)

## C.  Opening a Disciplinary Investigation Without an Outside Complainant Is Not Protected Petitioning

The SAC alleges that the Bar's employees themselves initiated Case No. 21-O-05360 six days after the Bankruptcy Court ordered reinstatement, acting as their own *complaining witnesses* rather than neutral prosecutors. (SAC ¶¶ 132–138.) Conduct by government officials who initiate prosecutions as "complaining witnesses" is administrative, not quasi-judicial. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Such conduct is not "speech in furtherance of petitioning" within the meaning of Cal. Civ. Proc. Code § 425.16(e)**.**

## D. "Escalating the Investigation After the Roe v. State Bar Filing" Is Retaliatory Conduct, Not Speech

The SAC alleges that four days after Plaintiff filed the *Roe v. State Bar* data-breach class action in March 2022, the State Bar issued its first "Notice of Intent to File Charges." (SAC ¶¶ 156–162.) This escalation was retaliatory enforcement, not protected

9

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

advocacy. Retaliation for protected court filings is not protected petitioning. *City of Montebello v. Vasquez*, 1 Cal. 5th 409, 424 (2016). The wrong alleged is the *decision to prosecute*, not any communication made within the disciplinary case.

## E. "Introducing a New Basis for Discipline After Submission" Violated Due Process and Is Not Protected Activity

The SAC alleges that the Review Department added a new "Grewal" theory—finding unauthorized practice and moral turpitude—*after* the hearing closed and without amending the charges. (SAC ¶¶ 190–197.) This violated due process under *In re Ruffalo*, 390 U.S. 544, 551 (1968), which forbids adding charges mid-hearing, and under *Bouie v. City of Columbia*, 378 U.S. 347, 352 (1964), which bars retroactive disciplinary theories. Administrative due-process violations are state conduct, not protected petitioning. *See Van Sloten v. State Bar*, 48 Cal. 3d 921, 928–29 (1989).

## F. "Continuing to Enforce Excessive Cost Assessments" Is Administrative Collection Conduct, Not Speech

The SAC further alleges that Defendants continued to impose and collect punitive cost assessments after the Ninth Circuit Bankruptcy Appellate Panel revived Plaintiff's Excessive Fines claim. (SAC ¶¶ 257–259.) Such enforcement acts are purely administrative. *See San Ramon Valley Fire Prot. Dist. v. Contra Costa Cnty. Employees' Ret. Ass'n*, 125 Cal. App. 4th 343, 354–55 (2004). The Bar's own Ad Hoc Committee concluded those costs were "punitive" and "the highest in the nation," confirming their nature as fines, not petitioning communications.

## G. Defendants Have Not Shown That Any Challenged Act Falls Within § 425.16(e)

To satisfy Prong 1, Defendants must demonstrate that each challenged act falls within one of the four statutory categories in **Cal. Civ. Proc. Code § 425.16(e)**. They have not done so. None of the acts alleged—opening internal cases, escalating investigations in retaliation, adding new charges post-trial, enforcing void sanctions, or imposing fines—constitutes a "statement made before" or "in connection with" a judicial or legislative proceeding. Each is an administrative enforcement step. *See Bonni v. St.*

10

*Joseph Health Sys.*, 11 Cal. 5th 995, 1023–24 (2021) (disciplinary decisions themselves are not protected activity even if they occur in proceedings involving speech).

Because the conduct alleged in the first two causes of action arises from the Bar's **failure to discharge mandatory statutory duties**, rather than from protected speech, Defendants have not met their initial burden. The Court should therefore deny the Anti-SLAPP motion at Prong 1 without reaching Prong 2.

### H.  The First Two Causes of Action Arise from Breach of Mandatory Statutory Duties, Not Speech or Petitioning

Even if Defendants had met their threshold burden (they have not), the **first two causes of action** independently fall outside the Anti-SLAPP statute because they allege failure to perform *mandatory administrative duties* imposed by the Legislature—not expressive or petitioning conduct.

