# RE: Albert-210876-TR2 (21O05360).pdf

| | |
|---|---|
| From: | Chan, Cindy (cindy.chan@calbar.ca.gov) |
| To: | lenorealbert@msn.com; lenalbert@interactivecounsel.com |
| Cc: | Benson.Hom@calbar.ca.gov |
| Date: | Thursday, October 14, 2021 at 12:45 PM PDT |

Ms. Albert,

With respect to your representation of the defendants in *Avalos v. Gonzalez*, please provide a written response to the below:

1. Did the defendants employ you/your firm or Mr. Westmoreland/his firm for representation in *Avalos v. Gonzalez*? Was the attorney-client agreement with respect to this matter entered between defendants and you/your firm or Mr. Westmoreland/his firm? Please provide a copy of the fee agreement.

2. Did you have discussions with Pritam S. Grewal, Manjeet K. Grewal, and/or Dev S. Grewal regarding matters beyond scheduling, billing, updates, and the confirmation of receipt or sending of correspondence and messages between June 28, 2018 and April 21, 2021?

3. Did you render legal consultation or advice to Pritam S. Grewal, Manjeet K. Grewal, and/or Dev S. Grewal between June 28, 2018 and April 21, 2021?

4. Did you negotiate or communicate with third parties on behalf of Pritam S. Grewal, Manjeet K. Grewal, and/or Dev S. Grewal between June 28, 2018 and April 21, 2021?

5. Did you receive, disburse, or otherwise handle client funds of Pritam S. Grewal, Manjeet K. Grewal, and/or Dev S. Grewal between June 28, 2018 and April 21, 2021?

6. Did you ever meet in person with Pritam S. Grewal, Manjeet K. Grewal, and/or Dev S. Grewal regarding the matter? If so, where did these meetings take place?

With respect to your representation of Brooke Noble/estate of Marsha Kilgore in *Marsha Kilgore v. Wells Fargo Bank, N.A.*, et al., before the United States District Court, Eastern District of California, Case No. 1:12-cv-00899, please provide a written response to the below:

1. Did Ms. Noble/estate of Marsha Kilgore employ you/your firm or Mr. Westmoreland/his firm for representation in the matter? Was the attorney-client agreement with respect to this matter entered between Ms. Noble/estate of Marsha Kilgore and you/your firm or Mr. Westmoreland/his firm? Please provide a copy of the fee agreement.

2. Did you have discussions with Ms. Noble/estate of Marsha Kilgore regarding matters beyond scheduling, billing, updates, and the confirmation of receipt or sending of correspondence and messages between June 28, 2018 and April 21, 2021?

3. Did you render legal consultation or advice to Ms. Noble/estate of Marsha Kilgore between June 28, 2018 and April 21, 2021?

4. Did you negotiate or communicate with third parties on behalf of Ms. Noble/estate of Marsha Kilgore between June 28, 2018 and April 21, 2021?

5. Did you receive, disburse, or otherwise handle client funds of Ms. Noble/estate of Marsha Kilgore between June 28, 2018 and April 21, 2021?

6. Did you ever meet in person with Ms. Noble/estate of Marsha Kilgore regarding the matter? If so, where did these meetings take place?

7. In your response to the Court's Order to Show Cause issued in *Avalos v. Gonzalez*, you stated in relevant part that Judge Ishi "allowed" you to represent the estate of Ms. Kilgore in *Kilgore v. Wells Fargo*. Please provide documentation, such as an order or a ruling, that demonstrates the court's awareness of your suspension and that supports your representation that it "allowed" you to represent Ms. Kilgore during your suspension. Please also explain the extent of your representation of Ms. Kilgore in the Wells Fargo matter and whether or not your work on the case was overseen by any other attorneys.

Please provide a response to the above inquiries with any supporting documentation by close of business next **Friday, October 22**.

Cindy Chan
Supervising Attorney|Office of Chief Trial Counsel
[The State Bar of California](#) | 845 S. Figueroa St. | Los Angeles, CA 90017
213.765.1292 | [Cindy.Chan@calbar.ca.gov](mailto:Cindy.Chan@calbar.ca.gov)

**Working to protect the public in support of the mission of the State Bar of California.**
Please consider the environment before printing this email.

*This message may contain confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*

---

**From:** Lenore Albert <lenorealbert@msn.com>
**Sent:** Tuesday, October 5, 2021 1:16 PM
**To:** Chan, Cindy <Cindy.Chan@calbar.ca.gov>
**Cc:** leslieww1@gmail.com
**Subject:** Albert-210876-TR2 (21O05360).pdf

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Are you asking me to teach you US Supreme Court history on racial justice in this country after Plessy v Ferguson? show me the law that says I have to teach you the law? What particular interest do you have in the Grewal matter anyway and why ignore that I was working within rule 1-311? I take your letters as trying to set me up..entrapment into a fiction no less. What makes you a better judge of my character than the US Supreme Court?

I need clarification because your letter of inquiry is argumentative and annoying.Of course I am available to fully cooperate but not violate my rights. Stop trying to create a crime where there is none. Please dismiss this inquiry.

Lenore Albert
Get [Outlook for Android](#)