# UNIFORM STATE BAR INVESTIGATIVE REPORT

| Case No.: 21-O-05360 | Report Date: March 10, 2022 |
|---|---|
| Respondent: **Lenore LuAnn Albert** | Investigator: Benson Hom |
| Membership No.: 210876 | CW Name: SBI |
| Address: 31872 Joshua Dr, Apt 22C<br>Trabuco Canyon, CA 92679-3111<br>Phone: 424-365-0741<br>Email: lenalbert@interactivecounsel.com | |
| Respondent's Counsel: *Pro Per* | |

## BRIEF SUMMARY

Respondent has two prior records of discipline. While she was suspended between June 28, 2018, and April 21, 2021, respondent engaged in the unauthorized practice of law on the following occasions:

(1) Between August 18, 2019 and November 12, 2019, respondent represented Plaintiff, BROOKE NOBLE, representative of the Estate of MARSHA KILGORE, deceased, before the Eastern District of CA in *Kilgore v. Wells Fargo*, Case 1:12-cv-00899 and filed documents on Ms. Noble's behalf as "Attorney for" Ms. Noble.

(2) On February 19, 2021, respondent filed an Answer along with Leslie Westmoreland as co-counsel as "Attorneys for Defendants, PRITAM S. GREWAL, MANJEET K. GREWAL, and DEV S. GREWAL" before the Eastern District of CA in the matter *Avalos v. Gonzalez*, et al., Case 1:20-cv-01578. The Court issued an OSC on the issue of respondent not being eligible to practice. However, respondent was reinstated on April 21, 2021, and so the OSC was discharged.

## ALLEGED VIOLATIONS & SUMMARY

**Rules of Professional Conduct, rule 3.4(f) [Disobeying Rules of a Tribunal]**

Respondent was on actual suspension with respect to prior disciplines between June 28, 2018 and April 21, 2021.

Local Rule 184(b) of the EDCA provides as follows:

> **Notice of Change in Status.** An attorney who is a member of the Bar of this Court or who has been permitted to practice in this Court shall *promptly notify the Court of any disciplinary action or any change in status in any jurisdiction that would make the attorney ineligible for membership in the Bar of this Court or ineligible to practice in this Court*. If an attorney's status so changes with respect to eligibility, the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice. Upon written motion to the Chief Judge, an attorney shall be afforded an opportunity to show cause why the attorney should not be suspended or disbarred from practice in this Court. (emphasis)

By failing to promptly notify the United States District Court, Eastern District of California of the suspension imposed upon her by the California Supreme Court, effective June 28, 2018, respondent knowingly disobeyed an obligation under the rules of the Eastern District of California.

Attachment numbers in support of the violation:  #004 – page 127-Declaration of Albert;
– page 329-Motion to Vacate
#008; #024

Witnesses in support of the violation: Respondent, Roxanne Gonzalez EDCA Clerk of Court

**Business and Professions Code section 6068(a) [UPL re *Kilgore v. Wells Fargo* matter]**
**Business and Professions Code section 6106 [Knowingly Engaging in UPL re *Kilgore v. Wells Fargo* matter]**

Respondent was on actual suspension with respect to prior disciplines between June 28, 2018 and April 21, 2021.

In May 2012, Marsha Kilgore (now deceased) initiated a lawsuit against Wells Fargo Bank, N.A ("Wells Fargo") before the United States District Court, Eastern District of California ("EDCA"), Case No. 1:12-CV-00899, wherein she sought damages and an injunction to halt foreclosure proceedings initiated against her by Wells Fargo after she had ceased making her mortgage payments in 2010.  The Court granted Wells Fargo's motions to dismiss, finding that Kilgore's claims were time-barred, and judgment was entered on May 24, 2013. Kilgore moved for reconsideration of the dismissal shortly thereafter. She died in October 2013, but no one substituted in as plaintiff.  The reconsideration motion was denied in 2014.

