| | |
|---|---|
| From: | Susan Bassi (gilroybassi@gmail.com) |
| To: | barcomm@calbar.ca.gov; William.Todd@calbar.ca.gov; LENALBERT@interactivecounsel.com; Vanessa.Holton@calbar.ca.gov |
| Cc: | robert.j.tennant.esq@gmail.com; michellebrenot@gmail.com; lherrick@scscourt.org; brada@scscourt.org; leahnicolegillis@gmail.com; Sylvia.Macdonald@ido.sccgov.org; jrosen@dao.sccgov.org; michael.rossi@cco.sccgov.org; cathal.conneely@jud.ca.gov; seisner@jamsadr.com; jmacgregor@longlevit.com; jmcmonigle@longlevit.com; corriganwright123@icloud.com; stephenjames.us@gmail.com; dai.wakabayashi@nytimes.com; tpeele@bayareanewsgroup.com; rsalonga@bayareanewsgroup.com; tbundy@revealnews.org; dsnyder@firstamendmentcoalition.org; info@davisvanguard.org; mldauber@gmail.com; DWalker@scscourt.org; drclyde007@gmail.com; brian@pakpourbanks.com; ladoris@judgecordell.com; michael_lazarin@yahoo.com; matthew.fisk@ceo.sccgov.org; robinyay@gmail.com; CMiller@alm.com; richard@roggialaw.com; vtarvin@mac.com |
| Date: | Wednesday, March 2, 2022 at 03:21 PM PST |

Dear Bar Communications, members of the press, government and private attorneys,

I am informed that an attorney is suing the bar for its recent breach of confidential information and I was sent a copy of this link:

https://interactivecounsel.com/state-bar-data-breach-investigation.html?fbclid=IwAR3wFOIWfcvV68dCKn78ln1g24UgBAq1hUjaWMWWeSoEEtJ3-uVJQ8aV6mY

Please be advised that I consider this communication a public record and distinguishable from any records the bar may seek to claim as investigative based on my complaints against individual attorneys including Jim Towery, Lisa Herrick, Sharon Roper, Ed Mills,  Jessica MacGregor, Joseph McMonigle, , Catherine Gallagher, Sheila Sonenshine, Gregory Dresser, Vanessa Holton, Suzanne Grandt, Nat Hales, Bradford Baugh, Richard Roggia, William Dresser, John Hannon,  Valerie Tarvin , John Ouderkirk, Nancy Perkovich, Christopher Melcher , Irwin Joseph , Sheri Eisner, James Cox, Sherrol Cassedy , Marjorie Slaubach , Carlos Martinez and Santa Clara County District Attorney, Jeff Rosen.

The purpose of this communication to prevent agents of the state bar of California from concealing evidence  relevant to this lawsuit and the vicarious liability associated with the bar's pattern and practices in handling public records, public meetings and private information, Copied on this email is the  state bar general counsel, Vanessa Holton, OTC attorney William Todd, and the attorneys I am informed are bringing a claim against the bar for a recent data breech of confidential records. Also copied, are reporters and journalists with the New York Times, San Jose Mercury , Electronic Frontier Foundation, First Amendment Coalition, and San Jose Spotlight, and other associates who are familiar with my work with regard to public records and meetings in the legal community. Blind copied are witnesses and sources whose identity should not be a matter of public record.

The information at risk of concealment by the bar that would evidence vicarious liability, negligence and a pattern of improper governmental activity prior to the 2022 admitted breech is as follows:

### 2015

While responding to a bar complaint lodged against private judge Nat Hales and divorce attorney Bradford Baugh, a bar investigator broke into my personal residence and left a backpack behind. Inspection of the backpack was conducted and revealed the contents of investigative notes, payroll stubs and bar memos related to the failing of the bar staff to properly and timely handle complaints against attorneys. Also contained in the backpack were the handwritten names, social security numbers and personal information of parties who had lodged complaints against attorneys.

