```
 1   STATE BAR OF CALIFORNIA
     OFFICE OF CHIEF TRIAL COUNSEL
 2   GEORGE S. CARDONA, No. 135439
     CHIEF TRIAL COUNSEL
 3   MELANIE J. LAWRENCE, No. 230102
     DEPUTY CHIEF TRIAL COUNSEL
 4   KELLY MCNAMARA, No. 214997
     ASSISTANT CHIEF TRIAL COUNSEL
 5   CINDY CHAN, No. 247495
     SUPERVISING ATTORNEY
 6   845 South Figueroa Street
     Los Angeles, California 90017-2515
 7   Telephone: (213) 765-1292
```

**FILED** 48

**4/29/2022**

**STATE BAR COURT**
**CLERK'S OFFICE**
**LOS ANGELES**

**Public Matter**

STATE BAR COURT

HEARING DEPARTMENT - LOS ANGELES

| In the Matter of: | ) Case No. **SBC-22-O-30348** |
|---|---|
| LENORE LUANN ALBERT, State Bar No. 210876, | ) NOTICE OF DISCIPLINARY CHARGES ) (OCTC Case No. 21-O-05360) |
| An Attorney of the State Bar. | ) |

<u>NOTICE - FAILURE TO RESPOND!</u>

IF YOU FAIL TO FILE A WRITTEN ANSWER TO THIS NOTICE WITHIN 20 DAYS AFTER SERVICE, OR IF YOU FAIL TO APPEAR AT THE STATE BAR COURT TRIAL:

(1) YOUR DEFAULT WILL BE ENTERED;

(2) YOUR STATUS WILL BE CHANGED TO INACTIVE AND YOU WILL NOT BE PERMITTED TO PRACTICE LAW;

(3) YOU WILL NOT BE PERMITTED TO PARTICIPATE FURTHER IN THESE PROCEEDINGS UNLESS YOU MAKE A TIMELY MOTION AND THE DEFAULT IS SET ASIDE, AND;

(4) YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE. SPECIFICALLY, IF YOU FAIL TO TIMELY MOVE TO SET ASIDE OR VACATE YOUR DEFAULT, THIS COURT WILL ENTER AN ORDER RECOMMENDING YOUR DISBARMENT AND MAY RECOMMEND THE IMPOSITION OF MONETARY SANCTIONS WITHOUT FURTHER HEARING OR PROCEEDING. (SEE RULES PROC. OF STATE BAR, RULES 5.80 ET SEQ. & 5.137.)

-1-

The State Bar of California alleges:

JURISDICTION

1. Lenore LuAnn Albert ("respondent") was admitted to the practice of law in the State of California on December 5, 2000. Respondent was a licensed attorney at all times pertinent to these charges, and is currently a licensed attorney of the State Bar of California.

COUNT ONE
Rules of Professional Conduct, rule 3.4(f)
[Knowingly Disobeying Rules of a Tribunal]

2. Respondent was admitted to practice before the United States District Court, Eastern District of California on or about December 17, 2014. Pursuant to the local rules of the Eastern District of California ("the Court"), admission to and continuing membership in the bar of the Court is limited to attorneys who are active members in good standing of the State Bar of California and attorneys admitted to practice before the Court must promptly notify the Court of any change in status in any other jurisdiction that would make the attorney ineligible for membership in the bar of the Court or ineligible to practice before the Court.

3. Respondent failed to promptly notify the Court of disciplinary action imposed by the California Supreme Court with regards to State Bar Case Nos. 15-O-11311, 15-O-11708, and 15-O-12260 [consolidated] and State Bar Case Nos. 16-O-12958 and 16-O-10548 [consolidated], which resulted in her suspension, effective June 2018 and August 2019, respectively, and thus made her ineligible to practice before the Court at least as early as June 2018, in willful violation of Rules of Professional Conduct, rule 3.4(f).

COUNT TWO
Business and Professions Code section 6068(a)
[Failure to Comply With Laws – Unauthorized Practice of Law]

4. In or around August 2019, respondent held herself out as entitled to practice law and actually practiced law when respondent was not an active member of the State Bar by committing the following acts in violation of Business and Professions Code sections 6125 and 6126, and thereby willfully violated Business and Professions Code section 6068(a):

-2-

1  (a) Providing legal services and rendering legal advice to a client, Brooke Noble, a resident of California, regarding the matter *Marsha Kilgore v. Wells Fargo Bank*, Case No. 1:12-CV-00899 ("*Kilgore v. Wells Fargo*"), pending before the United States District Court, Eastern District of California, wherein the matter involved allegations of various causes of actions including fraud and deceit in violation of California Civil Code § 1572 and forgery in violation of California Penal Code § 470;

(b) Preparing and filing a motion to vacate the judgment entered in *Kilgore v. Wells Fargo* on behalf of Ms. Noble on August 18, 2019 and identifying herself, along with attorney Leslie Westmoreland, as "Attorneys for Plaintiff, BROOKE NOBLE," on the document.

