

| | |
|---|---|
| The State Bar *of California* | **OFFICE OF CHIEF TRIAL COUNSEL** |

845 S. Figueroa Street, Los Angeles,   213-765-1498  peter.klivans@calbar.ca.gov

*Via Electronic Delivery to the Court Clerk*

May 8, 2024

The Honorable Richard A. Honn
Presiding Judge
The State Bar Court of California
845 S. Figueroa Street
Los Angeles, CA  90017-2515

      Re:    *In the Matter of Lenore Luann Albert*; Case No. SBC-22-O-30348
             **Request for Publication of Opinion filed on March 11, 2024**

Your Honor:

The Office of Chief Trial Counsel of the State Bar of California respectfully requests that the Review Department publish its March 11, 2024, Opinion in *In the Matter of Lenore Luann Albert.*

In the *Albert* Opinion, the Review Department found that Albert engaged in the unauthorized practice of law (UPL) in federal district court in California, in violation of California statutes and Rules of Professional Conduct and the federal court's local rules. The Review Department found that Albert acted with willful blindness in not notifying the federal court of her California suspension and inactive status. Based on these facts, the Review Department found culpability under California Rules of Professional Conduct, rules 3.4(f) and 5.5(a)(1) and Business and Professions Code sections 6068, subdivision (a) [sections 6125 and 6126], and 6106.

Rule 5.159(E) of the Rules of Procedure of the State Bar of California lists the criteria by which the Review Department may designate an opinion for publication.  Rule 5.159(E) states:

    By majority vote, the Review Department may designate for publication an opinion which:

    (1)    Establishes a new rule, applies an existing rule to a set of facts significantly different from those stated in published opinions, or modifies, or criticizes with reasons given, an existing rule;

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

140

The Honorable Richard A. Honn
May 8, 2024
Page 2

    (2)    Resolves or creates an apparent conflict in the law;

    (3)    Involves a legal issue of continuing interest to the public generally and/or members of the State Bar, or one which is likely to recur;

    (4)    Makes a significant contribution to legal literature by collecting and analyzing existing case law on a particular point or by reviewing or interpreting a statute or rule; or

    (5)    Makes a significant contribution to the body of disciplinary case law by discussing the appropriate degree of discipline based on a set of facts and circumstances materially different from those stated in published opinions.

The State Bar submits that the *Albert* Opinion meets the criteria for publication listed in sections (E) (3), (4), and (5) above.

First, the *Albert* Opinion interprets and applies rule 3.4(f) of the California Rules of Professional Conduct 3.4(f), which states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Rule 3.4(f) took effect on November 1, 2018; before that there was no counterpart in the prior rules of professional conduct. (*See* Comment to rule 3.4(f).) In light of its relatively recent adoption, there is no published California case law on rule 3.4(f). The *Albert* Opinion would establish jurisprudence on rule 3.4(f), and provide guidance on what actions constitute a violation. On this basis alone, publication would make a significant contribution to the body of disciplinary case law.

In addition, the *Albert* Opinion adds significantly to the body of disciplinary case law concerning willful blindness. Although other cases, such as *In the Matter of Carver* (Review Dept. 2016) 5 Cal. State Bar Ct. Rptr. 427, discuss willful blindness in the context of UPL, the *Albert* Opinion involves acts and circumstances materially different from those stated in prior published opinions. In *Carver*, the attorney evaded service and was willfully blind to his inactive status. Here, by contrast, Albert was aware of her inactive status in California, as well as the applicable district court's local rules, but acted with willful blindness to the fact that the rules called for automatic reciprocal suspension. The Review Department found that Albert evasively "skirted around her State Bar status" in order to conceal her knowledge of the rules and her California disciplinary suspension from the federal court. (Opinion, pp. 25-26.) The *Albert* Opinion thus highlights the importance of complying with local court rules regarding eligibility to practice law when appearing in federal court; being prompt, frank, and forthright with the federal court about

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

141

The Honorable Richard A. Honn
May 8, 2024
Page 3

any changes in status to practice law in California; and the consequences of furtive or evasive conduct in this regard.

Finally, the Review Department's discussion of Business and Professions Code section 6125 and what constitutes UPL in California provides helpful guidance in situations where a federal or foreign tribunal is geographically located in California (e.g., federal court, bankruptcy court, tax court, patent and trademark office, Native American Indian tribunals). Notably, the Review Department did not find that Albert violated section 6125 in the *Kilgore* litigation, but did find that she violated section 6125 in the *Avalos* litigation, where Albert engaged in out-of-court settlement discussions in the forum state. The Review Department's distinction between Albert's activities in *Kilgore* and *Avalos* is helpful to understand at what point an attorney goes beyond holding himself or herself out as eligible to practice law in violation of section 6126 and actually practices law in California in violation of section 6125.

Based on the forgoing, the Office of Chief Trial Counsel respectfully requests that this Court designate the *Albert* Opinion for publication.

Respectfully submitted,

Peter Klivans
Trial Counsel

cc:    Lenore Luann Albert, respondent in pro per
       (Via U.S. mail & e-mail)

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

142

# DECLARATION OF SERVICE

**CASE NUMBER(s)**: SBC-22-O-30348

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, max.carranza@calbar.ca.gov, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## REQUEST FOR PUBLICATION OF OPINION FILED ON MARCH 11, 2024

☒ **By U.S. First-Class Mail:** (CCP §§ 1013 and 1013(a))

☐ **By U.S. Certified Mail:** (CCP §§ 1013 and 1013(a))
- in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☐ **By Overnight Delivery:** (CCP §§ 1013(c) and 1013(d))
- I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission:** (CCP §§ 1013(e) and 1013(f))
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below. No error was reported by the fax machine that I used. The original record of the fax transmission is retained on file and available upon request.

☒ **By Electronic Service:** (CCP § 1010.6 and Rules of Proc. of State Bar, rule 5.26.2)
Based on rule 5.26.2, a court order, or an agreement of the parties to accept service by electronic transmission, I caused the above-named document(s) to be transmitted by electronic means to the person(s) at the electronic address(es) listed below. If there is a signature on the document(s), I am the signer of the document(s), I am the agent of, or I am serving the document(s) at the direction of, the signer of the document(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to: *(see below)*

☐ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.: _____ at Los Angeles, addressed to: *(see below)*

☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.: _____ addressed to: *(see below)*

| Person Served | Business Address | Electronic Address | Courtesy Copy to: |
|---|---|---|---|
| LENORE LUANN ALBERT | Lenore L. Albert<br>Law Offices of Lenore Albert<br>1968 S Coast Hwy # 3960<br>Laguna Beach, CA 92651-3681 | lenalbert@interactivecounsel.com | |

☐ via inter-office mail regularly processed and maintained by the State Bar of California addressed to:

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS'). In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED: May 8, 2024         SIGNED: _____
                                   Max Carranza
                                   Declarant