1

STATE BAR COURT

HEARING DEPARTMENT - LOS ANGELES

IN THE MATTER OF            )
                            )
                            )
LENORE LUANN ALBERT         )  CASE NOS. 15-0-11311
                            )            15-0-11708
NO. 21086                   )            15-0-12260
                            )
_____)

THE HONORABLE YVETTE ROLAND, JUDGE PRESIDING

TRANSCRIPT OF PROCEEDINGS

JULY 7, 2016

APPEARANCES OF COUNSEL:

FOR THE STATE BAR:    SHERELL MCFARLANE
            AND
            MIA ELLIS
            ATTORNEYS AT LAW

FOR MS. ALBERT:    LENORE LUANN ALBERT, ESQUIRE

PROCEEDINGS TRANSCRIBED FROM AUDIO RECORDING BY STACIE SKOTARCZYK, CSR 7211

STACIE SKOTARCZYK, RMR, CSR # 7211

2

1   LOS ANGELES, CALIFORNIA - JULY 7, 2016

2   MORNING SESSION

3   * * * *

4   (THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT:)

5   THE COURT: WE ARE ON THE RECORD NOW IN THE

6   MATTER OF LENORE LUANN ALBERT, CASE NUMBERS 15-0-11311,

7   15-0-11708, AND 15-0-12260.

