**The State Bar of California**

845 South Figueroa Street, Los Angeles, CA 90017    https://calbarca.nextrequest.com/

August 22, 2025

<u>Via State Bar's CPRA Portal</u>

Lenore Albert
lenalbert@interactivecounsel.com


Dear Lenore Albert:

I write on behalf of the State Bar of California (State Bar), in response to your public records request pursuant to the California Public Records Act, Government Code section 7920 et seq. (CPRA) dated July 14, 2025. On July 24, 2025, the State Bar responded in full to Request numbers 4, 5, 6, and 8. The State Bar also produced its first set of responsive records in response to Request numbers 1 and 7 and indicated that its diligent search for responsive records remained ongoing for Request numbers 2 and 3, and that it anticipated producing responsive documents in response to these requests, as well as additional records in response to Request numbers 1 and 7, if any, on or before August 6, 2025.

On August 6, 2025, the State Bar responded in full to Request number 7 and indicated that its diligent search for responsive records remained ongoing for Request numbers 1, 2, and 3, and that it anticipated producing responsive documents, if any, on or before August 22, 2025 The State Bar now responds below.

Request no. 1:
All policies, procedures, or protocols in effect from 2008 to present relating to the retention, access, dissemination, and destruction of investigatory files, confidential materials, or litigation-related exhibits maintained by the Office of Chief Trial Counsel (OCTC).

Response to Request no. 1:
After a diligent search, the State Bar was unable to locate additional nonexempt records responsive to this request.

Records have been withheld pursuant to Government Code section 7922.000, which exempts records from public disclosure if, on the specific facts, "the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record."

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Lenore Albert
August 22, 2025
Page 2

This includes, without limitation, records that reveal the deliberative process of decision-makers, as set forth in *Times Mirror Co. v. Superior Court* (1991) 53 Cal. 3d 1325; *Rogers v. Superior Court* (1993) 19 Cal. App. 4th 469; *California First Amendment Coalition v. Superior Court* (1998) 67 Cal. App. 4th 159. In this instance, disclosure would reveal important details regarding the State Bar's procedures to investigate misconduct and protect the public. Moreover, disclosure of the records would reveal important details regarding the State Bar's information technology systems and thus undermine the State Bar's security. Disclosure would significantly undermine the State Bar's public protection functions. Therefore, the public interest in nondisclosure clearly outweighs the public interest in disclosure.

Request no. 2:
The documents showing the steps and organization structure showing the steps one needs to take to obtain documents from a confidential state bar investigation file where no public disciplinary charges were filed.

Request no. 3:
All internal memoranda, guidelines, or procedures describing the authorization process required for OCTC staff to retrieve confidential files from closed or archived cases, including whether the file must be connected to:
•   An open disciplinary matter,
•   A formal re-investigation,
•   Or any other internal review process.

Response to Request nos. 2-3:
Attached are the non-exempt records responsive to these requests.

The State Bar has withheld records, in whole or in part, pursuant to Government Code section 7922.000, which exempts records from public disclosure if, on the specific facts, "the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." This includes, without limitation, records that reveal the deliberative process of decision-makers, as set forth in *Times Mirror Co. v. Superior Court* (1991) 53 Cal. 3d 1325; *Rogers v. Superior Court* (1993) 19 Cal. App. 4th 469; *California First Amendment Coalition v. Superior Court* (1998) 67 Cal. App. 4th 159. In this instance, disclosure would reveal details regarding the State Bar's procedures to investigate misconduct and protect the public. Accordingly, disclosure would significantly undermine the State Bar's public protection functions. Therefore, the public interest served by not disclosing these records clearly outweighs the public interest served by their disclosure

Pursuant to Government Code section 7922.540, subdivision (b), the name and position of the person responsible for the denial of any of these requests is Joel Kim, Assistant General Counsel in the State Bar's Office of General Counsel. Please contact the State Bar if you need assistance with narrowing or clarifying the scope of your requests.

Sincerely,

Public Records Coordinator
The State Bar of California



**OFFICE OF CHIEF TRIAL COUNSEL**

Date: November 13, 2020 (revised as of May 4, 2023)

To: All Office of Chief Trial Counsel (OCTC) Staff

From: George S. Cardona, Chief Trial Counsel

Subject: Policy Directive 2020-04
Access to Archived Complaints

## INTRODUCTION

Prior to July 2020, OCTC staff had unrestricted access to a licensee's full complaint history, including complaints closed without discipline or an alternative to discipline. Beginning in 2019, the State Bar commissioned studies on race and attorney discipline. Those studies made multiple findings, including that disciplinary outcomes vary depending on an attorney's race, that African American male attorneys are the subject of more complaints, and that, even where an OCTC attorney is unaware of the race of the respondent, the prior complaint history may become a proxy for race, which could unconsciously exacerbate disparities.

In July 2020, the Board of Trustees (BOT), pending further study of the issue and implementation of a method to reduce or eliminate disparities in the discipline system, adopted a resolution that, "OCTC should implement an interim reform that prior, closed complaints more than five-years old should not ordinarily be considered in evaluating and investigating a new complaint, with exceptions permitted based on a written showing to an attorney at the level of Assistant Chief Trial Counsel or higher within the Office of Chief Trial Counsel." The BOT specifically exempted from the resolution matters "resolved with a warning letter, directional letter, resource letter or agreement in lieu of discipline."

In March 2023, in light of OCTC policy changes regarding its use of resource letters and admonition letters to resolve complaints, the BOT modified its July 2020 directive to include in those closed complaints and reportable actions subject to archiving those "resolved with a resource letter" and exempt from archiving those complaints and reportable actions "resolved with a directional letter, warning letter, admonition, or agreement in lieu of discipline, or those resulting in the imposition of discipline." The BOT also confirmed that exceptions to the

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Policy Directive 2020-04
November 13, 2020 (revised as of May 4, 2023)
Page 2

archiving policy may include the following at the discretion of OCTC: (1) closed complaints and reportable actions will not be archived if the lawyer has been disbarred or resigned; and (2) closed complaints and reportable actions that otherwise meet the five-year criteria for archiving while the lawyer has another pending case in the Office of Chief Trial Counsel in the investigation or prefiling stage or in the State Bar Court will not be archived until the case pending in the Office of Chief Trial Counsel in the investigation or prefiling stage or in the State Bar Court is resolved.

## STATEMENT OF NEW POLICY

Effective November 13, 2020, complaints closed without discipline, warning letters, directional letters, resource letters, or agreements in lieu of discipline will be "archived" in the Odyssey case management system after five years have elapsed from the case origin date or from the case reopen date, if applicable.

Effective May 4, 2023, complaints closed with resource letters will also be "archived" in the Odyssey case management system after five years have elapsed from the case origin date or from the case reopen date, if applicable. As a result, effective May 4, 2023, complaints closed without discipline, warning letters, directional letters, admonitions, or agreements in lieu of discipline will be "archived" in the Odyssey case management system after five years have elapsed from the case origin date or from the case reopen date, if applicable.

Exceptions to the archiving policy include: (1) cases will not be archived if the attorney has been disbarred or resigned; and, (2) closed cases that meet the five-year criteria while the respondent has another pending case in Investigation, Prefiling, or in State Bar Court will not be archived until the case in Investigation, Prefiling, or State Bar Court is closed.

Except for staff and situations identified in the attached Appendix, OCTC staff will not have access to archived complaints. Staff shall not access archived complaints through the legacy AS400 case management system.

Policy Directive 2020 - 04 – Appendix – November 13, 2020

