Orange County Sheriff Department
Support Service Division
320 N. Flower St.
Santa Ana, CA 92703
Fax: 714-834-5466



# REQUEST AUTHORIZATION FORM
## RELEASE OF CASE INFORMATION

**NAME** NORMAN KOSHAK
**ADDRESS** 2100 E. HOWELL AVE #211
**CITY** ANAHEIM    **STATE** CA    **ZIP** 92806

**DATE** 04/22/2013
**CASE #** 13-061001

**PHONE** 714-394-6679
**INSURANCE REQUEST NUMBER**
**INVOLVEMENT** INFORMANT

**REQUESTOR'S SIGNATURE**   See attachment

---

**BELOW SECTION TO BE COMPLETED BY ORANGE COUNTY SHERIFF PERSONNEL**

**RECORDS SIGNATURE** cabralescl
**FEE $** 0.15    **CHECK #**    **RECEIPT #** 929847
**REQUEST:** Approved    **PAID BY:** Cash

*Document(s) released:*

- ☑ Initial Crime Report
- ☐ Initial Crime Rpt Supplemental
- ☐ Deputy Follow Up
- ☐ Initial Follow Up
- ☐ Traffic Accident
- ☐ CHP180
- ☐ TC Property Damage
- ☐ Property Report
- ☐ Casualty Report
- ☐ Supplemental DV Report
- ☐ CAD Report
- ☐ Other _____

- ☐ Fees returned   0.00
- ☐ Released pursuant to Family Code Section 6228
- ☐ Released pursuant to Welfare and Institutions Code section 827
- ☐ Released pursuant to Vehicle Code section 20012
- ☐ Released pursuant to Court Authorization and Penal Code Section 1203.097(a)(7)(B)
- ☐ Other:

**Authorized Signature** Connie Cabrales    **Request ID** 000000000047337
**Mailed** ☑    **Pick Up** ☐    **Date** 04/23/2013    **By** cc

REC 2 (Rev. 6/2009)

| 1. COPIES TO: Unincorporated North Patrol / Orange | | 2. CASE NO. 13-061001 |
|---|---|---|

**SHERIFF'S DEPARTMENT**
**ORANGE COUNTY**
**SANTA ANA, CALIFORNIA**

PRIORITY: ☐ Yes
☒ No

ORIGINAL

3. ☐ INITIAL NON-CRIMINAL
4. ☐ INITIAL-CRIMINAL
5. ☐ FOLLOW-UP CRIMINAL
6. ☐ CONTINUATION REPORT NO.

**SANDRA HUTCHENS, SHERIFF-CORONER**

**FOLLOW-UP REPORT**

| 7. OFFENSE | 8. LOCATION OF OCCURRENCE | |
|---|---|---|
| Possible 484(a) Theft/Embezzle Property | 10675 Orange Park, Orange CA 92869 | |
| 9. VICTIM/INFORMANT | 10. DATE AND TIME OF OCCURRENCE | 11. GRID |
| Koshak, Norman (2-15-44) | Between 5-2-05 and 12-1-12 | 800F1/215 |

12. DETAILS OF OFFENSE:

On 04-03-13, at approximately 0730 hours, I was dispatched to 10675 Orange Park, Orange reference a possible fraud report. Upon arrival, I spoke with Norman Koshak (2-15-44) who told me the following:

Koshak is currently involved in a civil lawsuit with Gary Schneider (NFD) reference the value of his home located at 10675 Orange Park, see Orange County Superior Case #30-2013-00634404. Schneider was the owner of the loan company when Koshak purchased his home. The loan company is no longer in existence. On 5-2-05, Koshak signed the second page of a two page document stating the value of the loan on his residence was in the amount of $222,383.33 (two hundred and twenty two thousand, three hundred and eighty three dollars and thirty three cents).

On 12-1-12, Koshak was reviewing the documents in the court file and noticed the value of the loan on the face page had been changed to $863,906.25 (eight hundred and sixty three thousand, nine hundred and six dollars and twenty five cents).

Koshak hired a private forensic document expert, Michael Gryzik (NFD) who works for the Southwest Association of Forensic Document Examiners; 15209 Starbuck, Whittier CA 90603. Gryzik informed Koshak that the documents were, without a doubt, a fraud. Koshak was informed by his attorney to obtain a police report.