The **first cause of action** under **Cal. Gov't Code § 815.6** alleges that Defendants failed to discharge duties expressly mandated by **Bus. & Prof. Code §§ 6086.1(b)** and **6007(c)(4)**. Section 6086.1(b) requires the State Bar to "maintain the confidentiality of complaints, investigations, and records." Section 6007(c)(4), as interpreted by the California Supreme Court in *Conway v. State Bar*, 47 Cal. 3d 1107, 1117 (1989), authorizes administrative suspension only upon a finding that the attorney "has caused, or is causing, substantial harm and that such harm is likely to continue." These duties are *mandatory* and nondiscretionary. The SAC alleges that Defendants breached them by:

1.    Failing to safeguard confidential records during and after the 2022 data breach (SAC ¶¶ 37, 156–162);

2.    Initiating and escalating an internal investigation without a complaining witness or the required *Conway* findings of harm (SAC ¶¶ 132–138, 219–223); and

3.    Continuing to impose and collect disciplinary cost assessments that were constitutionally excessive and internally recognized as punitive (SAC ¶¶ 257–259).

11

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

Each of these failures is administrative **nonperformance of duty**, not communication. As *Park* makes clear, "a claim is not subject to section 425.16 simply because it contests an action or decision that was arrived at following speech or petitioning activity." 2 Cal. 5th at 1063.

The **second cause of action**, likewise alleges breach of the duty to exercise reasonable care in executing those statutory responsibilities—supervising investigative personnel, preventing retaliatory misuse of disciplinary authority, and protecting confidential data. (SAC ¶¶ 80–94.) Negligent administration of a regulatory system is conduct, not advocacy. *See San Ramon Valley Fire Prot. Dist. v. Contra Costa Cnty. Employees' Ret. Ass'n*, 125 Cal. App. 4th 343, 354–55 (2004). (Labels do not matter).

Because both causes of action arise from **administrative enforcement and nonfeasance**, not expressive acts, they fall entirely outside **Cal. Civ. Proc. Code § 425.16(e)**. The Anti-SLAPP statute therefore does not apply, and the Court must deny the motion at Prong 1. *See City of Montebello v. Vasquez*, 1 Cal. 5th 409, 420 (2016).

## IV. PRONG TWO ARGUMENT

Under the second prong of the anti-SLAPP statute, Defendants bear the burden to demonstrate that Plaintiffs cannot establish a probability of prevailing on their claims. *See* Cal. Civ. Proc. Code § 425.16(b)(1); *Navellier v. Sletten*, 29 Cal. 4th 82, 88–89 (2002). To satisfy this burden, Defendants must first identify and then show that the challenged causes of action are both legally deficient and unsupported by any admissible evidence. They do neither.

### A. Federal Immunities Do Not Apply

California's anti-SLAPP statute, Code of Civil Procedure § 425.16, applies only to **state-law causes of action**. Federal claims, such as those brought under **42 U.S.C. § 1983**, are not subject to a state procedural device like anti-SLAPP because of the *Erie* doctrine and the Supremacy Clause. The Ninth Circuit has repeatedly confirmed that anti-SLAPP applies in federal court only to **state-law claims**, not to federal ones. *Hilton*

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

*v. Hallmark Cards, Inc.*, 599 F.3d 894, 901 (9th Cir. 2010); *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 63 F. Supp. 2d 1127 (N.D. Cal. 1999).

Because the anti-SLAPP framework is a **state procedural mechanism** governing **state-law torts**, the relevant immunity defenses are those created by **California law**, not federal doctrines. Federal immunities—such as **qualified immunity**, **absolute prosecutorial immunity**, or **Eleventh Amendment immunity**—are irrelevant to a § 425.16 motion directed at California statutory claims. The only immunities that can even be considered under the anti-SLAPP framework are **California Government Code** immunities, e.g., **§ 815** (public-entity liability limited to statute), **§ 818.4** (licensing), **§ 820.2** (discretionary acts), and **§ 821.6** (prosecution or investigation). *See Opp to MTD for further argument.*