On October 16, 2014, respondent filed suit on behalf of Brooke Noble, Kilgore's daughter and representative of the estate of Kilgore, for the wrongful death of Kilgore, negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress (IIED).  These claims were initially filed before the Fresno Superior Court, but the case was removed to EDCA (Case No. 1:14-cv-01963).  The claims were eventually dismissed on summary judgment.  Noble moved for reconsideration, asserting that her incarceration prevented her from filing an opposing declaration.  The district court denied her motion.

On November 7, 2017, respondent filed a Notice of Appeal on behalf of Ms. Noble before the Ninth Circuit Court of Appeals (Case Nos. 16-16362; 17-17294).

On June 28, 2018, respondent's 30-day actual suspension from her first discipline became effective, but respondent continued to represent Ms. Noble in the Ninth Circuit Appeal following her suspension.

On November 15, 2018, the Appellate Commissioner filed a report and recommendation regarding the proposed reciprocal discipline of respondent.  Respondent was permitted to file objections within 21 days, but she did not file any objections.

On December 19, 2018, the Ninth Circuit issued an order suspending respondent from the practice of law before the court on the basis of her suspension by the California Supreme Court pursuant to Fed.R.App.P. 46(b)(1)(A).  However, for "the convenience of the court and in the interest of justice," respondent was permitted to remain as counsel of record for Ms. Noble in the related pending appeals, *Noble v. Wells Fargo*, 16-16362, 17-17294 and "respond to any developments in those cases."  Respondent was prohibited from submitting filings in any other case before the court during her suspension.

On May 29, 2019, the Ninth Circuit issued a Memorandum of decision in which it affirmed the district court's dismissal of Noble's lawsuit on summary judgment.

On August 18, 2019, while still on actual suspension, respondent filed a Motion to Vacate the judgment on behalf of Brooke Noble, Kilgore's daughter and representative of the estate of Kilgore before the EDCA in Case No. 1:12-CV-00899. On the caption of the motion, respondent identified herself and Leslie Westmoreland, Esq. as "Attorneys for Plaintiff, BROOKE NOBLE, representative Of the Estate of MARSHA KILGORE, deceased."

Local Rule 184(b) of the EDCA provides as follows:

> Notice of Change in Status. An attorney who is a member of the Bar of this Court or who has been permitted to practice in this Court shall promptly notify the Court of any disciplinary action or any change in status in any jurisdiction that would make the attorney ineligible for membership in the Bar of this Court or ineligible to practice in this Court. **If an attorney's status so changes with respect to eligibility, the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice. Upon written motion to the Chief Judge, an attorney shall be afforded an opportunity to show cause why the attorney should not be suspended or disbarred from practice in this Court.**

Here, respondent's eligibility to practice before EDCA was suspended as a result of her CA suspension. She was thus not authorized to practice before the court until either (1) she became eligible to practice again in CA or (2) upon the filing of a motion with the court, the court issued order lifting suspension.

By representing Ms. Noble in *Kilgore v. Wells Fargo*, Case No. 1:12-CV-00899 before the EDCA while suspended, respondent held herself out as entitled to practice when she knew or should have known she was ineligible to practice in said district and actually did engage in the unauthorized practice of law by filing a motion on Ms. Noble's behalf.

Attachment numbers in support of the violation: #004 (Court records re *Kilgore v. Wells Fargo Bank, N.A.*, Case No. 1:12-cv-00899)

Witnesses in support of the violation: Respondent, Brooke Noble, Counsel for Wells Fargo


**Business and Professions Code section 6068(a) [UPL re *Avalos v. Gonzalez* matter]**
**Business and Professions Code section 6106 [Knowingly Engaging in UPL re *Avalos v. Gonzalez* matter]**

Respondent was on actual suspension with respect to prior disciplines between June 28, 2018 and April 21, 2021.

On November 9, 2020, plaintiff George Avalos filed suit against Felipe Gonzalez, Pritam Grewal, Manjeet K. Grewal, Dev S. Grewal, and DOE defendants before the EDCA in Case No. 1:20-cv-01578. In this lawsuit, Mr. Avalos alleged violations of the (1) the American with Disabilities Act (42 U.S.C. §12181 et seq.) and (2) Unruh Civil Rights Act (CA Civil Code § 51 et seq.)