I sent a sample of the records to the person who was noticed as the President of the state bar membership and was referred to state bar attorney Gregory Dresser. Mr. Dresser began to make repeated demands for the return of the backpack and its contents. I have emails and voice recordings that evidence his frequent and threatening communications.  The backpack was returned to the Santa Clara County Sheriff who came to my residence at 16498 Los Gatos Almaden Road in Los Gatos to obtain the backpack. Mr. Dresser was notified and is believed to have made arrangements for the backpack and its contents to be returned to the custody of the bar and its " investigative " agent. Records related to this incident would include internal communications, emails and communications with me.

In my capacity as a journalist, I reached out to the persons whose private information had been left in my home by the state bar investigator. All of the persons contacted informed me that they were never informed by the bar of a breach of their confidential and private information that the bar mishandled in relation to their " investigations" .

While investigating my complaints against private judge Nat Hales, and Bradford Baugh, state bar attorney Sheri McLetchie and Ben Charny made repeated inquires and collected information about my work as a publisher and journalist. Ultimately the bar issued confidential discipline against private judge Nat Hales , after being told the court had declared me vexatious based on Nat Hales' recommendation and the request of attorney Brad Baugh. Ms. McCletchie informed me that the misconduct of private judge Nat Hales did not make me eligible for the bar's victim compensation fund.

In this same year, as evidenced by the bar's 2/11/2022 production of public records, state bar General Counsel Vanessa Holton used public resources to arbitrate the employee matters involving Joe Dunn, and his whistleblower complaint at JAMS before an arbitrator, Edward Infante, with an admitted membership in an elite club, " The Family" that was formed by attorneys and men in the newspaper business who openly discriminated against women. Mr. Holden and Ms. Holton waived the conflict of discrimination and caused public funds to be used for this proceeding where the jurist had an admitted bias toward women and favored newspaper men.



**INVOICE**  VH 8

**Invoice Date** 01/12/16
**Invoice Number** 0003638238-100

To: Moez M. Kaba, Esq.
Hueston Hennigan LLP
523 W. 6th Street
Los Angeles, CA 90014-1217

Reference #: 1100083130   SBC
Billing Specialist: Glenn Mason
Email: gmason@jamsadr.com
Telephone: (949) 224-4654
Employer ID: 68-0542699

RE: Dunn, Joseph L., et al. vs. State Bar of California, et al.
Representing: Craig Holden, Esq.
Neutral(s): Hon. Edward Infante (Ret.)
Hearing Type: Arbitration
Rep# 4

| Date/Time | Description | Total Billed | Parties Billed | Your Share |
|---|---|---|---|---|
| 01/12/16 | Filing Fee | | | 600.00 |
| | Fees | | | 600.00 |
| 01/12/16 | Hon. Edward Infante (Ret.) Retainer Fees. To be applied to reading, research, preparation, etc. | 5,000.00 | 2 | 2,500.00 |

In 2016 the state bar became subject to the California's Public Records Act, and in 2018 records related to the state bar court were subject to production under Rule 10.500.

## 2017

On August 5, 2017, I made a records request pursuant to California's Public Records Act, for records related to Jim Towery 's employment at the bar, and records related to attorneys Barad Baugh and Nat Hales, after a whistleblower pointed me to information that required additionally newsgathering activity. Upon making the request, I was immediately contacted by Suzanne Grandt to clarify the records I was seeking. The contact with Ms. Grandt evidenced irregularities consistent with public employees engaging in retaliation, or seeking to surveille the work of journalists in a manner that poses a prior restraint on speech and the free press.

In producing records from this request, the state bar provided Jim Towery's home address and social security number. When the release was noticed I forwarded the production to my associates at the San Jose Mercury, Center of Investigative Reporting, New York Times, First Amendment Coalition, and others with whom I

collaborated on public records issues in association with the California Newspaper Publisher Association. I then notified the bar of the error and that as a publisher I was mindful of my obligation to protect private information.

Upon such notice, I was contacted by state bar attorney Suzanne Grant who drafted and repeatedly harassed me to sign an affidavit she knew was materially false. Around this same time, I was informed that Ms. Holton had notified Jim Towery of the bar's mistake, as he presided over my personal divorce case and had been the subject of four disqualification motions and the related writs .