COUNT THREE
Rules of Professional Conduct, rule 5.5(a)
[Unauthorized Practice of Law in Other Jurisdiction]

5. Respondent was admitted to practice before the United States District Court, Eastern District of California on or about December 17, 2014. Pursuant to the local rules of the Eastern District of California ("the Court"), admission to and continuing membership in the bar of the Court is limited to attorneys who are active members in good standing of the State Bar of California and attorneys admitted to practice before the Court must promptly notify the Court of any change in status in any other jurisdiction that would make the attorney ineligible for membership in the bar of the Court or ineligible to practice before the Court.

6. Respondent was actually suspended and ineligible to practice law between on or about June 28, 2018 and April 21, 2021, as a result of disciplinary action imposed by the California Supreme Court with regards to State Bar Case Nos. 15-O-11311, 15-O-11708, and 15-O-12260 [consolidated] and State Bar Case Nos. 16-O-12958 and 16-O-10548 [consolidated], and thus she was ineligible to practice before the Court during said time period in accordance with the Court's local rules.

7. On or about August 18, 2019, respondent practiced law before the United States District Court, Eastern District of California by filing a motion to vacate the judgment entered in *Marsha Kilgore v. Wells Fargo Bank*, Case No. 1:12-CV-00899 on behalf of Ms. Noble and

-3-

identifying herself, along with attorney Leslie Westmoreland, as "Attorneys for Plaintiff, BROOKE NOBLE," on the document, when respondent was not entitled to practice law before the Court at the time of the filing as a result of her suspension, in willful violation of the Rules of Professional Conduct, rule 5.5(b).

COUNT FOUR
Business and Professions Code section 6068(a)
[Failure to Comply With Laws – Unauthorized Practice of Law]

8. In or around February 2021, respondent held herself out as entitled to practice law and actually practiced law when respondent was not an active member of the State Bar by committing the following acts in violation of Business and Professions Code sections 6125 and 6126, and thereby willfully violated Business and Professions Code section 6068(a):

(a) Providing legal services and rendering legal advice to defendants Pritam Grewal, Manjeet K. Grewal, and Dev S. Grewal (collecitvely "the Grewals") regarding the matter *George Avalos v. Felipe Gonzalez, et al.*, Case No. 1:20-cv-01578 ("*Avalos v. Gonzalez*"), pending before the United States District Court, Eastern District of California, in which Mr. Avalos alleged violations of the American with Disabilities Act (42 U.S.C. §12181 et seq.) and Unruh Civil Rights Act (CA Civil Code § 51 et seq.) with regards to property located in California that was owned by the Grewals;

(b) Drafting the attorney-client fee agreement regarding the representation of the Grewals in *Avalos v. Gonzalez*; and

(c) Preparing and filing an answer on behalf of the Grewals on February 19, 2021 in response to the complaint filed in *Avalos v. Gonzalez* and identifying herself, along with attorney Leslie Westmoreland, as "Attorneys for Defendants," on the document.

COUNT FIVE
Rules of Professional Conduct, rule 5.5(a)
[Unauthorized Practice of Law in Other Jurisdiction]

9. Respondent was admitted to practice before the United States District Court, Eastern District of California on or about December 17, 2014. Pursuant to the local rules of the Eastern

-4-

1  District of California ("the Court"), admission to and continuing membership in the bar of the
2  Court is limited to attorneys who are active members in good standing of the State Bar of
3  California and attorneys admitted to practice before the Court must promptly notify the Court of
4  any change in status in any other jurisdiction that would make the attorney ineligible for
5  membership in the bar of the Court or ineligible to practice before the Court.

6  10. Respondent was actually suspended and ineligible to practice law between on or
7  about June 28, 2018 and April 21, 2021, as a result of disciplinary action imposed by the
8  California Supreme Court with regards to State Bar Case Nos. 15-O-11311, 15-O-11708, and 15-
9  O-12260 [consolidated] and State Bar Case Nos. 16-O-12958 and 16-O-10548 [consolidated],
10 and thus she was ineligible to practice before the Court during said time period in accordance
11 with the Court's local rules.

12 11. On or about February 19, 2021, respondent practiced law before the United States
13 District Court, Eastern District of California by filing an answer on behalf of the Grewals in
14 response to the complaint filed in *George Avalos v. Felipe Gonzalez, et al.*, Case No. 1:20-cv-
15 01578 and identifying herself, along with attorney Leslie Westmoreland, as "Attorneys for
16 Defendants," on the document, when respondent was not entitled to practice law before the Court
17 at the time of the filing as a result of her suspension, in willful violation of the Rules of
18 Professional Conduct, rule 5.5(b).