8   COUNSEL, PLEASE MAKE YOUR APPEARANCES FOR THE

9   RECORD.

10   MS. MCFARLANE: GOOD MORNING, YOUR HONOR.

11   CHERYL MCFARLAND, STATE BAR.

12   THE COURT: GOOD MORNING, MISS MCFARLANE.

13   MR. ELLIS: GOOD MORNING, YOUR HONOR. MIA

14   ELLIS, STATE BAR.

15   THE COURT: GOOD MORNING, MISS ELLIS.

16   MS. ALBERT: GOOD MORNING, YOUR HONOR.

17   LENORE ALBERT RESPONDENT.

18   THE COURT: GOOD MORNING, MISS ALBERT. OKAY.

19   I HAVE RECEIVED THIS MORNING TWO MOTIONS IN

20   LIMINE FILED BY MISS ALBERT. MOTION IN LIMINE NUMBER 1

3    A. I DO NOT, BUT I BELIEVE IT WAS

4    THE COURT: JUST A MINUTE. I'M SORRY TO

5  INTERRUPT YOU, BUT IT SEEMS THAT WE ARE, AGAIN, GOING

6  DOWN THE PATH OF ATTEMPTING TO CHALLENGE THE VALIDITY OF

7  THE ORDER RENDERING THE SANCTIONS. AND WE'RE NOT GOING

8  TO DO THAT.

9    MS. ALBERT: OKAY.

10    Q. MISS NEEDS, ISN'T IT TRUE THAT YOUR MOTIONS TO

11  COMPEL WERE ACTUALLY DENIED BY THIS COURT AND YOU TURNED

12  AROUND AND FILED A MOTION TO COMPEL FURTHER RESPONSES,

13  AND THAT WAS THE ORDER THAT THE JUDGE AGREED TO SANCTION

14  ME ON?

15    A. I AM NOT -- MY RECOLLECTION ISN'T ENTIRELY

16  CERTAIN. HOWEVER, I REMEMBER THAT THERE WERE MOTIONS

17  FILED. IT IS MY RECOLLECTION THAT YOU THEN FILED, THAT

18  THE RESPONDENT IN THIS ACTION THEN FILED SUPPLEMENTAL

19  RESPONSES THAT WERE INSUFFICIENT, THUS LEADING TO THE

20  FILING OF THE MOTIONS TO COMPEL FURTHER RESPONSES, WHICH

21  IN THE END LED TO THE SANCTIONS ORDERS AT ISSUE HEREIN.

22    Q. AND THOSE REQUESTS FOR FURTHER RESPONSES WERE

23  WITHIN FIVE DAYS, CORRECT?

24    MS. MCFARLANE: OBJECTION. RELEVANCE.

25    THE COURT: HOW IS THAT RELEVANT, MISS ALBERT?

26    MS. ALBERT: IT IS MITIGATING, IT'S MITIGATION.

        STACIE SKOTARCZYK, RMR, CSR # 7211

1  IT WOULD BE MITIGATION.

2     Q.  HOW MANY INTERROGATORIES -- I'LL BACK UP.

3        THE COURT:  OKAY.  WE'RE NOT GOING TO GO DOWN

4  THIS PATH.  IT SOUNDS AS THOUGH YOU ARE, AGAIN,

5  ATTEMPTING TO REARGUE THE VALIDITY OF THE SANCTIONS

6  ORDER.

7        MS. ALBERT:  WELL, I BELIEVE THAT THE STATE BAR

8  PROSECUTION OPENED UP THE DOOR.  THEY DIDN'T LIMIT WHAT

9  THEY WERE ASKING HER TO TESTIFY TO SIMPLY TO THE NOTICE

10  OF ENTRY OF JUDGMENT.

11        INSTEAD, THEY COMPILED THIS THREE-INCH STACK OF

12  MOTIONS AND OPENED UP THE DOOR BY HAVING MISS NEEDS

13  TESTIFY TO CERTAIN THINGS IN THESE PAPERS THAT SHE FILED,

14  AND WHETHER SHE FILED THEM, AND WHEN SHE FILED THEM, AND

15  WHY SHE FILED THEM.

16        SO IT SEEMS THAT I WOULD HAVE EQUAL OPPORTUNITY

17  ON CROSS TO CROSS-EXAMINE HER ON THOSE SAME ISSUES:  WHEN

18  SHE ACTUALLY FILED THEM, WHO WAS REPRESENTED, WHY SHE

19  FILED THEM, AND WHAT SHE FILED.

20        THE COURT:  YOU KNOW, AT THE VERY OUTSET, I

21  EXPLAINED TO YOU AND TO STATE BAR THAT THE ISSUES THAT WE

22  WERE GOING TO ADDRESS IN THIS HEARING ARE ONLY THE ISSUES

23  THAT RELATE TO THESE SPECIFIC CHARGES.  OKAY?

24        WE'RE NOT GOING TO GET INTO WHETHER OR NOT THE

25  JUDICIAL OFFICERS WHO ORDERED THE SANCTIONS DID SO WITH

26  YOU HAVING SUFFICIENT NOTICE.

6         THE COURT: THE SANCTIONS THAT IS.

7    Q. BY MS. ALBERT: ISN'T IT TRUE THAT THE SANCTIONS

8  THAT WERE ORDERED WERE FOR ATTORNEY'S FEES IN THE HELEN

9  KOSHAK MATTER?

10         MS. MCFARLANE: OBJECTION. THE ORDERS SPEAK FOR

11  THEMSELVES.

12         THE COURT: OVERRULED.

13         THE WITNESS: I BELIEVE THAT THE SANCTIONS THAT

14  WERE, THAT ARE AT ISSUE ARE FOR THE ABUSE OF THE

15  DISCOVERY PROCESS, AS PROVIDED UNDER THE CIVIL DISCOVERY

16  ACT. THAT THEY ARE NOT FOR ATTORNEY'S FEES; THEY ARE FOR

17  VIOLATION OF THE CIVIL DISCOVERY ACT.

18    Q. BY MS. ALBERT: ISN'T IT TRUE THAT YOU FILED A

19  DECLARATION SAYING THAT THESE WERE THE REASONABLE

20  ATTORNEY'S FEES THAT WERE INCURRED? YOU DID NOT FILE A

21  DECLARATION SAYING THAT THIS WAS WHAT YOU WERE ASKING FOR

22  PUNITIVE DAMAGES?

23         MS. MCFARLANE: OBJECTION. RELEVANCE. COUNSEL

24  IS TRYING TO LITIGATE THE VALIDITY OF THE SANCTIONS.

25         THE COURT: SUSTAINED.

26    Q. BY MS. ALBERT: WAS THE WAIVER YOU RECEIVED FROM

          STACIE SKOTARCZYK, RMR, CSR # 7211

143

1  YOUR CLIENTS ORAL OR WRITTEN?

2         MS. MCFARLANE: OBJECTION, RELEVANCE.

24        (EVENING ADJOURNMENT.)

25

26

        STACIE SKOTARCZYK, RMR, CSR # 7211

173

1  STATE OF CALIFORNIA. )
              ) SS.
2  COUNTY OF ORANGE    )

3

4      REPORTER'S CERTIFICATE

5

6

7    I, STACIE SKOTARCZYK, CSR NO. 7211, COURT

8  REPORTER IN AND FOR THE STATE OF CALIFORNIA, DO HEREBY

9  CERTIFY:

10     THAT SAID AUDIO RECORDING WAS TAKEN DOWN BY ME

11  IN SHORTHAND AND THEREAFTER REDUCED TO TYPEWRITING

12  THROUGH COMPUTER-AIDED TRANSCRIPTION;

13     THAT SAID AUDIO TRANSCRIPTION IS A TRUE,

14  CORRECT, AND COMPLETE TRANSCRIPT OF SAID PROCEEDINGS

15  TAKEN TO THE BEST OF MY ABILITY.

16     DATED AT FULLERTON, CALIFORNIA, THIS 1ST DAY OF

17  AUGUST, 2016.

18

19       _____
           STACIE SKOTARCZYK, CSR NO. 7211
20        OFFICIAL COURT REPORTER