I collected and inspected the two documents and they looked identical. The only difference on the two documents was the value of the loan amount. I booked the two documents into the Sheriff's Santa Ana Evidence Locker.

| INVESTIGATING OFFICERS | REPORT BY Dep. B. Scott #2406 | DATE OF REPORT 4/3/13 | APPROVED |
|---|---|---|---|

PAGE 1 OF 1

ML

| TO (Name and Address): | LEVYING OFFICER (Name and Address): |
|---|---|
| Norman Koshak, Helen Koshak<br><br>10675 S. Orange Park Blvd.<br><br>Orange, CA 92869 | Orange County Sheriff's Office<br>Sheriff's Civil Division<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701 |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Orange County Superior Court<br>700 CIVIC CENTER DRIVE WEST<br>SANTA ANA, CA 92701<br>Central Justice Center | (714) 569-3700<br>Fax: (714) 569-2368<br><br>California Relay Service Number<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>10675 S Orange Park Boulevard, LLC, a California Limited Lia<br>DEFENDANT:<br>Norman Koshak, et al | COURT CASE NO.:<br><br>30-2012-00568954 |
| **Eviction Restoration Notice** | LEVYING OFFICER FILE NO.:<br>2013511705 |

To: Evicted Tenants, Property Owners, Their Agents and The Local Police:

By virtue of a Writ of Execution for Possession of Real Property, the following property was restored to the landlord on:

| Eviction Date: | June 25 2013 |
|---|---|
| Eviction Address: | 10675 S. Orange Park Blvd.<br>Orange, CA 92869 |

Pursuant to Penal Code Sections 419 and 602, and judgment debtor, any persons removed by the Sheriff or Marshal, or any person not authorized by the landlord, who enters the real property after eviction, may be subject to arrest.

Pursuant to California Civil Procedure sections 715.010(b)(3) and 715.030, all personal property left on the premises has been turned over to the landlord. The landlord is responsible for the safe keeping of tenant's property for fifteen (15) days from the date of eviction. The landlord may charge a reasonable fee for removal and storage of the property. However, upon demand of the tenant, the landlord must return the tenant's property if the tenant pays all costs incurred by the property owner for storage and maintenance. If the costs are not paid by the tenant and the tenant does not take possession of the property left behind before the end of the fifteen (15) day period, the landlord may either sell the property at public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), if the property is valued at less than $700.00, the landlord may dispose of the property or retain it for his own use. (1174 CCP)



Date: 06 25 13

Sandra Hutchens
Sheriff-Coroner

By: _____ 6058
Sheriff's Authorized Agent

CPM Form 8.33
07/09/2008 (Revised)

EX 27

174681

**SHERIFF-CORONER DEPARTMENT
COUNTY OF ORANGE**

☐ P.O. Box 449, Santa Ana, CA 92702
☐ 11 Journey, Aliso Viejo, CA 92656
☐ 100 Ave. Presidio, San Clemente, CA 92672

Should additional information develop concerning your losses, please send this information, in writing, to the address indicated above. Please include your name, address and this Case #_____.
To assist us in recovering your property, please submit a detailed description to include the following information: item, quantity, serial and model numbers, color, special identifying marks or characteristics and the value. Tuesday 6-25-13 / 1630 Hrs.

SANDRA HUTCHENS, SHERIFF-CORONER

By Deputy J. Nolan #990

F0680-226 (R1/10)

Jennifer needs took files off the Property

# Michael P. Gryzik
**Forensic Document Examiner**
15209 Starbuck Street
Whittier, CA 90603
Telephone/Fax (562) 693-1793

## DECLARATION

I, Michael P. Gryzik, declare as follows:

1. If called upon to testify as to any matter stated herein, I could and would competently do so as to my own personal knowledge.

2. I am a Forensic Document Examiner in private practice. Up until my retirement in July of 2010, I was the Forensic Document Examiner with the Orange County Sheriff's Department for a period of twenty-five (25) years. Prior to that, I was the Forensic Document Examiner with the Los Angeles Police Department for a period of six (6) years. During my career, I have examined tens of thousands of cases involving hundreds of thousands of documents and have given testimony in excess of 300 occasions in all levels of courts in both Los Angeles and Orange Counties. Attached hereto as Exhibit A and incorporated herein is my Curriculum Vitae.

3. I have been requested by Ms. Lenore L. Albert, Attorney At Law, to examine and inter-compare the initials (appearing on page 2) and the Koshak signatures and dates (appearing on page 3) contained on ASSIGNMENT OF NOTE SECURED BY A DEED OF TRUST labeled DEFENDANT'S EXHIBIT NO. 3 and on ASSIGNMENT OF NOTE SECURED BY A DEED OF TRUST labeled DEFENDANT'S EXHIBIT NO. 20. These two items are designated Q1 and Q2 respectively.