Consequently, **neither the Noerr–Pennington doctrine nor the Rooker–Feldman doctrine applies** in the anti-SLAPP context. Even if they did, neither bars actions against Defendants for **retaliatory or ultra vires conduct**. *See City of Columbia v. Omni Outdoor Advert.*, Inc., 499 U.S. 365, 379 (1991) ("Noerr-Pennington does not apply to government actors exercising regulatory power."); *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1093 (9th Cir. 2000); *Jensen v. Brown*, 79 F.4th 1055, 1064 (9th Cir. 2025); *Plaza Hollister Ltd. P'ship v. Cnty. of San Benito*, 72 Cal. App. 4th 1, 19 (1999); *Kalb v. Feuerstein*, 308 U.S. 433, 438–40 (1940). Because a **void order has no legal effect**, there is **no state judgment to review**. *See also In re Gruntz*, 202 F.3d 1074, 1082 n.6 (9th Cir. 2000) (en banc).

**B. <u>Government-Code Immunities Do Not Apply</u>**

Defendants' invocation of Government Code §§ 818.4, 820.2, and 821.2 fails for two reasons.

**First, Government Code immunities do not bar state constitutional claims in the Seventh cause of action.** The California Tort Claims Act governs statutory and common-law torts, not direct constitutional violations. *See Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 313–14 (2002); *Venegas v. County of Los Angeles*, 32 Cal.

13

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

4th 820, 829–30 (2004). Courts consistently hold that "the Tort Claims Act was not intended to—and does not—provide immunity for violations of constitutional rights." *Venegas*, 32 Cal. 4th at 829–30; *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007). Accordingly, Defendants cannot invoke Government Code §§ 818.4, 820.2, or 821.2 to bar Plaintiffs' claims under Article I, §§ 2, 3, 7, or 17 of the California Constitution.

**Second, Plaintiffs allege breaches of *mandatory* duties by the State Bar, not discretionary acts by its employees**. Under **Gov't Code § 815.6**, a public entity is liable for injuries caused by failure to discharge a mandatory duty imposed by statute. *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498 (2000).

Government Code § 818.4 only goes to discretionary acts, not mandatory ones. 820.2, or 821.2

Government Code §§ 820.2 and 821.2 only immunize employees for discretionary acts. They do not apply here because plaintiff only sued the Bar (not its employees) in the first two causes of action.

On June 23, 2025 this Court agreed with the State Court that Business and Professions Code § 6086.1(b) **created a mandatory duty** to keep all state bar investigations confidential until public disciplinary charges are brought. Additionally, the California Supreme Court has already announced that there "**must**" be a finding of prior harm to a client or the public and a continuing threat of harm to the public in order to suspend or disbar an attorney's license in order to pass constitutional muster under § 6007(c)(4), as construed in **Conway v. State Bar**, 47 Cal. 3d 1107, 1117 (1989). This is crucial because it makes clear that Bus. & Prof. Code **§ 6007(c)(4)** imposes a **mandatory duty**, not a policy judgment. Under *Conway*, the State Bar **cannot** impose or maintain an administrative suspension unless both elements are found.

Defendants' reliance on Government Code § 815 is misplaced. Section 815 precludes only common-law tort claims against public entities; it does not bar statutory or constitutional claims. The label of the cause of action is immaterial; Plaintiffs' second

14

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

cause of action for negligence per se incorporates and enforces the same mandatory statutory duties and state constitutional claims alleged in the first cause of action under Government Code § 815.6 and Business and Professions Code §§ 6007(c)(4) and 6086.1(b). Thus, it states a statutory and constitutional—not common-law—basis for liability outside the bar of Government Code § 815. *See Eastburn v. Regional Fire Protection Auth.*, 31 Cal. 4th 1175, 1183 (2003) ("[T]he existence of a statutory duty is determined by the substance of the allegations, not the label affixed to the cause of action.").