On February 19, 2021, respondent filed an Answer to the Complaint on behalf of Defendants Pritam Grewal, Manjeet K. Grewal, and Dev S. Grewal and identified herself and Leslie Westmoreland, Esq. on the caption as "Attorneys for Defendants…" (similar to caption above). At the time the answer was filed, respondent was suspended from the practice of law as a result of her prior discipline.

Local Rule 184(b) of the EDCA provides as follows:

> Notice of Change in Status. An attorney who is a member of the Bar of this Court or who has been permitted to practice in this Court shall promptly notify the Court of any disciplinary action or any change in status in any jurisdiction that would make the attorney ineligible for membership in the Bar of this Court or ineligible to practice in this Court. **If an attorney's status so changes with respect to eligibility, the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice. Upon written motion to the Chief Judge, an attorney shall be afforded an opportunity to show cause why the attorney should not be suspended or disbarred from practice in this Court.**

By representing the defendants in *Avalos v. Gonzalez*, Case No. 1:20-cv-01578 before the EDCA while suspended, respondent held herself out as entitled to practice when she knew or should have known she was ineligible to practice in said district and actually did engage in the unauthorized practice of law by filing an Answer on their be halves while suspended.

Attachment numbers in support of the violation: #008 (Court records re *Avalos v. Gonzalez*, Case No. 1:20-cv-01578)

Witnesses in support of the violation: Respondent, Leslie Westmoreland, Joseph Manning, Pritam Grewal

## SUPPORTING EVIDENCE

| DATE OF EVENT | FACT | ATTACH. NO. | ID ATTACH. | ORIGIN OF DOC. |
|---|---|---|---|---|
| 12/17/14 | Respondent admitted to USDC, Eastern District of CA. | 008 | Albert Declaration; Certificate of Good Standing [Dkt #27] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| 08/04/16 | Respondent filed Notice of Appeal on behalf of non-complaining client Brooke Noble before the Ninth Circuit Court of Appeals (Case Nos. 16-16362; 17-17294) on a matter that she had filed on Ms. Noble's behalf before the district court that was dismissed on summary judgment (EDCA Case No. 1:14-cv-01963) | 005 | Docket re *Noble v. Wells Fargo*; 16-16362 | PACER (*Noble v. Wells Fargo*; 16-16362) |
| 06/28/18 | Respondent's 30-day actual suspension from her first discipline (Case No. 15-O-11311, et al.) became effective. | 001 | SC Order re Discipline in Case No. 15-O-11311, et al. | SBC |
| 11/15/18 | The Appellate Commissioner filed a report and recommendation regarding the proposed reciprocal discipline of respondent (due to CA suspension). Respondent was permitted to file objections within 21 days, but she did not file any objections. | 035 | Report and Recommendation [Dkt #34] | PACER (*In re: Lenore L. Albert*; 18-80051) |

| | | | | |
|---|---|---|---|---|
| 12/19/18 | The Ninth Circuit issued an order suspending respondent from the practice of law before the court on the basis of her suspension by the California Supreme Court pursuant to Fed.R.App.P. 46(b)(1)(A). However, for "the convenience of the court and in the interest of justice," respondent was permitted to remain as counsel of record for Ms. Noble in the related pending appeals, *Noble v. Wells Fargo*, 16-16362, 17-17294 and "respond to any developments in those cases." Respondent was prohibited from submitting filings in any other case before the court during her suspension. | 006 | Order of Suspension [Dkt #38] | PACER (*Noble v. Wells Fargo*; 16-16362) |
| 05/29/19 | The Ninth Circuit issued a Memorandum of decision in which it affirmed the district court's dismissal of Noble's lawsuit on summary judgment. | 006 | Ninth Cir. Decision [Dkt #49] | PACER (*Noble v. Wells Fargo*; 16-16362) |
| 08/18/19 | Respondent filed a Motion to Vacate the judgment on behalf of Brooke Noble, Kilgore's daughter and representative of the estate of Kilgore in *Kilgore v. Wells Fargo*, Case No. 1:12-CV-00899 before the Eastern District of CA (EDCA). On the caption of the motion, respondent identified herself and Leslie Westmoreland, Esq. as "Attorneys for Plaintiff, BROOKE NOBLE, representative Of the Estate of MARSHA KILGORE, deceased." | 004 | Motion to Vacate [Dkt #67] | PACER (*Kilgore v. Wells Fargo*; 1:12-CV-00899) |
| 08/28/19 | Respondent's six mo. actual suspension from her second discipline (Case No. 16-O-12958, et al.) became effective. | 002 | SC Order re Discipline in Case No. 16-O-12958, et al. | SBC |
| 09/09/19 | Counsel for Wells Fargo, Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, filed an Opposition to the Motion to Vacate.<br><br>In the Opposition, counsel raised the issue of respondent's suspension before the court, since to practice before EDCA, an attorney must be in good standing of the California State Bar. (Local Rule 180(a).) | 004 | Opposition to Motion to Vacate [Dkt #71] | PACER (*Kilgore v. Wells Fargo*; 1:12-CV-00899) |
| 12/23/19 | The court denied the Motion to Vacate on the merits and did not address the issue of respondent's UPL. | 004 | Order Denying Motion [Dkt #78] | PACER |