During the time period I was assisting my attorneys in filing the 4th writ on James Towery's disqualification, Ms. Grandt was repeatedly calling me, interviewing me with other attorneys at the bar, and emailing me to sign a declaration she knew she had drafted improperly. This harassment interfered with the work that needed to be done in order to file a timely writ on August 6, 2017.

Ultimately the bar resent the records that were redacted for purposes of James Towery's information, but no other.

## 2018

In and around May 2018, I filed a complaint pursuant to the California's Supreme Court Administrative Antitrust Order asking the bar to investigate an appearance of antitrust activity in connection with private judging and other issues, which was promptly dismissed and ignored.

In November 2018, we filed an appeal of that dismissal with the CA Supreme Court, with service to the Attorney General and Vanessa Holton, General Counsel of the State Bar.

In and around December 2018, my associate and I attended a public meeting at the state bar in San Francisco, and observed the bar was violating the Brown Act and voting on issues in the absence of a quorum , which had to be pointed out by us. The judge and the lawyers present and, on the record, did not recognize or appear to understand the Brown Act.,

Subsequently , a request for access to records pursuant to Government Code 6253 was made. Request for access to public records was repeatedly denied and obstructed. The bar continued to obstruct our efforts to access public records up through and included during the 2020- 2021 pandemic.  There are numerous emails and communications held by the bar that would evidence this conduct, which deprived the Public Right to Know about the business of the bar, and the attorney discipline proceedings.

## 2019

Beginning in 2016, my associates and I began to make requests for records under Rule 10.500 related to cases moved from the public dockets to attorneys acting as private judges. Specifically we sought records pursuant to CRC 2.834 and 2.400. The bar produced no responsive records. 27 county courts had no such records  and Santa Clara County , which posted a partial list by attorney Sharon Roper, that omitted the personal divorce cases of Lisa Herrick and Jennifer Higgins Bradanini were omitted, as the lists were altered or concealed in violation of Government Code 6200.

In December 2019  an effort to  access these records in the JAMS offices where Catherine Gallagher worked, were obstructed.

These posting brought wider public and media attention to these issues, which the bar staff refused to address and the JAMS lawyers from Long and Levitt threatened to take down.

## 2021

In December 2021, my associates and I sought to access records in LA Superior Court , Orange County Superior Court , and in the associated JAMS offices where we were directed. My associates and I documented our efforts and posted videos of those efforts on my social media platforms including on Tik Tok, YouTube and Twitter.

As sampling of those links, monitored by lawyers and my associates in the press can be found here:

https://www.youtube.com/watch?v=D66AIuP0Rlk

https://www.youtube.com/watch?v=4owqpnn7N0A

Judges Lawyer Up Over Court Records - YouTube

https://www.tiktok.com/@susanbassi/video/7053090716762852654?is_copy_url=1&is_from_webapp=v1

https://www.tiktok.com/@susanbassi/video/7053879416979492142?is_copy_url=1&is_from_webapp=v1

## 2022

On February 11, 2022, two days after Vanessa Holton announced her July 2022 retirement, the bar produced records related to a December 3, 2021 CPRA request that produced records related to the Dunn arbitration, and to records related to the communications between judge James Towery and Vanessa Holton related to my 2017 request and the inadvertent releases of James Towery's private information.

Those records reveal that while presiding over my personal divorce case, and being notified that the bar had provided records related to his home address, and social security number, Jim Towery claimed I was " dangerous on multiple levels" as he additionally named state bar employees with whom he continued to have a " strong friendly relationship " .

Best,

Vanessa Holton

Vanessa L. Holton | General Counsel
Office of General Counsel
The State Bar of California | 180 Howard Street | San Francisco, CA 94105
415.538.2356 | Vanessa.Holton@calbar.ca.gov

> On Aug 28, 2017, at 5:09 PM, Jim Towery <​███​> wrote:
>
> Ms. Holton:
>
> As to your latter question, I only need to see one copy of the documents produced to Ms. Bassi. I don't believe that I have yet received the first production. However, I am doing all this on my phone, so it is difficult to track file attachments. Assuming the you have sent or will send me a complete set of the first production, I have no need to preapprove the redacted production.