19

20                           COUNT SIX
                Business and Professions Code section 6106
21         [Knowingly Engaging in the Unauthorized Practice of Law]

22 12. In or around February 2021, respondent held herself out as entitled to practice law
23 and actually practiced law when respondent knew that she was not an active member of the State
24 Bar and thus not eligible to practice law in either California or before the United States District
25 Court, Eastern District of California, by committing the following acts, and thereby committed
26 acts involving moral turpitude, dishonesty or corruption in willful violation of Business and
27 Professions Code section 6106:
28

1        (a) Providing legal services and rendering legal advice to defendants Pritam Grewal, Manjeet K. Grewal, and Dev S. Grewal (collecitvely "the Grewals") regarding the matter *George Avalos v. Felipe Gonzalez, et al.*, Case No. 1:20-cv-01578 ("*Avalos v. Gonzalez*"), pending before the United States District Court, Eastern District of California, in which Mr. Avalos alleged violations of the American with Disabilities Act (42 U.S.C. §12181 et seq.) and Unruh Civil Rights Act (CA Civil Code § 51 et seq.) with regards to property located in California that was owned by the Grewals;

      (b) Drafting the attorney-client fee agreement regarding the representation of the Grewals in *Avalos v. Gonzalez*; and

      (c) Preparing and filing an answer on behalf of the Grewals on February 19, 2021 in response to the complaint filed in *Avalos v. Gonzalez* and identifying herself, along with attorney Leslie Westmoreland, as "Attorneys for Defendants," on the document.

13. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Respondent is charged with knowingly engaging in the unauthorized practice of law. However, should the evidence at trial demonstrate that respondent held herself out as entitled to practice law and actually practiced law when respondent was grossly negligent in not knowing that she was not eligible to practice law in either California or before the United States District Court, Eastern District of California, respondent must still be found culpable of violating section 6106 because engaging in the unauthorized practice of law through gross negligence is a lesser included offense of knowingly engaging in the unauthorized practice of law.

**NOTICE - INACTIVE ENROLLMENT!**

**YOU ARE HEREBY FURTHER NOTIFIED THAT IF THE STATE BAR COURT FINDS, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6007(c), THAT YOUR CONDUCT POSES A SUBSTANTIAL THREAT OF HARM TO THE INTERESTS OF YOUR CLIENTS OR TO THE PUBLIC, YOU MAY BE INVOLUNTARILY ENROLLED AS AN INACTIVE ATTORNEY OF THE STATE BAR. YOUR INACTIVE ENROLLMENT WOULD BE IN ADDITION TO ANY DISCIPLINE RECOMMENDED BY THE COURT.**

**NOTICE - COST ASSESSMENT!**

**IN THE EVENT THESE PROCEDURES RESULT IN PUBLIC DISCIPLINE, YOU MAY BE SUBJECT TO THE PAYMENT OF COSTS INCURRED BY THE STATE BAR IN THE INVESTIGATION, HEARING AND REVIEW OF THIS MATTER PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.10.**

**NOTICE – MONETARY SANCTION!**

**IN THE EVENT THIS MATTER RESULTS IN ACTUAL SUSPENSION, DISBARMENT, OR RESIGNATION WITH CHARGES PENDING, YOU MAY BE SUBJECT TO THE PAYMENT OF A MONETARY SANCTION NOT TO EXCEED $5,000 FOR EACH VIOLATION, TO A MAXIMUM OF $50,000 PER DISCIPLINARY ORDER, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.13. SEE RULE 5.137, RULES OF PROCEDURE OF THE STATE BAR OF CALIFORNIA.**

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL

DATED: April 28, 2022        By: /s/ Cindy Chan
Cindy Chan
Supervising Attorney

Case 8:25-cv-00647-JLS-DFM   Document 134-15   Filed 10/28/25   Page 8 of 8   Page
                                    ID #:5752
Case 2:24-mc-00117-KJM   Document 5-13   Filed 04/03/24   Page 8 of 8

# DECLARATION OF SERVICE

**CASE NUMBER(s): 21-O-05360**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## NOTICE OF DISCIPLINARY CHARGES

☐ **By U.S. First-Class Mail: (CCP §§ 1013 and 1013(a))**

☒ **By U.S. Certified Mail: (CCP §§ 1013 and 1013(a))**
- in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☐ **By Overnight Delivery: (CCP §§ 1013(c) and 1013(d))**
- I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission: (CCP §§ 1013(e) and 1013(f))**
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below. No error was reported by the fax machine that I used. The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service: (CCP § 1010.6 and Rules of Proc. of State Bar, rule 5.26.2)**
Based on rule 5.26.2, a court order, or an agreement of the parties to accept service by electronic transmission, I caused the above-named document(s) to be transmitted by electronic means to the person(s) at the electronic address(es) listed below. If there is a signature on the document(s), I am the signer of the document(s), I am the agent of, or I am serving the document(s) at the direction of, the signer of the document(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to: *(see below)*

☒ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.: 9414 7266 9904 2171 4016 43   at Los Angeles, addressed to: *(see below)*

☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.:   addressed to: *(see below)*

| Person Served | Business Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| LENORE L. ALBERT | Law Offices of Lenore Albert<br>1968 S. Coast Hwy # 3960<br>Laguna Beach, CA 92651-3681 | Electronic Address | |

☐ via inter-office mail regularly processed and maintained by the State Bar of California addressed to:

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS'). In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED: April 28, 2022          SIGNED: *[signature]*
                                        SANDRA BIRD
                                        Declarant