- 1 -

EX 25

4. When the items Q1 and Q2 writings are inter-compared, several factors were considered in the examination process. Some of the factors considered include, but not limited to, the formation of letter or letter combinations, the sequence of writing strokes, the beginning and terminal strokes, proportion, etc.

5. When these two sets of writings were inter-compared, sufficient agreement was noted throughout these two sets of writings which indicated the item Q2 writings are an exact duplicate of the item Q1 writings. Because items Q1 and Q2 are machine copies, it could not be determined which item, if any, is the source document.

6. Since a person never writes exactly the same way twice, normally prepared writing will contain variation. Between the Q1 and Q2 writings, variation is absent.

7. ATTACHMENT I was prepared to display the Q1 and Q2 sets of writings and to show how the two sets of writings are exactly alike. These writings were enlarged for ease of viewing. A transparency (or overlay) was prepared of item Q1 (Exhibit No. 3 Assignment) and placed on top of the item Q2 writings.

8. It should be noted that when the items to be examined are all machine copies, limitations are imposed. Some of these limitations include:

   a. Subtle details that are significant in evaluating handwriting may be obscured.

   b. Copy quality can vary and distortion may occur.

   c. It is not known whether or not the copied item accurately depicts the original item.

9. Should any testimony be anticipated or should another examination be desired, it is recommended that this examiner be provided an opportunity to examine the originals, if available, of the submitted machine-copied documents prior to the appearance.

I declare under penalty of perjury under the laws of the State of California that the foregoing to be true and correct.

Executed on June 26, 2013 at Whittier, Los Angeles County, California.

_____
Michael P. Gryzik, Declarant

ATTACHMENT 1

# QUESTIONED

*[signature]*

**EXHIBIT NO. 3**
147% Enlargement

...rights to accelerate shall be effective unless it is in writing.

*[signature]*
NORMAN KOSHAK - Borrower/Date

*[signature: Helen Koshak]*
HELEN KOSHAK - Borrower/Date

5/2/05
- Borrower/Date

5/2/06
- Borrower/Date

**EXHIBIT NO. 3**
147% Enlargement

**EXHIBIT NO. 20**
150% Enlargement

Loan No : 050404    Date : <u>04/26/2005</u>,   <u>LAKE FOREST</u>, California

<u>10675 S ORANGE PARK BOULEVARD, ORANGE, CA 92869</u> - Property Address

### 1. BORROWER'S PROMISE TO PAY

In Return for a loan that I have received, I promise to pay U.S. <u>Eight hundred Fifty-Five thousand exactly ($855,000.00)</u> (this amount will be called "principal"), plus interest, to the order of SEE EXHIBIT "A", (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

### 2. INTEREST

I will pay interest at a yearly rate as described in Section 3 below.
Interest will be charged on unpaid principal until the full amount of principal has been paid.
I also agree to pay interest at the rate described in Section 3 below on the prepaid finance charges which are a part of the principal.

### 3. PAYMENTS

My payments are <u>XX</u> Interest Only  Fully Amortized  Other
I will make payments each month as follows:

| Number of Payments | Payment Start Date | Interest Rates | Payment Amounts |
|---|---|---|---|
| 59 | 07/01/2005 | 12.500% | $8,697.92 |
| 1 |  | % | $222,383.33 |
|  |  | % | $ |
|  |  | % | $ |
|  |  | % | $ |
|  |  | % | $ |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on 07/01/2010 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.
I will make my payments payable to FIRST COASTAL MORTGAGE 23361 EL TORO ROAD SUITE 212 LAKE FOREST CA, 92630 or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge of Overdue Payments** If I do not pay the full amount of each monthly payment by the end of <u>10</u> calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be <u>10.00%</u> of my overdue payment or U.S. $5.00, which ever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default**
If I do not pay the full amount of each monthly payment due under this Note by the date stated in Section 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

### 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows: N/A

### 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 7. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these

EXHIBIT "A"

NEIL H. LEVENTHAL AND JODY LEE LEVENTHAL, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN 28.070% DIVIDED INTEREST AND LINCOLN TRUST COMPANY TRUSTEE FBO GARY A. SCHNEIDER SEP IRA # 60653095 AS TO AN 3.509% DIVIDED INTEREST AND LINCOLN TRUST COMPANY TRUSTEE FBO FRANCIS B. LANTIERI SEP IRA #0600000065811 AS TO AN 16.374% DIVIDED INTEREST AND HY STOLIER, TRUSTEE OF THE HY STOLIER TRUST DATED MAY 2, 2001 AS TO AN 14.035% DIVIDED INTEREST AND JERRY SNYDER AND CONNIE SNYDER, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN 16.959% INTEREST AND EDWARD C. RHODES AND VALERIE C. RHODES, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN 8.772% DIVIDED INTEREST AND E AND M MAGEE TRUST DATED 04/12/2002 AS TO AN 8.772% DIVIDED INTEREST AND CHERYL KIGGINS, A SINGLE WOMAN AS TO AN 3.509% DIVIDED INTEREST.