Defendants' reliance on *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426 (1988), is misplaced. (Doc. 122-1 p. 23). *Kemmerer* involved a county's **internal employment investigation and disciplinary decision** concerning one of its own employees, not the breach of statutory duties owed to the public. The case merely held that discretionary immunity under Gov't Code § 820.2 protects internal personnel decisions that involve policy judgment. Here, by contrast, Plaintiffs allege **failure to perform mandatory statutory duties** under Bus. & Prof. Code §§ 6007(c)(4) and 6086.1(b). Once a statute prescribes specific ministerial acts—such as maintaining confidentiality or making Conway findings of existing and continuing harm—no discretion remains. See *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498 (2000) ("When the duty is mandatory, discretionary immunity does not apply.").

*Haggis* does not discuss immunity because a violation of **a mandatory statutory duty is, by definition, non-discretionary**. Once a statute prescribes specific ministerial acts, discretionary-act immunities under Government Code §§ 818.4 and 820.2 no longer apply.

### C. <u>Res Judicata Does Not Apply Because the Issues Were Never Litigated</u>

Defendants failed to meet their burden to identify and prove each element of claim preclusion or to show how the doctrine applies here. Their entire res judicata argument consists of three conclusory sentences asserting that Plaintiffs "had the opportunity" to litigate their claims in prior disciplinary or civil matters, followed by generalized

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

references to "numerous prior lawsuits." (Doc. 122-1 at 27.) That is insufficient. Under *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015), the party asserting claim preclusion bears the burden to establish all three elements—(1) a final judgment on the merits, (2) identity of cause of action, and (3) identity or privity of parties. Defendants identify none of these elements, cite no prior judgment, show no identical causes of action, and fail to establish privity between the State Bar defendants and any party to the prior proceedings. Conclusory rhetoric about "harassment" or "frivolous attacks" is not evidence and does not satisfy the *DKN Holdings* standard.

The petitions for review were denied, leaving no "cause of action" that could form the basis for claim preclusion. *In re Rose*, 22 Cal. 4th 430 (2000). Even if there were, Defendants do not identify it.

Defendants also misapply issue preclusion. The validity of the 2012 discovery-sanction orders and the retaliatory initiation of Case No. 21-O-05360 were never adjudicated because the State Bar Court expressly prohibited Plaintiff from raising those issues: "**We're not going to do that**." (Ex. 31, July 7, 2016 Tr.) The Hearing Department likewise disclaimed jurisdiction over constitutional questions, stating: "Whether or not the EDCA Local Rules are **unconstitutional is not before this court**." (Ex. 16, Apr. 3, 2023 Hearing Dept. Recommendation at 28.)

The Review Department later introduced an entirely new theory of culpability—concluding for the first time that the *Grewal* reply email constituted unauthorized practice and moral turpitude. (Ex. 17, Mar. 11, 2024 Review Dept. Opinion.) The State Bar's own Request for Publication confirmed that this theory was newly articulated "to provide guidance." (Ex. 18, Apr. 2024 Request for Publication.) Finally, the United States Supreme Court declined to impose reciprocal discipline in all three instances, confirming ongoing constitutional concerns with the State Bar's process.

Issue preclusion requires that the issue have been "actually litigated and necessarily decided." *Samara v. Matar*, 5 Cal. 5th 322, 329–30 (2018). Because Plaintiff was expressly precluded from litigating these issues, preclusion cannot apply.

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

Defendants' ad hominem attack on Plaintiff's prior filings is improper and irrelevant. The State Bar itself prevented those issues from being adjudicated. Characterizing a litigant's efforts to vindicate constitutional rights as "harassment" contradicts the First Amendment right to petition.

Moreover, many of the challenged acts—such as the 2022 data breach, the 2023 retaliatory protest interference, and the 2024 excessive fines—occurred long after the disciplinary matters concluded and could not have been litigated earlier. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955).

The question is not Plaintiff's persistence, but Defendants' ongoing misconduct. It is the State Bar's pattern of evading review and judicial deference to institutional conduct that undermines the integrity of the judicial process.