| | | | | |
|---|---|---|---|---|
| 11/09/20 | Plaintiff George Avalos filed suit against Felipe Gonzalez, Pritam Grewal, Manjeet K. Grewal, Dev S. Grewal, and DOE defendants before the EDCA in Case No. 1:20-cv-01578. In this lawsuit, Mr. Avalos alleged violations of the (1) the American with Disabilities Act (42 U.S.C. §12181 et seq.) and (2) Unruh Civil Rights Act (CA Civil Code § 51 et seq.) | 008 | Complaint [Dkt #1] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| 02/12/21 | Respondent sent letter to EDCA requesting two certificates of good standing. | 008 | Albert Declaration [Dkt #27] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| 02/19/21 | Respondent filed an Answer to the Complaint on behalf of Defendants Pritam Grewal, Manjeet K. Grewal, and Dev S. Grewal and identified herself and Leslie Westmoreland, Esq. on the caption as "Attorneys for Defendants…" (similar to caption above). | 008 | Answer to Complaint [Dkt #14] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| 03/02/21 | Respondent sent letter to Clerk of Court (Victoria Gonzales) regarding her suspended status. | 008 | Albert Declaration [Dkt #27] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| 03/03/21 | Clerk of Court (Roxanne Gonzalez) responded to email from respondent stating that her status was updated pursuant to L.R. 181 and cited the rule. | 008 | Albert Declaration [Dkt #27] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| | Respondent filed a letter to the court and requested permission to represent the defendants after she was unable to obtain a certificate of good standing from the clerk of the court of the EDCA because her license was suspended. | 008 | Albert Letter to Court [Dkt #15] Albert Declaration [Dkt #27] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| 03/05/21 | The court issued an order requiring respondent to show cause ("OSC") as to why her request for admission to the court should not be denied on the basis that she was not authorized to practice in the State of California, citing to Local Rule 180(a) and 180(b). | 008 | OSC [Dkt #16] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |

| | | | | |
|---|---|---|---|---|
| 03/19/21 | Respondent filed a response to the OSC, stating that she was admitted to practice before the EDCA on December 17, 2014, and that her status was changed (as a result of her CA suspension) without a court order or notice and opportunity to be heard. Respondent cited to *Theard v United States* (1957), 354 U.S. 278 in support of her position that she should still be permitted to practice before federal court despite suspension in California. | 008 | Albert Response to OSC [Dkt #22] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |
| 04/21/21 | Respondent was reinstated to practice of law in CA. | 038 | Albert Attorney Licensee Search | Member Records |
| 05/12/21 | The court discharged the OSC due to respondent's reinstatement and return to active status before the California State Bar. Respondent was reminded of her duty to notify the court of discipline imposed upon her pursuant to Local Rule 184. | 008 | Order Discharge OSC [Dkt #39] | PACER (*Avalos v. Gonzalez*; 1:20-cv-01578) |