1

> I am not an expert on the PRA, although I am inclined to disagree with you on whether the target is entitled to see proposed productions. However, I accept your offer to notify me if you conclude further documents pertaining to me require production.
>
> On a personal note, I have had strong friendly relationships with a number of your predecessors, including Diane Yu, Marie Moffett and Starr Babcock. I have no desire to get into a contentious relationship with you or the State Bar. I only want to protect my privacy from Ms. Bassi, whom I consider to be dangerous on a number of levels.
>
> Jim Towery
>
> Sent from my iPhone

Upon inspection of the records, it was determined that prior to the 2/11/2022 production the bar had altered and concealed records related to Ms. Holton's communications with Jim Towery. This caused me to have to have my lawyer, Robert J. Tennant, write a letter to Ms. Holton related to what appeared to be a willful act of concealing and altering public records, which is a criminal matter related to improper governmental activity and violation of Government Code 6200.

A link to Mr. Tennant's February 17, 2022 letter has been uploaded to document cloud and can be found here:

https://www.documentcloud.org/documents/21241482-california-state-bar-general-counsel-vanessa-holton-public-records-act-violations-alleged?responsive=1&title=1

A copy of Mr. Tennant's letter to Ms. Holton is also hereto attached.

### BAR DISCLOSES IMPROPER HANDLING OF CONFIDENTIAL RECORDS

Mr. Tennant's letter was sent express to Ms. Holton such that it would have arrived on February 18, 2022 , the Friday before a three-day weekend. A week later, in my capacity as an investigative reporter, and publisher, I received an email related to the bar's mishandling of records and private information that is the subject of the



**State Bar of California News Release**
For Immediate Release: February 26, 2022

Media Contact: Office of Communications | barcomm@calbar.ca.gov

**State Bar of California Addresses Breach of Confidential Data**

The State Bar announced today that it is taking urgent action to address a breach of confidential attorney discipline case data that it discovered on February 24. A public website that aggregates nationwide court case records was able to access and display limited case profile data on about 260,000 nonpublic State Bar attorney discipline case records, along with about 60,000 public State Bar Court case records. The site also appears to display confidential court records from other jurisdictions.

Under California Business and Professions Code 6086.1(b), all disciplinary investigations are confidential until the time that formal charges are filed, and all investigations are confidential until a formal proceeding is instituted.

**THE STATE BAR OF CALIFORNIA AND THE CHIEF JUSTICE HAVE NO DEFENSE**

For the past 10 years Susan Bassi, through her publishing business, Bassi Productions, and her personal experiences with the state's courts, state bar, and Commission on Judicial Performance, has made thousands of records requests that reveal the defects in court records managed by Tyler Technologies, and the Odyssey system. The records also reveal defects in the handling of records by attorneys acting as private judges who have repeatedly blocked public access to records in violation of state and federal law and failed to properly post notices of hearings and dockets in matters where a family law case was removed from public court to be heard before an attorney acting as a private judge, referee or Special Master in violation of California Rules of Court 2.834 and 2.400.

In her personal capacity Susan Bassi has complained of these issues directly to the Santa Clara County Board of Supervisors, the Santa Clara County District Attorney Jeff Rosen, and numerous individuals working for the state bar and the Commision on Judicial Performance. Emails and letters have been sent directly to the California Supreme Court Justice to the Chief Justice, and the Judicial Council, where the complaints were ignored.

Over 50 complaints were filed against individual attorneys, and the private businesses known as JAMS, ADR Services, and Signature Resolution, related to the improper handling of records and the obstruction of access to records and open proceedings before lawyers acting with judicial immunity and power, and the complaints were summarily dismissed by the state bar " intake " until and ignored by Mr. Todd Willaims, Ms. Suzanne Grandt, Ms. Leah Wilson, Mr. Sitton, Mr. Dresser. Ms. Sheri McCletchie and Ms. Vanessa Holton, along with others who refuse to provide their names.