8. **THIS NOTE IS SECURED BY DEED OF TRUST**

In addition to the protection given the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

_____
NORMAN KOSHAK - Borrower/Date

_____
HELEN KOSHAK - Borrower/Date

6/2/05
_____
- Borrower/Date

6/2/05
_____
- Borrower/Date


# ASSIGNMENT OF NOTE
# SECURED BY A DEED OF TRUST

Date:_____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to _____, all beneficial interest under the within Note, without recourse, and Deed of Trust securing same.

_____

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

NOTE.DOC

*Michael Scott — Gary Schwarz*

# NOTE SECURED BY A DEED OF TRUST

*Koshak 2v2*

Loan No : 050404

Date : 04/26/2005,   LAKE FOREST, California

10675 S ORANGE PARK BOULEVARD, ORANGE, CA 92869 - Property Address

**DEFENDANT'S EXHIBIT NO. 20 FOR IDENTIFICATION DATE: 10/8 RPTR: SC**

Q2

1. **BORROWER'S PROMISE TO PAY**
   In Return for a loan that I have received, I promise to pay U.S. Eight hundred Fifty-Five thousand exactly ($855,000.00) (this amount will be called "principal"), plus interest, to the order of SEE EXHIBIT "A", (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

2. **INTEREST**
   I will pay interest at a yearly rate as described in Section 3 below.
   Interest will be charged on unpaid principal until the full amount of principal has been paid.
   I also agree to pay interest at the rate described in Section 3 below on the prepaid finance charges which are a part of the principal.

3. **PAYMENTS**
   My payments are XX Interest Only   Fully Amortized   Other
   I will make payments each month as follows:

| Number of Payments | Payment Start Date | Interest Rates | Payment Amounts |
|---|---|---|---|
| 59 | 07/01/2005 | 12.500% | $8,906.25 |
| 1 |  | % | $863,906.25 |
|  |  | % | $ |
|  |  | % | $ |
|  |  | % | $ |
|  |  | % | $ |

   I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on 07/01/2010 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.
   I will make my payments payable to FIRST COASTAL MORTGAGE 23361 EL TORO ROAD SUITE 212 LAKE FOREST CA, 92630 or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

4. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   (A) Late Charge of Overdue Payments  If I do not pay the full amount of each monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.00% of my overdue payment or U.S. $5.00, which ever is more. I will pay this late charge only once on any late payment.
   In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.
   (B) Default
   If I do not pay the full amount of each monthly payment due under this Note by the date stated in Section 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
   (C) Payment of Note Holder's Costs and Expenses
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

5. **BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

   Some of those conditions are described as follows: N/A

6. **BORROWER'S WAIVERS**
   I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

7. **RESPONSIBILITY OF PERSONS UNDER THIS NOTE**
   If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these



EXHIBIT "A"

NEIL H. LEVENTHAL AND JODY LEE LEVENTHAL, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN 28.070% DIVIDED INTEREST AND LINCOLN TRUST COMPANY TRUSTEE FBO GARY A. SCHNEIDER SEP IRA # 60653095 AS TO AN 3.509% DIVIDED INTEREST AND LINCOLN TRUST COMPANY TRUSTEE FBO FRANCIS B. LANTIERI SEP IRA #0600000065811 AS TO AN 16.374% DIVIDED INTEREST AND HY STOLIER, TRUSTEE OF THE HY STOLIER TRUST DATED MAY 2, 2001 AS TO AN 14.035% DIVIDED INTEREST AND JERRY SNYDER AND CONNIE SNYDER, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN 16.959% INTEREST AND EDWARD C. RHODES AND VALERIE C. RHODES, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN 8.772% DIVIDED INTEREST AND E AND M MAGEE TRUST DATED 04/12/2002 AS TO AN 8.772% DIVIDED INTEREST AND CHERYL KIGGINS, A SINGLE WOMAN AS TO AN 3.509% DIVIDED INTEREST.



thing Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

8. **THIS NOTE IS SECURED BY A DEED OF TRUST**

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

_____
NORMAN KOSHAK - Borrower/Date

_____
HELEN KOSHAK - Borrower/Date

6/2/05
- Borrower/Date

6/2/05
- Borrower/Date

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date:_____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to _____, all beneficial interest under the within Note, without recourse, and Deed of Trust securing same.