**D. <u>Plaintiffs' Claims Are Timely and Statutory Claim Requirements Satisfied</u>**

Defendants' timeliness argument is contradicted by the record. The SAC establish that Plaintiffs filed Government Claims on **March 14, 2022**, **May 2024**, **September 9, 2024**, **February 2025**, and **June 2025**, covering the continuing series of violations alleged. Each act of retaliation or excessive-fine enforcement constituted a **continuing violation** that restarted the limitations period. *Aryeh v. Canon Bus. Sols. Am., Inc*., 55 Cal. 4th 1185, 1198 (2013). As to the data breach, Albert did not know of the Scribd upload until July 2025, making that claim timely. Furthermore, the Bar failed to give proper notice of the Google indexing or what was placed on the internet about her as required under 2023 law – making those claims timely under Bus. & Prof. Code § 6086.1(b). (Decl. Albert ¶¶ 54-62).

Defendants' reliance on *Le Mere v. Los Angeles Unified Sch. Dist.*, 35 Cal. App. 5th 237 (2019), is misplaced; that case involved a single, discrete incident and no continuing administrative misconduct.

The timing of the State Bar's retaliatory acts was no coincidence. Salary records obtained under the California Public Records Act show that Deputy Trial Counsel **Cindy Chan received annual pay increases effective precisely on Plaintiff's birthday,**

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

**September 21**, beginning the same year the Bar escalated its investigations and continuing throughout her involvement in the retaliatory proceedings. (Ex. __.) This recurring pattern provides circumstantial evidence of institutional reward for targeting Plaintiff, supporting an inference of retaliatory motive. See *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (evidence of timing and employer motive sufficient to establish prima facie retaliation). (Albert Decl. Ex 26).

### E. **No Communication is At Issue to Make 47(b) Apply**

**Civil Code section 47(b) does not apply because Plaintiffs' claims arise from administrative enforcement conduct and statutory nonperformance, not from communications made in a judicial or quasi-judicial proceeding.** *See Howlett v. Rose*, 496 U.S. 356, 375 (1990) (state litigation privilege cannot bar federal or constitutional claims); *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (same).

### F. **Plaintiffs Adequately Plead Each Element of the State Claims**

Defendants' motion fails under Prong Two because they identify only the first cause of action and do not specify why the second or seventh causes of action lack merit. Under *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016), and *Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600, 609 (2007), a moving party must identify each challenged claim and demonstrate why it fails as a matter of law before the burden shifts to the plaintiff. Having failed to do so, Defendants did not meet their initial burden and the motion must be denied.

Out of an abundance of caution, the SAC specifies each statutory duty, breach, and resulting injury. (SAC ¶¶ 54–79, 156–162, 190–197, 219–223, 257–259.) Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), factual allegations are accepted as true and all reasonable inferences drawn in Plaintiffs' favor. Whether each Defendant's conduct was negligent or retaliatory is a factual question not suitable for resolution on an anti-SLAPP motion. *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 699 (2007).

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

**G. <u>Plaintiffs Demonstrate a Probability of Prevailing Under Prong Two</u>**

Even if the Court reaches Prong Two, Plaintiffs have established a prima facie case with admissible evidence supporting each of the challenged causes of action. Under *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 291 (2006). Under Prong Two, the plaintiff's burden is "not high"; the claim "need only demonstrate minimal merit." *Ahmed v. Collect Access, LLC*, No. A170591, 2025 WL 2814724, at *4 (Cal. Ct. App. Sept. 5, 2025). Each example below independently satisfies that standard.

**1. Due Process Violation – Introduction of New Theory Post-Submission (Ruffalo Error).**

The Review Department recharacterized Plaintiff's March 2021 Grewal "email" as unauthorized practice and moral turpitude although the email was not part of the Disciplinary Charges violating traditional due process rights of Albert. *See* Review Dept. Op. (Mar. 11, 2024) (Albert Decl. ¶ **[]; Ex. []**). *In re Ruffalo*, 390 U.S. 544, 551 (1968), and *Van Sloten v. State Bar*, 48 Cal. 3d 921, 928–29 (1989). A void adjudication cannot be immunized by *Code Civ. Proc.* § 425.16. (Albert Decl. **Ex. 14-30.**)