## LIST OF ALL ATTACHMENTS

| ATTACH. NO(S). | DESCRIPTION OF DOCUMENT | DATE RECEIVED / ORIGIN |
|---|---|---|
| 1 | 001 Prior Discipline re Case No. 15-O-11311, et al. | SBC |
| 2 | 002 Prior Discipline re Case No. 16-O-12958, et al. | SBC |
| 3 | 003 Docket Report re *Kilgore v. Wells Fargo*; EDCA Case 1:12-cv-00899 | PACER |
| 4 | 004 Court Records from *Kilgore v. Wells Fargo*; EDCA Case 1:12-cv-00899 | PACER |
| 5 | 005 Docket Report re *Noble v. Wells Fargo*, Ninth Circuit Court of Appeal; Case Nos. 16-16362; 17-17294 [cons.] | PACER |
| 6 | 006 Court Records from *Noble v. Wells Fargo*, Ninth Circuit Court of Appeal; Case Nos. 16-16362; 17-17294 [cons.] | PACER |
| 7 | 007 Docket Report re *Avalos v. Gonzalez*, EDCA 1:20-cv-01578 | PACER |
| 8 | 008 Court Records from *Avalos v. Gonzalez*, EDCA 1:20-cv-01578 | PACER |
| 9 | 009 Docket Report re *Noble v. Wells Fargo*, EDCA 1:14 cv 01963 | PACER |
| 10 | 010 Complaint re *Noble v. Wells Fargo*, EDCA 1:14 cv 01963 | PACER |
| 11 | 011 30-2019-01089080 *Gilbert Bonnaire vs Dana Demerjian*.pdf | OCSC Online |
| 12 | 012 2021-05-11 Bar ltr to Albert re SBI 21 O 05360.pdf | Bar |
| 13 | 013 2021-05-17 Albert to Bar re Albert-Sheridan v Farfan (State Bar of California).pdf | Albert |
| 14 | 014 2021-05-23 Albert email att to Bar re Kent resp and UPL.pdf | Albert |

| | | |
|---|---|---|
| 15 | 015 2021-05-27 Albert Albert email 052721 to Bar re Accounting of all Investigations.pdf | Albert |
| 16 | 016 2021-05-28 Albert Chan email 052821 to Albert RE_ Lenore Albert SBN 210876.pdf | Bar |
| 17 | 017 2021-05-28 Albert email to Bar re will request TRO and or prelim injunction.pdf | Albert |
| 18 | 018 2021-05-28 Albert email att to Bar ex parte application 18-ap-01065-SC.pdf | Albert |
| 19 | 019 2021-06-17 David Seal email to the Bar re Albert.pdf | David Seal |
| 20 | 020 2021-07-07 Lenore Albert Attorney Admissions Search _ Central District of CA USDC.pdf | USDC |
| 21 | 021 2021-07-07 Lenore LuAnn Albert # 210876 - Attorney Licensee Search.pdf | Bar |
| 22 | 022 2021-07-07 Bar email to cacd attyadmin re Albert active status.pdf | Bar |
| 23 | 023 2021-07-08 Albert cacd attyadmin email to Bar re Albert active status.pdf | Central District |
| 24 | 024 Local Rules for the USDC Eastern District of California - Local Rules Effective 2-1-2019(3).pdf | Eastern District |
| 25 | 025 2021-09-10 Bar Ltr 091021 to Albert re 2nd letter.pdf | Bar |
| 26 | 026 2021-09-10 Albert email att to Bar re NDC State Bar 2020 - Status Report 09102021 for 2020.pdf | Albert |
| 27 | 027 2021-09-19 Albert email 091921 to Bar re Req for Ext to 100821.pdf | Albert |
| 28 | 028 2021-09-20 Bar email 092021 to Albert re ext to 100821.pdf | Bar |
| 29 | 029 2021-10-02 Albert Resp 2021 UPL Grewal and Paula Gilbert Bonnaire_T Scott Schales.pdf | Albert |
| 30 | 030 2021-10-04 Albert to Bar re Update on Open Investigations for 210876.pdf | Albert |
| 31 | 031 2021-10-04 Bar to Albert re Update on Open Investigations for 210876.pdf | Bar |
| 32 | 032 2021-10-14 Email to Respondent re UPL issues 10-14-2021.pdf | Bar |
| 33 | 033 17-17294 Docket.pdf | PACER |
| 34 | 034 18-80051 Docket.pdf | PACER |
| 35 | 035 18-80051 Binder1.pdf | PACER |
| 36 | 036 2021-12-06 Albert email att to Bar re 21-O-05360 Schales Loan.pdf | Albert |
| 37 | 037 2021-12-07 Bar email to Albert RE confirm receipt_ 21-O-05360 Schales Loan.pdf | Bar |
| 38 | 038 2022-02-09 Lenore LuAnn Albert # 210876 - Attorney Licensee Search.pdf | Bar |
| 39 | 039 2022-02-14 Albert Bar Ltr to Albert re Richters.pdf | Bar |
| 40 | 040 2022-02-14 Albert email to Bar re Repeating the Same Investigation is Harassment.pdf | Albert |
| 41 | 041 2022-02-18 Albert Eastern District of CA Attorney Lookup.pdf | Eastern District |
| 42 | 042 2022-02-24 Albert Wit Stmt Roxanne Gonzalez 1.pdf | Roxanne Gonzalez |
| 43 | 043 2022-02-28 Albert search Eastern District of CA - U.S.pdf | Eastern District |
| 44 | 044 2022-03-01 Albert Witness Stmt of Kamran Javandel 1.pdf | Kamran Javandel |
| 45 | 045 2022-03-02 Bar email to Roxanne Gonzalez re Albert status Eastern District.pdf | Bar |
| 46 | 046 2022-03-02 Roxanne Gonzalez email to Bar.pdf | Roxanne Gonzalez |