In 2018 Susan Bassi , Pam Nudelman and Clyde Berg went to the Santa Clara County District Attorney and the Santa Clara County Board of Supervisors " Whistleblower " program with these issues in addition to filing an appeal on an antitrust determination the bar has summarily dismissed. The appeal was timely filed directly with the California Supreme Court, Attorney General's Office and copied to Ms. Holton at the state bar.  Complainants were repeatedly directed by the clerk of the Supreme Court to " call " and check on the status of the appeal, as the court was uncertain as to how it would be handled.

In 2020 Chief Justice Cantil Sakauye clerk informed me that there " was no record " of the appeal and they would not respond further to these issues.

Much like crime victims who face retaliation, gaslighting and victim shaming following a report of a sexual assault, white collar crime of domestic violence issue, journalists are familiar with retaliation associated with their public records requests and newsgathering activities. Retaliation related to the initial August 5, 2017 complaint , along with repeated requests for court records related to private judging , the court's Odyssey System and Tyler technologies has been swift , emotionally and financially devastating, and includes legal retaliation in a personal divorce case and a criminal prosecution brought on behalf of Santa Clara County District Attorney Jeff Rosen, who has charged and maintained a 4 year criminal prosecution in Santa Clara County against Susan Bassi for violating a local court rule and photographing a journalist on the administrative floor of the Santa Clara County Family Courthouse  on August 31, 2017 as he served a writ on the court's general counsel, Lisa Herrick, after James Towery struck  a disqualification motion that alleged Jim Towery had acted with bias toward a journalist and her associates in a personal divorce case.



Santa Clara County District Attorney, Jeff Rosen, who brought and maintained a criminal prosecution against Susan Bassi for the taking of  this photo in violation of a local court rule, has a close social, professional and financial relationship with Jim Towery that is known to have existed since Jim Towery interviewed and was hired to work in the Office of Chief Trial  Counsel at the state bar, where Joe Dunn's whistleblower complaint against James Towery is now sealed in the arbitration records Ms. Holton had arbitrated by JAMS , after Ms. Holton waived the conflicts of discriminatory conduct against women and newspaper publishers who are not a part of an elite San Francisco club, known as " The Family" .

1145-7



## CALIFORNIA ATTORNEY GENERAL COMPLICT

A 2018 records request to the Attorney General shows that no records exist to evidence the compliance with California Rules of Court 10.613 related to the 2017 rule for which Jeff Rosen has brought criminal charges. A material fact the AG failed to address in a recusal motion of the DAO after it was brought to the AG's attention that during the time period that the photo at the center of the criminal charges against Ms. Bassi were brought, Jeff Rosen's highest ranking prosecutors and Stanford Law Professor Michele Dauber sent over 500 emails with Stanford related to the Recall Campaign of Judge Persky, where Ms. Dauber , or her associates , took hundreds of photos in the courthouse , but was never criminally charged for the same court rule DA Rosen charged Susan Bassi with in 2017, after Jim Towery and Vanessa Holton called Susan Bassi dangerous in communications considered to be public record.

A link to the emails produced through a 2019 public records request, and related stipulation that indicates Mr. Rosen's role in the recall of a California Superior Court Judge, with public resources, can be found here: https://www.documentcloud.org/documents/6668450-Michele-Dauber-SCC-District-Attorney-Email.html

## CONCLUSION

Public records, investigative records and information in the public domain shows that the state bar acted recklessly, repeatedly failed to comply with California's Public Records Act and was negligent in the duty to protect the privacy of employees, agents, and witnesses seeking redress of the government in complaints against the state's licensed attorneys. In allowing the bar , and the very individuals who engaged in this conduct, to investigate these issues will deprive defendants and victims of due process and will continue to allow for waste of taxpayer funds , resulting in irreparable harm to the public and the state's court systems.

Attorneys working for the bar and paid with taxpayer dollars knew of the informal policies and procedures, unlawful conduct and flaws in the management of the state agency's records long before these issues were reported widely to the public in the form of a February 2022 press release, which is material to any state, federal or criminal investigation that may follow.

 Virus-free. www.avast.com

 2022-02-17-Bassi-Tennant-Bar Letter to Vanessa Holton.pdf
593.6kB