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

NOTE DOC

# Michael P. Gryzik
**Forensic Document Examiner**
15209 Starbuck St.
Whittier, CA 90603
Telephone/Fax (562) 693-1793

## CURRICULUM VITAE

Exhibit A

### EXPERIENCE - CIVIL:

August, 1983 - Present:

    Private practice in forensic document examination primarily in Los Angeles and Orange Counties.

### EXPERIENCE - CRIMINAL:

August 1984 - July 2010:

    Forensic Scientist III
    Orange County Sheriff-Coroner Department
    Forensic Science Services, Questioned Document Section
    Santa Ana, California

    Duties and responsibilities include the examination and comparison of questioned handwritings and hand printings to determine authorship and/or origin; the detection of alterations, additions, obliterations, and inter-lineations; the examination of mechanical and/or chemical erasures; the examination of machine-produced documents; advise and/or provide training in the proper methods of obtaining exemplar handwritings; the preparation of charts and displays for use as court exhibits; provide expert testimony; and lecture on topics related to Questioned Documents to civic, legal, and law enforcement communities.

August 1978 - August 1984:

    Examiner of Questioned Documents
    Los Angeles Police Department
    Scientific Investigation Division, Questioned Document Section
    Los Angeles, California

    Duties and responsibilities similar to those described above.

June 1976 - August 1978:

    Police Technician Trainee
    Los Angeles Police Department
    Scientific Investigation Division, Questioned Document Section
    Los Angeles, California

    On-the-job training that included textbook instruction coupled with casework analysis under the direct supervision of Mr. Keith (Woody) L. Woodward, Senior Document Examiner.

    During this career, tens of thousands of examinations have been conducted involving hundreds of thousand of documents.

## EDUCATION:

1. Degree:

    Bachelor of Science, Criminology, Long Beach State University, 1971.

2. Additional Education:

    **FEDERAL BUREAU OF INVESTIGATION**, Training Academy, Quantico, Virginia.

    a. Survey of Questioned Documents - 1977.

    b. Fundamentals of Document Examinations for Laboratory Personnel - 1984.

    c. International Symposium on Questioned Documents - 1985.

    **FBI & NEW YORK STATE POLICE FORENSIC INVESTIGATION CENTER**, Albany, New York.

    a. The 2nd International Symposium On The Forensic Examination of Questioned Documents - 1999.

3. Specialized Training Courses in Forensic Document Examination:

    a. Recognition of Characteristics Of Writing Instruments & Writing Inks workshop - 1996.

    b. Canon Photocopied and Facsimile Training workshop - 2000.

    c. Special Topics in Questioned Documents - 2000.

## COURT QUALIFICATIONS:

Testimony has been given in Municipal, Superior, Federal and in Civil Courts in both Los Angeles and Orange Counties and in Orange County Juvenile Court. Appearances have also been made before the Grand Jury in Los Angeles, Orange and Riverside Counties and appearances have been made before Police Review Trial Boards, U. S. Military Court, and before various other administrative boards.

During this career, testimony has been given in excess of 300 occasions. However, this figure does not reflect the number of times the opinion has been stipulated to and read into court records.

## TEACHING ACTIVITIES:

1. Instructor, INTRODUCTION TO FORENSIC SCIENCES, UCI Extension, university of California, Irvine, 1990 to 2005.

2. Instructor, CRIME ANALYSIS & FORENSIC STUDIES, University Extended Education, California State University Fullerton, 1996 to 2005.

3. Instructor, ADVANCED FORGERY/FRAUD INVESTIGATION course, P.O.S.T. 1998.

## PROFESSIONAL AFFILIATIONS:

1. Southwestern Association of Forensic Document Examiners, Charter Member since 1981.

2. American Academy of Forensic Sciences, Associate Member, 1986 to 2009.

3. American Board of Forensic Document Examiners, Inc., Diplomate, Certificate #171, 1980 to 2005.

## TECHNICAL PRESENTATIONS:

"Differentiation of Inks Through Laser Technology," presented at the FBI International Symposium on Questioned Documents, 1985.

- 3 -