**2. Substantive Due Process Violation – Reliance on Void Orders in the Koshak Matter.**

The Bar originally premised discipline on discovery-sanction orders that were void ab initio later vacated due to Albert's bankruptcy discharge. (Albert Decl.  **Exs. 1-2, 30-38.**)

A "court cannot validly enter a judgment or order which is void." *Plaza Hollister Ltd. P'ship v. Cnty. of San Benito*, 72 Cal. App. 4th 1, 13, 84 Cal. Rptr. 2d 715, 723 (1999). *In re Gruntz*, 202 F.3d 1074, 1082 n.6 (9th Cir. 2000) (en banc).

The Bar proceeded on legally nonexistent judgments prohibiting Albert from contesting the validity, while allowing opposing counsel in the underlying active litigation to produce forged notes on a property the attorney had a $700,000 lien on to win the case constituting arbitrary and oppressive government action, violating *Cal. Const.* art. I, § 7(a). (Albert Decl. Ex. 1-2, 29-38).

19

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

[If a court] act[s] ...without authority, its judgments and orders are nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and **all persons concerned in executing such judgments or sentences, are considered, in law , as trespassers.**

*In re Gurrola,* 328 B.R. 158, 164 (B.A.P. 9th Cir. 2005) (bold added), citing *Elliott v. Peirsol,* 26 U.S. (1 Pet.) 328, 340, 7 L.Ed. 164 (1828).

### 3.  Mandatory Duty Violation – Data Breach and Scribd Upload.

This Court has already held that State Bar's failure to keep disciplinary investigation confidential that have not resulted in public discipline is a breach of a mandatory duty under *Bus. & Prof. Code* § 6086.1(b). (RJN). This statutory violation satisfies *Gov't Code* § 815.6 and negligence per se. *See Tuthill v. City of Buenaventura*, 223 Cal. App. 4th 1081, 1090 (2014). The Scribd breach was continuous and undisputed: Defendants' counsel admitted the records remained accessible on Scribd for years before removal. (Albert Decl. Ex 31-34.) (Labels of the cause of action do not control).

### 4.  First Amendment Retaliation – Initiation and Escalation of Discipline.

"Every person may freely speak." Cal. Const. art. I, § 2

"The people have the right to…petition government for redress of grievances, and assemble freely to consult for the common good. (b)(1) The people have the right of access to information concerning the conduct of the people's business…" Cal. Const. art. I, § 3

Within days of reinstating Plaintiff's license on May 5, 2021, the Bar employees opened Case No. 21-O-05360 as the complaining witness and then escalated it immediately after Plaintiff filed her data-breach class action on March 18, 2022. (Albert Decl. **Exs. 1-7**.) This timing supports a prima facie showing of retaliatory discipline for protected petitioning activity, violating *Cal. Const.* art. I, §§ 2(a), 3(a). *See City of Montebello v. Vasquez*, 1 Cal. 5th 409, 424 (2016); *Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1063 (2017).

20

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

### H. **The Anti-SLAPP Statute Cannot Be Used as a Rule 12(b)(6) Substitute, Fee Device, or Discovery Stay**

The Ninth Circuit has repeatedly cautioned that defendants may not repackage a Rule 12(b)(6) challenge as an anti-SLAPP motion to obtain attorney fees. *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274–75 (9th Cir. 2013). That is precisely what occurred here.

This Court already has a Rule 12(b)(6) motion pending. The anti-SLAPP motion raises no distinct argument, submits no evidence, and presents no factual dispute. It is duplicative, procedurally improper, and barred under *Makaeff*. Section 425.16 cannot be invoked as an end-run around the Federal Rules of Civil Procedure.

Even if Defendants were deemed "prevailing parties," any fee award would be unconstitutional. Plaintiffs' claims themselves constitute petitioning activity protected by the First Amendment. Punishing a litigant for invoking judicial process violates the Petition Clause principles recognized in *BE&K Constr. Co. v. NLRB*, 536 U.S. 516 (2002), and reaffirmed in *Makaeff*. Anti-SLAPP fees cannot be imposed where doing so would chill constitutionally protected petitioning.