| 47 | 047 2022-03-04 Albert Memo Inv Calls to Wits.pdf | Bar |
| 48 | 048 2022-03-04 Albert Wit Stmt Dev Grewal.pdf | Dev Grewal |

## WITNESS INFORMATION

| WITNESS: | CONTACT INFORMATION: | RELEVANCE & ATTACH. NO. |
|---|---|---|
| Lenore LuAnn Albert | 31872 Joshua Dr, Apt 22C<br>Trabuco Canyon, CA 92679-3111<br>424-365-0741<br>lenalbert@interactivecounsel.com | Respondent |
| Leslie W. Westmoreland | Law Office of Leslie W. Westmoreland<br>1606 E. Griffith Way, Suite 5137<br>Fresno, CA 93704<br>559-970-6053<br>leslieww1@gmail.com | Co-Counsel with respondent; Employer of respondent under rule 5.3.1. |
| Brooke Noble | 6801 E. Nebraska Ave<br>Selma, CA 93662 | Non-Complaining Client represented by respondent while suspended |
| Leigh Otsuka Curran | Anglin Flewelling Rasmussen Campbell & Trytten LLP<br>301 N. Lake Avenue, Suite 1100<br>Pasadena, CA 91101<br>626-535-1900 (ext. 468)<br>lcurran@afrct.com | Counsel for Wells Fargo in *Kilgore v. Wells Fargo*, EDCA Case 1:12-cv-00899 |
| Roxanne Gonzalez | Robert E. Coyle Federal Courthouse<br>2500 Tulare Street, Room 1501<br>Fresno, CA 93721<br>559-499-5622<br>RGonzalez@caed.uscourts.gov | Operations Supervisor<br>Clerk of the Court, Eastern District of California |
| Joseph Manning | Manning Law, APC, 20062 SW Birch St, Ste 200, Newport Beach, CA 92660-1519<br>949-200-8755<br>joe@manninglawoffice.com | Counsel for George Avalos in Avalos vs. Gonzalez, EDCA Case 1:20-cv-01578 |
| Kamran Javandel | Allen Matkins<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111-4074<br>415-837-1515<br>kjavandel@allenmatkins.com | Counsel for Wells Fargo in *Kilgore v. Wells Fargo*, EDCA Case 1:12-cv-00899 |

## PRIOR DISCIPLINE

| DATE: | CASE NO. AND DISCIPLINE |
|---|---|
| June 28, 2018 | 15-O-11311 – 30 days actual suspension |
| August 28, 2019 | 16-O-12958 – six months actual suspension |

SB-001209
1146-9