Moreover, the motion is premature. Federal courts applying section 425.16 consistently hold that anti-SLAPP determinations should not occur before discovery, especially where factual disputes remain. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).Because Defendants themselves requested a discovery stay pending this motion, they cannot now seek dismissal before Plaintiffs have an opportunity to obtain and present evidence.

Finally, even if section 425.16 were otherwise applicable, its use in federal court remains deeply contested. In *Gopher Media LLC v. City of Los Angeles*, No. 23-55810, 2025 WL 1423912, at *8 (9th Cir. Mar. 6, 2025) (VanDyke, J., dissenting)*, the dissent warned that applying California's anti-SLAPP procedures in federal court "distorts Rule 12(b)(6)" and encourages defendants to "repackage merits challenges into fee-shifting

21

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S
SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

motions." This Court should likewise decline to let section 425.16 supplant the Federal Rules or operate as a sanctions device against constitutionally protected petitioning.

Accordingly, Defendants' anti-SLAPP motion fails both procedurally and constitutionally, and judgment should be entered denying the motion in its entirety.

## V. CONCLUSION

Defendants have not met their burden under either prong of Code of Civil Procedure section 425.16. The conduct alleged—retaliatory investigations, misuse of disciplinary power, enforcement of void orders, and disregard of constitutional limits—is administrative wrongdoing, not protected petitioning or speech.

Because the challenged acts fall outside section 425.16(e)(1)–(4), the motion fails as a matter of law. The Anti-SLAPP statute cannot be transformed into a substitute for Rule 12(b)(6), a fee-shifting weapon, or a premature discovery stay against citizens who petition their government.

For these reasons, Plaintiffs respectfully request that the Court **deny Defendants' Special Motion to Strike in its entirety**, **deny any request for attorney's fees or costs**, and award such further relief as the Court deems just and proper.

**Retaliation is not petitioning, and accountability is not harassment.**

Dated:  October 28, 2025          Respectfully Submitted,
                                  /s/ Lenore Albert_____
                                  Lenore Albert, Plaintiff pro se

## CERTIFICATION OF WORD COUNT

"The undersigned, respondent, certifies that this brief contains **7,000** words, which complies with the word limit of L.R. 11-6.1.

Dated:  October 28, 2025          Respectfully Submitted,
                                  /s/ Lenore Albert_____
                                  Lenore Albert, Plaintiff pro se

22

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651.
**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**

On the interested parties in this action as follows:

See Electronic Service list

**[x] BY E-SERVE and EMAIL – I** caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.
**[] BY MAIL–** I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Huntington Beach, California, to the aforementioned addressee(s).
 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: October 28, 2025

 _/s/Lenore Albert_
 Lenore Albert

23
**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

# ELECTRONIC SERVICE LIST

**For Defendants State Bar of California, Cindy Chan, Benson Hom, Suzanne Grandt, George Cardona, Ruben Duran, Steve Mazer, Leah Wilson**

Kevin Gilbert
kgilbert@ohhlegal.com
Orbach Huff & Henderson LLP
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California  94588
(510) 350-3582 Direct

Suzanne Grandt (304794)
Email: suzanne.grandt@calbar.ca.gov
State Bar of California, Ofc of General Counsel
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517

**For Defendant Tyler Technologies, Inc.**

Beth Petronia
beth.petronio@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

Co-plaintiffs by email by consent – as listed on the caption.

24

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

## ADDENDUM - EXHIBIT INDEX

| Ex. No. | Description | Date (if stated) |
|---|---|---|
| 1 | Declaration to Bankruptcy Court showing payment of State Bar costs | April 2021 |
| 2 | Reporter's transcript from Bankruptcy Court hearing threatening $10,000/day sanctions for failure to reinstate license | May 5, 2021 |
| 3 | Letter from Investigator Benson Hom opening Case No. 21-O-05360 | May 11, 2021 |
| 4 | Email exchange between Hom and CACD Admissions confirming inquiry into admission history | July 7–8, 2021 |
| 5 | Email from Cindy Chan re: CAED assistance inquiry | October 14, 2021 |
| 6 | Internal Investigation Report prepared by Hom (referenced March 10, 2022) | 2021–2022 |
| 7 | Witness Interview Memorandum by Hom and Chan re: Kamran Javandel (Noble and Kilgore matters) | March 1, 2022 |
| 8 | State Bar News Release admitting 2022 data breach | February 24, 2022 |
| 9 | Plaintiff's email to State Bar requesting breach disclosure details | March 1, 2022 |
| 10 | Email from journalist Susan Bassi notifying State Bar of Plaintiff's involvement in investigating data breach | March 2, 2022 |
| 11 | Government Tort Claim under Gov't Code § 910 et seq. | March 14, 2022 |
| 12 | Roe v. State Bar of California Class Action Complaint (caption page) | March 18, 2022 |
| 13 | Notice of Intent to File Disciplinary Charges | March 22, 2022 |
| 14 | Notice of Disciplinary Charges | April 29, 2022 |
| 15 | Second Amended Notice of Disciplinary Charges | August 12, 2022 |
| 16 | Hearing Department Recommendation (finding no harm to clients or public) | April 3, 2023 |
| 17 | Review Department Opinion introducing new UPL theory | March 11, 2024 |
| 18 | Request for Publication of Review Dept. Opinion | May 8, 2024 |
| 19 | Cost Bill assessing $27,055 in new disciplinary costs | April 10, 2024 |
| 20 | 2017 State Bar Cost Bill | 2017 |

25

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

| Ex. No. | Description | Date (if stated) |
|---|---|---|
| 21 | 2019 State Bar Cost Bill | 2019 |
| 22 | Certified cost-order package showing continued collection efforts | July 3, 2024 |
| 23 | Ad Hoc Commission Recommendations Report on Discipline System | 2023 |
| 24 | Ad Hoc Commission Status Update Report | 2023 |
| 25 | Leah Wilson Staff Newsletter announcing "offer-and-compromise" program | October 2024 |
| 26 | Cindy Chan salary records showing annual raises on Plaintiff's birthday | — |
| 27 | Photographs of April 20, 2023 protest and sidewalk signage | April 20, 2023 |
| 28 | CPRA Security Guard Instructions identifying Sunly Yap and deviation from protocol | April 20, 2023 |
| 29 | Declaration in Support of Motion to Vacate Discovery Sanction Orders (showing void ab initio status) | August 31, 2012 (order confirmed Aug. 6, 2025) |
| 30 | August 6, 2025 Order vacating discovery sanctions and confirming collateral attack permitted | August 6, 2025 |
| 31 | State Bar trial transcript excerpt showing judge barred void-order argument | July 2016 |
| 32 | Screenshot of anonymous May 11, 2016 Scribd upload of confidential State Bar files | May 11, 2016 |
| 33 | Email from Kevin Gilbert providing link to Scribd upload | July 8, 2025 |
| 34 | CPRA response showing no tracking of access to confidential investigations in 2016 | 2025 |
| 35 | Orange County Sheriff's Department report documenting Koshak forgery complaint | 2013 |
| 36 | Partial reporter's transcript from Koshak unlawful-detainer hearing showing forged note | 2012 |
| 37 | Deed of Trust showing $700,000 lien owed to Samuels, Greene & Steele on Koshak home | 2012 |
| 38 | Email from Maricruz Farfan acknowledging Sisson case dropped from final order | March 20, 2018 |

26

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM

| Ex. No. | Description | Date (if stated) |
|---|---|---|
| 39 | Cost bill in *Gilbert-Bonnaire v. Demerjian* | 2024 |
| 40 | Declaration of Daniel Chmielewski re $10,000 settlement excluding attorney lien | 2024 |
| 41 | Notice to Attend Trial in *Marasco v. 1753 9th Street LLC* | 2020 |

27

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO THE STATE BAR'S SPECIAL MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**
*Albert v Tyler Technologies, et al.* 8:25-cv-00647-JLS-DFM